MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
THEODORE J. PINTAR (131372)
STEVEN W. PEPICH (116086)
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
     - and -
ALBERT H. MEYERHOFF (54134)
355 South Grand Avenue, Suite 4170
Los Angeles, CA  90071
Telephone:  213/617-9007
213/617-9185 (fax)
     - and -
NANCY M. JUDA
1100 Connecticut Avenue, N.W.
Suite 730
Washington, DC  20036
Telephone:  202/822-6762
202/828-8528 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAUL VELIZ, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>CINTAS CORPORATION, an Ohio corporation; PLAN ADMINISTRATOR for Cintas Partners' Plan; and DOES 1-25, inclusive,<br><br>                              Defendants. | No. C-03-1180-SBA<br><br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES (1) CLASS ACTION FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT, CALIFORNIA LABOR CODE, THE COLORADO WAGE ACT, THE CONNECTICUT WAGE AND HOUR ACT, ILLINOIS MINIMUM WAGE LAW, INDIANA MINIMUM WAGE LAW OF 1965, MICHIGAN MINIMUM WAGE LAW, MISSOURI WAGE AND HOUR LAW, NEW JERSEY MINIMUM WAGE AND HOUR LAW, AND THE NEW YORK MINIMUM WAGE ACT; AND (2) REPRESENTATIVE CLAIM AND CLASS ACTION FOR UNFAIR AND UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§17200, *et seq.*<br><br>DEMAND FOR JURY TRIAL |

On behalf of themselves, all others similarly situated, and the general public, plaintiffs allege as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiffs are customer service representatives who have worked long unpaid overtime hours for Defendant Cintas Corporation ("Cintas"), delivering products to Cintas customers in California and different parts of the United States.  Cintas has deliberately chosen to misclassify Plaintiffs as "exempt" employees for the purpose of federal and state overtime law, in order to reap windfall profits of millions of dollars per year that Cintas would owe if Cintas properly paid Plaintiffs for all overtime hours at the legally-mandated overtime rates.

2.      Plaintiffs Paul Veliz, James White, Mark Chainuck, Jeff Jay, Tade L. Wasmer, Aaron M. Zadnik, Bobby C. Hodge, Noel Lloyd, Kelly Smith, Earl G. Woods Jr., Wayne Edwards, Wilfredo Huertas Jr., Amber Kelly, Derek Samuels, Samuel Williams, Tom Jamarillo, John Cruz, Bryan Cruse, Julian Nazareth, and Mark Fragola (collectively "Plaintiffs") bring this action against Defendant Cintas and Defendant Plan Administrator of Cintas Partners' Plan ("the Plan").  Plaintiffs bring these claims individually and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and individually and as a class action under Fed. R. Civ. P. 23(b)(3) and applicable state labor laws, on behalf of current and former Cintas employees who worked as Service Sales Representatives, Commission Route Salespersons, Commission Route Sales Representatives, Route Drivers and other persons performing a service and/or delivery function on a non-hourly basis (hereinafter "Service Sales Representatives" or "Class Members"), none of which positions are exempt from the overtime provisions of the FLSA or the respective wage and hour laws of the states in which Plaintiffs are or have been employed.  Class Members have worked for Cintas in facilities throughout the United States.

3.      Plaintiffs allege on behalf of themselves and all similarly-situated Service Sales Representatives that Cintas unlawfully classified Plaintiffs as exempt from overtime payments under federal and state laws and/or failed and refused to pay overtime premiums to Plaintiffs and members of the Plaintiff Class for all overtime worked, notwithstanding that Plaintiffs and members of the Plaintiff Class are not and have not been exempt and are and have been entitled to overtime pay, for

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                          - 1 -

1   overtime worked, and further that Cintas failed to record and maintain time records as required by

2   law.  Plaintiffs also allege that Defendants violated the Employment Retirement Security Act of

3   1974 ("ERISA"), 29 U.S.C. §§1001, *et seq.*, by failing to record and maintain accurate records and

4   by failing to credit service as required under ERISA.  In addition, the Plaintiffs who have worked

5   in California allege that Defendants' unlawful failure to pay overtime, to pay wages when due, to

6   maintain proper records and to credit services as required under state and federal law, constitute

7   unlawful business practices in violation of California's Unfair Competition Act, Business &

8   Professions Code §§17200, *et seq.*

9       4.      Defendants' practices violate the Employee Retirement Income Security Act of 1974

10  ("ERISA"), 29 U.S.C. §§1001 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et

11  seq.*, California Business & Professions Code §§17200, *et seq.*, and the respective wage and hour

12  laws of the States of California, Colorado, Connecticut, Illinois, Indiana, Michigan, Missouri, New

13  Jersey, and New York among others.  The collective action claims are for overtime compensation,

14  liquidated damages and/or interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §§207

15  and 216(b).  Through their class-wide claims, Plaintiffs seek injunctive and declaratory relief,

16  compensation and credit for all uncompensated work required, suffered, or permitted by Cintas,

17  liquidated and/or other damages as permitted by applicable law, restitution and disgorgement of all

18  benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

19                          **JURISDICTION AND VENUE**

20      5.      The Court has original subject matter jurisdiction over this action pursuant to 28

21  U.S.C. §1331 because Plaintiffs' claims arise under federal statutes, specifically, the FLSA, 29

22  U.S.C. §§201, *et seq.*, and ERISA, 29 U.S.C. §§1001, *et seq.*  Section 216(b) of the FLSA, 29 U.S.C.

23  §216(b), and Section 502 of ERISA, 29 U.S.C. §1132 also confer jurisdiction over this action.  The

24  Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

25      6.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b)

26  and Local Rule 3-2 because Defendants are licensed to do business and are doing business in

27  California, in facilities in San Francisco, Oakland, South San Francisco, Santa Rosa, San Leandro,

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                    - 2 -

1    Antioch, Emeryville and elsewhere in the Northern District of California, and because a substantial

2    portion of the acts, events and omissions giving rise to this action occurred in the District.

3                               **INTRADISTRICT ASSIGNMENT**

4         7.      Assignment to the San Francisco/Oakland Division is proper because a substantial

5    portion of the acts, events, and omissions giving rise to this action occurred in San Francisco,

6    Oakland, South San Francisco, Santa Rosa, San Leandro, Antioch, and Emeryville, all of which are

7    within the San Francisco/Oakland Division of this District.

8                                        **PARTIES**

9    **Plaintiffs**

10        8.      Plaintiff Paul Veliz ("Veliz") is a resident of Los Angeles County, California.  Veliz

11   worked for Defendants as a Service Sales Representative in the Pico Rivera facility in Los Angeles

12   County from approximately December 1998 through February 2003.   As a Service Sales

13   Representative, Plaintiff Veliz regularly worked in excess of forty (40) hours per week and eight (8)

14   hours per day, but failed to receive all overtime compensation to which he was entitled for hours

15   worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

16   Plaintiff Veliz has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7)

17   of ERISA, 29 U.S.C. §1102(7).

18        9.      Plaintiff James White ("White") is a resident of Riverside County, California.  White

19   worked for Defendants as a Service Sales Representative in the Ontario facility in San Bernadino

20   County from approximately April 2003 through November 2003.  As a Service Sales Representative,

21   Plaintiff White regularly worked in excess of forty (40) hours per week and eight (8) hours per day,

22   but failed to receive all overtime compensation to which he was entitled for hours worked in excess

23   of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times, Plaintiff White

24   has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7) of ERISA, 29

25   U.S.C. §1102(7).

26        10.     Plaintiff Tom Jamarillo ("Jamarillo") is a resident of Jefferson County, Colorado.

27   Jamarillo worked for Defendants as a Service Sales Representative in the Commerce City Denver

28   facility in Denver County from approximately February 1999 through February 2001.  As a Service

1    Sales Representative, Plaintiff Jamarillo regularly worked in excess of forty (40) hours per week and

2    eight (8) hours per day, but failed to receive all overtime compensation to which he was entitled for

3    hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant

4    times, Plaintiff Jamarillo has been a participant in the Cintas Partners' Plan within the meaning of

5    Section 3(7) of ERISA, 29 U.S.C. §1102(7).

6          11.    Plaintiff Mark Fragola ("Fragola") is a resident of New Haven County, Connecticut.

7    Fragola worked for Defendants as a Service Sales Representative in the Branford facility in New

8    Haven County from approximately December 1999 through June 2002.  As a Service Sales

9    Representative, Plaintiff Fragola regularly worked in excess of forty (40) hours per week and eight

10   (8) hours per day, but failed to receive all overtime compensation to which he was entitled for hours

11   worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

12   Plaintiff Fragola has been a participant in the Cintas Partners' Plan within the meaning of Section

13   3(7) of ERISA, 29 U.S.C. §1102(7).

14         12.    Plaintiff Bobby C. Hodge ("Hodge") is a resident of Genesee County, Michigan.

15   Hodge worked for Defendants as a Service Sales Representative in the Flint facility in Genesee

16   County from approximately August 2000 through November 2002.   As a Service Sales

17   Representative, Plaintiff Hodge regularly worked in excess of forty (40) hours per week and eight

18   (8) hours per day, but failed to receive all overtime compensation to which he was entitled for hours

19   worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

20   Plaintiff Hodge has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7)

21   of ERISA, 29 U.S.C. §1102(7).

22         13.    Plaintiff Noel Lloyd ("Lloyd") is a resident of Tuscola County, Michigan.  Lloyd

23   worked for Defendants as a Service Sales Representative in the Flint facility in Genesee County

24   from approximately April 1999 through November 2001.  As a Service Sales Representative,

25   Plaintiff Lloyd regularly worked in excess of forty (40) hours per week and eight (8) hours per day,

26   but failed to receive all overtime compensation to which he was entitled for hours worked in excess

27   of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times, Plaintiff Lloyd

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                              - 4 -

1    has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7) of ERISA, 29

2    U.S.C. §1102(7).

3        14.    Plaintiff Kelly Smith ("Smith") is a resident of Genesee County, Michigan.  Smith

4    worked for Defendants as a Service Sales Representative in the Flint facility in Genesee County

5    from approximately April 1999 through November 2001.  As a Service Sales Representative,

6    Plaintiff Smith regularly worked in excess of forty (40) hours per week and eight (8) hours per day,

7    but failed to receive all overtime compensation to which he was entitled for hours worked in excess

8    of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times, Plaintiff Smith

9    has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7) of ERISA, 29

10   U.S.C. §1102(7).

11       15.    Plaintiff Earl G. Woods Jr. ("Woods") is a resident of Genesee County, Michigan.

12   Woods worked for Defendants as a Service Sales Representative in the Flint facility in Genesee

13   County from approximately December 1999 through November 2001.  As a Service Sales

14   Representative, Plaintiff Woods regularly worked in excess of forty (40) hours per week and eight

15   (8) hours per day, but failed to receive all overtime compensation to which he was entitled for hours

16   worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

17   Plaintiff Woods has been a participant in the Cintas Partners' Plan within the meaning of Section

18   3(7) of ERISA, 29 U.S.C. §1102(7).

19       16.    Plaintiff Mark Chainuck ("Chainuck") is a resident of Will County, Illinois.

20   Chainuck worked for Defendants as a Service Sales Representative in the Romeoville facility in Will

21   County from approximately May 2001 through December 2001.  As a Service Sales Representative,

22   Plaintiff Chainuck regularly worked in excess of forty (40) hours per week and eight (8) hours per

23   day, but failed to receive all overtime compensation to which he was entitled for hours worked in

24   excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times, Plaintiff

25   Chainuck has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7) of

26   ERISA, 29 U.S.C. §1102(7).

27       17.    Plaintiff Jeff Jay ("Jay") is a resident of Cook County, Illinois.  Jay worked for

28   Defendants as a Service Sales Representative in the Schaumburg facility in Cook County from

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                    - 5 -

1   approximately March 1999 through September 2002.  As a Service Sales Representative, Plaintiff

2   Jay regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed

3   to receive all overtime compensation to which he was entitled for hours worked in excess of forty

4   (40) hours per week and/or eight (8) hours per day.  At all relevant times, Plaintiff Jay has been a

5   participant in the Cintas Partners' Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C.

6   §1102(7).

7   18.   Plaintiff Tade L. Wasmer ("Wasmer") is a resident of Lake County, Indiana.  Wasmer

8   worked for Defendants as a Service Sales Representative in the Romeoville facility in Will County

9   from approximately December 1998 through February 2002.  As a Service Sales Representative,

10   Plaintiff Wasmer regularly worked in excess of forty (40) hours per week and eight (8) hours per

11   day, but failed to receive all overtime compensation to which he was entitled for hours worked in

12   excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times, Plaintiff

13   Wasmer has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7) of

14   ERISA, 29 U.S.C. §1102(7).

15   19.   Plaintiff Aaron M. Zadnik ("Zadnik") is a resident of DuPage County, Illinois.

16   Zadnik worked for Defendants as a Service Sales Representative in the Romeoville facility in Will

17   County from approximately July, 2001 through February 2002.  As a Service Sales Representative,

18   Plaintiff Zadnik regularly worked in excess of forty (40) hours per week and eight (8) hours per day,

19   but failed to receive all overtime compensation to which he was entitled for hours worked in excess

20   of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times, Plaintiff Zadnik

21   has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7) of ERISA, 29

22   U.S.C. §1102(7).

23   20.   Plaintiff John Cruz ("Cruz") is a resident of Marion County, Indiana.  Cruz has

24   worked for Defendants as a Service Sales Representative in the Indianapolis facility in Marion

25   County since approximately November 1997.  As a Service Sales Representative, Plaintiff Cruz

26   regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to

27   receive all overtime compensation to which he was entitled for hours worked in excess of forty (40)

28   hours per week and/or eight (8) hours per day.  At all relevant times, Plaintiff Cruz has been a

1    participant in the Cintas Partners' Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C.

2    §1102(7).

3        21.    Plaintiff Bryan Cruse ("Cruse") is a resident of Greene County, Missouri.

4    Cruse worked for Defendants as a Service Sales Representative in the Springfield facility in Greene

5    County from approximately May 2001 through approximately April 2003.  As a Service Sales

6    Representative, Plaintiff Cruse regularly worked in excess of forty (40) hours per week and eight

7    (8) hours per day, but failed to receive all overtime compensation to which he was entitled for hours

8    worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

9    Plaintiff Cruse has been a participant in the Cintas Partners' Plan within the meaning of Section 3(7)

10   of ERISA, 29 U.S.C. §1102(7).

11       22.    Plaintiff Wayne Edwards ("Edwards") is a resident of Essex County, New Jersey.

12   Edwards worked for Defendants as a Service Sales Representative in the Piscataway facility in

13   Middlesex County from approximately April 1999 through March 2001.  As a Service Sales

14   Representative, Plaintiff Edwards regularly worked in excess of forty (40) hours per week and eight

15   (8) hours per day, but failed to receive all overtime compensation to which he was entitled for hours

16   worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

17   Plaintiff Edwards has been a participant in the Cintas Partners' Plan within the meaning of Section

18   3(7) of ERISA, 29 U.S.C. §1102(7).

19       23.    Plaintiff Wilfredo Huertas Jr. ("Huertas") is a resident of Bergan County, New Jersey.

20   Huertas worked for Defendants as a Service Sales Representative in the Piscataway facility in

21   Middlesex County from approximately September 1998 through September 2000.  As a Service

22   Sales Representative, Plaintiff Huertas regularly worked in excess of forty (40) hours per week and

23   eight (8) hours per day, but failed to receive all overtime compensation to which he was entitled for

24   hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant

25   times, Plaintiff Huertas has been a participant in the Cintas Partners' Plan within the meaning of

26   Section 3(7) of ERISA, 29 U.S.C. §1102(7).

27       24.    Plaintiff Amber Kelly ("Kelly") is a resident of Monmouth County, New Jersey.

28   Kelly worked for Defendants as a Service Sales Representative in the Piscataway facility in

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                         - 7 -

1    Middlesex County from approximately April 15, 2002 through November 1, 2002.  As a Service

2    Sales Representative, Plaintiff Kelly regularly worked in excess of forty (40) hours per week and

3    eight (8) hours per day, but failed to receive all overtime compensation to which she was entitled

4    for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all

5    relevant times, Plaintiff Kelly has been a participant in the Cintas Partners' Plan within the meaning

6    of Section 3(7) of ERISA, 29 U.S.C. §1102(7).

7         25.    Plaintiff Derek Samuels ("Samuels") is a resident of Essex County, New Jersey.

8    Samuels worked for Defendants as a Service Sales Representative in the Piscataway facility in

9    Middlesex County from approximately June 1998 through February 2002.  As a Service Sales

10   Representative, Plaintiff Samuels regularly worked in excess of forty (40) hours per week and eight

11   (8) hours per day, but failed to receive all overtime compensation to which he was entitled for hours

12   worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

13   Plaintiff Samuels has been a participant in the Cintas Partners' Plan within the meaning of Section

14   3(7) of ERISA, 29 U.S.C. § 1102(7).

15        26.    Plaintiff Samuel Williams ("Williams") is a resident of Essex County, New Jersey.

16   Williams worked for Defendants as a Service Sales Representative in the Piscataway facility in

17   Middlesex County from approximately June 1998 through December 2001.  As a Service Sales

18   Representative, Plaintiff Williams regularly worked in excess of forty (40) hours per week and eight

19   (8) hours per day, but failed to receive all overtime compensation to which he was entitled for hours

20   worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

21   Plaintiff Williams has been a participant in the Cintas Partners' Plan within the meaning of Section

22   3(7) of ERISA, 29 U.S.C. §1102(7).

23        27.    Plaintiff Julian Nazareth ("Nazareth") is a resident of Queens County, New York.

24   Nazareth has worked for Defendants as a Service Sales Representative in the College Point, Queens

25   facility in New York County since approximately December 2002.   As a Service Sales

26   Representative, Plaintiff Nazareth regularly worked in excess of forty (40) hours per week and eight

27   (8) hours per day, but failed to receive all overtime compensation to which he was entitled for hours

28   worked in excess of forty (40) hours per week and/or eight (8) hours per day.  At all relevant times,

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                      - 8 -

1    Plaintiff Nazareth has been a participant in the Cintas Partners' Plan within the meaning of Section

2    3(7) of ERISA, 29 U.S.C. §1102(7).

3         28.    Each of the named Plaintiffs by the filing of this Complaint consents to sue with

4    respect to each such Plaintiff's FLSA claim for relief against Cintas, pursuant to 29 U.S.C. §216(b),

5    and hereby seeks relief under that provision.  Hundreds of other similarly situated Service Sales

6    Representatives would join this action if given proper notice and a reasonable opportunity to

7    participate.  Plaintiffs have filed and will continue to file written FLSA Consents to Sue on behalf

8    of additional FLSA collective action members as this litigation progresses.

9    **Defendants**

10        29.    Defendant Cintas Corporation is an Ohio corporation which, at all relevant times, has

11   done business and continues to do business in the Northern District of California and has committed

12   and continues to commit the unlawful acts alleged in this Complaint in San Francisco County and

13   elsewhere.

14        30.    The Cintas Partners' Plan is an employee pension benefit plan within the meaning of

15   Section 3(2) of ERISA, 29 U.S.C. §1002(2), and is an employee benefit plan within the meaning of

16   Section 3(3) of ERISA, 29 U.S.C. §1002(3).

17        31.    At all relevant times, defendant Cintas Corporation has been the plan sponsor of the

18   Cintas Partners' Plan within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(21)(A).

19   Notwithstanding that the governing instrument of the Cintas Partners' Plan designates a Plan

20   Administrator as the named fiduciary, as described below, with power to administer, interpret,

21   construe and apply the terms of the plans, at all relevant times Cintas Corporation, through

22   employees other than members of the Plan Administrator, has exercised actual responsibility,

23   authority and/or control with respect to these functions and others.  In particular, employees of

24   Cintas Corporation, other than members of the Plan Administrator, have exercised actual authority

25   and control over the following under the Cintas Partners' Plan: determination of employees' hours

26   of service under the terms of the plan; determination of employees' status as participants under the

27   terms of the plan; determination of plan participants' vesting status under the terms of the plan;

28   determination of employees' accrued benefits under the terms of the plan; determination of

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                  - 9 -

1  employees' eligibility for benefits under the terms of the plan; deciding to use Cintas payroll records

2  to determine hours of service under the terms of the plan; record-keeping with regard to hours of

3  service; reviewing hours of service under the plan; preparing agendas for and chairing meetings of

4  the committees that constitute the Plan Administrator of the plan; selecting and obtaining advice

5  from attorneys regarding legal issues arising in the administration of the plans; selecting auditors

6  to carry out ERISA-mandated plan audits; and/or establishing and carrying out document retention

7  policies for the plan.  In addition, on information and belief, the Plan Administrator of the Cintas

8  Partners' Plan granted authority to Cintas Corporation to act on its behalf in approving allocations

9  and/or distributions under the terms of the plan, which approvals include determinations as to

10  employees' participation, vesting, and benefit accrual under the terms of the plan. By reason of these

11  facts, and possibly others, at all relevant times defendant Cintas Corporation has exercised actual

12  responsibility, authority, and/or control with regard to the management and/or administration of the

13  Cintas Partners' Plan and/or has had discretionary authority or responsibility in the administration

14  of that plan.  Cintas Corporation's actual exercise of responsibility, authority, and/or control and/or

15  its having discretionary authority or responsibility has included, but not been limited to, with regard

16  to the crediting of hours of service under those plans and the determination of the amount of

17  contributions to be made on behalf of each participant.

18      32.    On information and belief, pursuant to the governing instrument of the Cintas

19  Partners' Plan, defendant Plan Administrator of the Cintas Partners' Plan was appointed by the Board

20  of Directors of Cintas Corporation and at all relevant times has been and continues to be the

21  administrator of the Cintas Partners' Plan within the meaning of Section 3(16)(A) of ERISA, 29

22  U.S.C. §1002(16)(A), the named fiduciary of that plan within the meaning of Section 402(a)(1) of

23  ERISA, 29 U.S.C. §1102(a)(1), and a fiduciary of that plan within the meaning of Section 3(21) of

24  ERISA, 29 U.S.C. §1002(21).

25      33.    Plaintiffs are ignorant of the true names and capacities of defendants sued in this

26  Complaint as DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious

27  names and capacities.  Plaintiffs will amend this complaint to allege their true names and capacities

28  when learned.  Plaintiffs allege that each of the defendants named as DOES was in some manner

1    responsible for the acts and omissions alleged in this Complaint.  Plaintiffs will ask leave of this

2    Court to amend the complaint to allege such responsibility when same shall have been ascertained.

3    Plaintiffs are further informed and believe and on that basis allege that at all times relevant, some

4    or all of the fictitiously-named defendants were agents or employees who have acted within the

5    course and scope of that agency or employment and/or co-conspirators of one or more of the named

6    defendants.  Plaintiffs are further informed and believe, and on that basis allege, that some or all of

7    the fictitiously-named defendants aided and assisted the named defendants in committing the

8    wrongful acts alleged in this Complaint, and that Plaintiffs' damages were legally caused by each

9    such defendant.

10                                  **CLASS ACTION ALLEGATIONS**

11    **The Plaintiff Class (ERISA Claims):**

12           34.     Plaintiffs bring the First and Second Claims for Relief for violations of ERISA as a

13    nationwide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) as representatives

14    of a proposed Plaintiff Class of employees of Cintas throughout the United States who were or are

15    employed as Cintas Service Sales Representatives, including as Service Sales Representatives,

16    Commission Route Salespersons, Commission Route Sales Representatives, and/or Route Drivers,

17    at any time within the applicable statute of limitations period.  All Plaintiffs are members of the

18    Class on whose behalf all claims alleging violations of ERISA are brought.  These ERISA claims

19    do not include any claims for relief arising out of any periods of employment in any position other

20    than as a Service Sales Representative.

21           35.     The Plaintiff Class is so numerous that joinder of all members is impracticable.

22    Plaintiffs are informed and believe, and on that basis allege, that during the Class period, in excess

23    of nine thousand (9,000) persons have been employed by Defendant Cintas as Service Sales

24    Representatives.  Although the exact number and identities of Class and Subclass members are

25    unknown to Plaintiffs at this time, this information is readily ascertainable from Cintas through

26    discovery of its payroll and personnel records.

27           36.     Questions of law and fact common to the Plaintiff Class as a whole include, but

28    are not limited to, the following:

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                          - 11 -

1    (a)    Whether Defendants have failed and/or continue to fail to maintain accurate

2    records of actual time worked by the Plaintiffs and prospective Class members;

3    (b)    Whether Defendants have failed and/or continue to fail to record or report all

4    actual time worked by the Plaintiffs and prospective Class members;

5    (c)    Whether Defendants have failed and/or continue to fail to provide accurate

6    wage statements itemizing all actual time worked and wages earned by the Plaintiffs and prospective

7    Class members;

8    (d)    Whether Defendants have violated and continue to violate Section 209(a)(1)

9    of ERISA, 29 U.S.C. §1059(a)(1), as alleged herein;

10    (e)    Whether the Cintas Partners Plan has credited Plaintiffs and prospective Class

11    members with all hours for which they were paid or entitled to be paid, as required by ERISA;

12    (f)    Whether the Pension Plan has credited Plaintiffs and prospective Class

13    Members with all hours for which they were paid or entitled to be paid, as required by ERISA; and

14    (g)    Whether Defendants have violated ERISA by their failure to credit Plaintiffs

15    and prospective Class members with all hours for which they were paid or entitled to be paid.

16    **Nationwide FLSA Collective Plaintiffs (FLSA Claims):**

17    37.    Plaintiffs bring the Third Claim for Relief for violation of the FLSA as a collective

18    action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were,

19    are, or will be employed by defendant Cintas nationwide as Service Sales Representatives

20    throughout the United States, including Service Sales Representatives, Commission Route

21    Salespersons, Commission Route Sales Representatives, and/or Route Drivers, at any time within

22    the applicable statute of limitations period, who have not been compensated at one and one-half

23    times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

24    These FLSA claims do not include any claims for unpaid overtime arising out of any periods of

25    employment (1) in any position other than as a Service Sales Representative, and/or (2) that were

26    the subject of a release of claims in *Vaca v. Cintas Corporation*, Case No. BC250459, and/or

27    *Barajas v. Cintas Sales Corporation*, Case No. BC261276, filed in the Superior Court of California

28    for the County of Los Angeles.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                          - 12 -

38.     Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

(a)     Whether Cintas unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. §§201, *et seq.*;

(b)     Whether Nationwide FLSA Collective Plaintiffs and/or the representative Plaintiffs are non-exempt from the entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of FLSA;

(c)     Whether Cintas's policy and practice of classifying as exempt from overtime entitlement under the FLSA and whether Cintas's policy and practice of failing to pay overtime to Service Sales Representative violates applicable provisions of the FLSA;

(d)     Whether Cintas's failure to pay overtime to its non-exempt Nationwide FLSA Collective Plaintiffs was willful within the meaning of the FLSA;

(e)     Whether Cintas failed and continues to fail to maintain accurate records of actual time worked by the Nationwide FLSA Collective Plaintiffs and prospective Nationwide FLSA Collective Plaintiffs;

(f)     Whether Cintas failed and continues to fail to record or report all actual time worked by the Nationwide FLSA Collective Plaintiffs and prospective Nationwide FLSA Collective Plaintiffs; and

(g)     Whether Cintas failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the Nationwide FLSA Collective Plaintiffs and prospective Nationwide FLSA Collective Plaintiffs.

39.     The Third Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiffs of the Nationwide FLSA Collective Plaintiffs (FLSA claims), because the claims of the Plaintiffs are similar to the claims of the members of the prospective Nationwide FLSA Collective Plaintiffs.

40.     Plaintiffs and Nationwide FLSA Collective Plaintiffs are similarly situated, have

1  substantially similar job requirements and pay provisions, and are subject to Defendant Cintas's

2  common practice, policy or plan of refusing to pay overtime in violation of the FLSA and unlawfully

3  characterizing Nationwide FLSA Collective Plaintiffs and members of the FLSA Class as exempt

4  employees.

5  **California Subclass (California Labor Code and Wage Order Claims):**

6      41.    Plaintiffs Paul Veliz and James White bring the Fourth Claim for Relief for violation

7  of California Labor Code §1194 and California Industrial Welfare Commission Occupational Wage

8  Orders Nos. 4 and/or 7 (Title 8 Cal. Code of Reg. §11040) and the Fifth Claim for Relief for

9  violation of the California Business & Professions Code, §§17200, *et seq.*, as a class action pursuant

10  to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Service Sales Representatives, including

11  Commission Route Salespersons, Commission Route Sales Representatives, and/or Route Drivers

12  employed by Cintas in the State of California, during the applicable limitations period, whom Cintas

13  refused to compensate for all overtime work performed in excess of eight (8)  hours per day and/or

14  forty (40) hours per work week.  Plaintiffs also assert class-wide claims under Labor Code §§203,

15  226.7, and 558, alleging that Cintas failed to pay wages when due, failed to provide paid rest periods

16  as required, and wilfully violated all aspects of California wage law.  Plaintiffs Paul Veliz and James

17  White are members of the California Subclass on whose behalf all claims alleging violations of the

18  California Labor Code, the applicable Wage Orders, and the California Business & Professions Code

19  are brought.  The claims of the California Subclass do not include any claims for unpaid overtime

20  arising out of any periods of employment (1) in any position other than as a Service Sales

21  Representative, and/or (2) that were the subject of a release of claims in *Vaca v. Cintas Corporation*,

22  Case No. BC250459, and/or *Barajas v. Cintas Sales Corporation*, Case No. BC261276, filed in the

23  Superior Court of California for the County of  Los Angeles.

24      42.    The California subclass is so numerous that joinder of all members is impracticable.

25  Plaintiffs are informed and believe, and on that basis allege, that currently at least three hundred

26  (300) persons are employed by Defendant Cintas as Service Sales Representatives in California, and

27  that given turnover, the class is more numerous than that.

28      43.    Common questions of law and fact exist as to members of the California Subclass

that predominate over any questions affecting only individual members and include, but are not limited to, the following:

(a) Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Labor Code and applicable Wage Orders;

(b) Whether Plaintiffs and the California Subclass of Service Sales Representatives are non-exempt from the entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

(c) Whether Cintas's policy and practice of classifying as exempt from overtime entitlement under California law and Cintas's policy and practice of failing to pay overtime to Service Sales Representatives violates applicable provisions of California law, including applicable Labor Code sections, applicable Wage Orders, and applicable state regulations;

(d) Whether Cintas has failed to pay wages when due within the meaning of California Labor Code §203;

(e) Whether Cintas failed to provide paid rest periods as required under California Labor Code §226.7;

(f) Whether Cintas's conduct as alleged in this action was willful within the meaning of California Labor Code §558;

(g) The proper measure of damages sustained by members of the California Subclass;

(h) Whether Cintas's practices as alleged herein constitute unfair business practices under California Business & Professions Code, §§17200, *et seq.*; and

(i) Whether plaintiffs are entitled to restitution, disgorgement of profits, or other equitable relief to remedy Cintas's unfair business practices.

**Colorado Subclass (Colorado Wage Act):**

44. Plaintiff Tom Jamarillo brings the Sixth Claim for Relief for violation of the Colorado Wage Act as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of all Service Sales Representatives, including Commission Route Salespersons, Commission Route Sales Representatives, and/or Route Drivers employed by Cintas in the state of Colorado, during the

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA - 15 -

1    applicable limitations period, whom Cintas refused to compensate for overtime work performed in

2    excess of forty (40) hours per work week.  Plaintiffs also assert class-wide claims under the

3    Colorado Wage Claim Act, Colo. Rev. Stat. §8-4-105, alleging that Cintas failed to pay wages when

4    due.  Plaintiff Tom Jamarillo is a member of the Colorado Subclass on whose behalf all claims

5    alleging violations of the Colorado Wage Claim Act are brought.  The claims of the Colorado

6    Subclass do not include any claims for unpaid overtime arising out of any periods of employment

7    in any position other than as Service Sales Representative.

8         45.    The Colorado Subclass is so numerous that joinder of all members is impracticable.

9    Plaintiff is informed and believes, and on that basis alleges, that during the Class period at least sixty

10   five (65) persons have been employed by Defendant Cintas as Service Sales Representatives in

11   Colorado, and that given turnover, the class is more numerous than that.

12        46.    Common questions of law and fact exist as to members of the Colorado Subclass that

13   predominate over any questions affecting only individual members and include, but are not limited

14   to, the following:

15        (a)    Whether Defendants unlawfully failed to pay overtime compensation in

16   violation of the Colorado Minimum Wage Order No. 22 (Colo. Code of Regs. §1103-1);

17        (b)    Whether Plaintiff and the Colorado Subclass of Service Sales Representatives

18   are non-exempt from the entitlement to overtime compensation for overtime hours worked under

19   the overtime pay requirements of Colorado law;

20        (c)    Whether Cintas's policy and practice of classifying as exempt from overtime

21   entitlement under Colorado law, and Cintas's policy and practice of failing to pay overtime to

22   Service Sales Representatives, violates applicable provisions of Colorado law, including applicable

23   Labor Code sections, applicable Department of Consumer and Industry Services Orders, applicable

24   state administrative rules, and applicable state regulations;

25        (d)    Whether Cintas has failed to pay wages when due within the meaning of the

26   Colorado Wage Claim Act, Colo. Rev. Stat. §8-4-105;

27        (e)    Whether Cintas failed to provide rest periods as required under Colo. Code

28   of Regs. §1103-1; and

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                    - 16 -

1    (f)  The proper measure of damages sustained by members of the Colorado

2 Subclass.

3 **Connecticut Subclass (Connecticut Wage and Hour Act):**

4    47.  Plaintiff Mark Fragola brings the Seventh Claim for Relief for violation of the

5 Connecticut Wage and Hour Act as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3)

6 on behalf of all Service Sales Representatives, including Commission Route Salespersons,

7 Commission Route Sales Representatives, and/or Route Drivers employed by Cintas in the state of

8 Connecticut, during the applicable limitations period, whom Cintas refused to compensate for

9 overtime work performed in excess of forty (40) hours per work week.  Plaintiff also asserts class-

10 wide claims under the Connecticut Wage and Hour Act, Conn. Gen. Stat. §§31-71b, and 31-71c,

11 alleging that Cintas failed to pay wages when due.   Plaintiff Mark Fragola is a member of the

12 Connecticut Subclass on whose behalf all claims alleging violations of the Connecticut Wage and

13 Hour Act are brought.  The claims of the Connecticut Subclass do not include any claims for unpaid

14 overtime arising out of any periods of employment in any position other than as Service Sales

15 Representative.

16    48.  The Connecticut Subclass is so numerous that joinder of all members is

17 impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the Class

18 period dozens of persons have been employed by Defendant Cintas as Service Sales Representatives

19 in Connecticut, and that given turnover, the class is more numerous than that.

20    49.  Common questions of law and fact exist as to members of the Connecticut Subclass

21 that predominate over any questions affecting only individual members and include, but are not

22 limited to, the following:

23    (a)  Whether Defendants unlawfully failed to pay overtime compensation in

24 violation of the Connecticut Wage and Hour Act, Conn. Gen. Stat. §31.76b;

25    (b)  Whether Plaintiff and the Connecticut Subclass of Service Sales

26 Representatives are non-exempt from the entitlement to overtime compensation for overtime hours

27 worked under the overtime pay requirements of Connecticut law;

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA              - 17 -

1    (c)  Whether Cintas's policy and practice of classifying as exempt from overtime

2 entitlement under Connecticut law, and Cintas's policy and practice of failing to pay overtime to

3 Service Sales Representatives, violates applicable provisions of Connecticut law, including

4 applicable Labor Code sections, applicable Department of Consumer and Industry Services Orders,

5 applicable state administrative rules, and applicable state regulations;

6    (d)  Whether Cintas has failed to pay wages when due within the meaning of

7 Conn. Gen. Stat. §§31-71b, and 31-71c;

8    (e)  Whether Cintas failed to provide rest periods as required under Conn. Gen.

9 Stat. §31-51; and

10    (f)  The proper measure of damages sustained by members of the Connecticut

11 Subclass.

12 **Illinois Subclass (Illinois Wage Collection and Payment Act):**

13   50.  Plaintiffs Mark Chainuck, Jeff Jay, Tade L. Wasmer and Aaron M. Zadnik bring the

14 Eighth Claim for Relief for violation of Illinois' Minimum Wage Law as a class action pursuant to

15 Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of all Service Sales Representatives, including

16 Commission Route Salespersons, Commission Route Sales Representatives, and/or Route Drivers

17 employed by Cintas in the state of Illinois, during the applicable limitations period, whom Cintas

18 refused to compensate for overtime work performed in excess of forty (40) hours per work week.

19 Plaintiffs also assert class-wide claims under Illinois' Minimum Wage Law, alleging that Cintas

20 failed to provide paid rest periods as required.  Plaintiffs Mark Chainuck, Jeff Jay, Tade L. Wasmer

21 and Aaron M. Zadnik are members of the Illinois Subclass on whose behalf all claims alleging

22 violations of the Illinois Minimum Wage Law are brought.  The claims of the Illinois Subclass do

23 not include any claims for unpaid overtime arising out of any periods of employment in any position

24 other than as Service Sales Representatives.

25   51.  The Illinois subclass is so numerous that joinder of all members is impracticable.

26 Plaintiffs are informed and believe, and on that basis allege, that during the class period at least one

27 hundred and forty (140) persons have been employed by Defendant Cintas as Service Sales

28 Representatives in Illinois, and that given turnover, the class is more numerous than that.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA            - 18 -

1    52.    Common questions of law and fact exist as to members of the Illinois Subclass that

2    predominate over any questions affecting only individual members and include, but are not limited

3    to, the following:

4    (a)    Whether Defendants unlawfully failed to pay overtime compensation in

5    violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§105/1, *et seq.*;

6    (b)    Whether Plaintiffs and whether the Illinois Subclass of Service Sales

7    Representatives are non-exempt from the entitlement to overtime compensation for overtime hours

8    worked under the overtime pay requirements of Illinois law;

9    (c)    Whether Cintas's policy and practice of classifying as exempt from overtime

10    entitlement under Illinois law and Cintas's policy and practice of failing to pay overtime to Service

11    Sales Representatives violates applicable provisions of Illinois law, including applicable Labor Code

12    sections, applicable Department of Labor Orders, applicable state administrative rules, and

13    applicable state regulations;

14    (d)    Whether Cintas failed to provide paid rest periods as required under Illinois

15    Minimum Wage Law, 820 Ill. Comp. Stat. §§140/2 and 140/3; and

16    (e)    The proper measure of damages sustained by members of the Illinois

17    Subclass.

18    **Indiana Subclass (Minimum Wage Law of 1965):**

19    53.    Plaintiff John Cruz brings the Ninth Claim for Relief for violation of the Indiana

20    Minimum Wage Law of 1965 as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3)

21    on behalf of all Service Sales Representatives, including Commission Route Salespersons,

22    Commission Route Sales Representatives, and/or Route Drivers employed by Cintas in the state of

23    Indiana, during the applicable limitations period, whom Cintas refused to compensate for overtime

24    work performed in excess of forty (40) hours per work week. Plaintiff also asserts class-wide claims

25    under the Indiana Minimum Wage Law of 1965, Ind. Stat. §§22-2-4-4, 22-2-5-1, alleging that Cintas

26    failed to pay wages when due.   Plaintiff John Cruz is a member of the Indiana Subclass on whose

27    behalf all claims alleging violations of the Indiana Minimum Wage Law of 1965 are brought. The

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                    - 19 -

1   claims of the Indiana Subclass do not include any claims for unpaid overtime arising out of any

2   periods of employment in any position other than as Service Sales Representative.

3        54.    The Indiana Subclass is so numerous that joinder of all members is impracticable.

4   Plaintiff is informed and believes, and on that basis alleges, that during the Class period at least two

5   hundred and fifty (250) persons have been employed by Defendant Cintas as Service Sales

6   Representatives in Indiana, and that given turnover, the class is more numerous than that.

7        55.    Common questions of law and fact exist as to members of the Indiana Subclass that

8   predominate over any questions affecting only individual members and include, but are not limited

9   to, the following:

10          (a)    Whether Defendants unlawfully failed to pay overtime compensation in

11   violation of the Indiana Minimum Wage Law of 1965, Ind. Stat. §§22-2-2-4, *et seq.*;

12          (b)    Whether Plaintiff and the Indiana Subclass of Service Sales Representatives

13   are non-exempt from the entitlement to overtime compensation for overtime hours worked under

14   the overtime pay requirements of Indiana law;

15          (c)    Whether Cintas's policy and practice of classifying as exempt from overtime

16   entitlement under Indiana law and Cintas's policy and practice of failing to pay overtime to Service

17   Sales Representatives violates applicable provisions of Indiana law, including applicable Labor

18   Code sections, applicable Department of Consumer and Industry Services Orders, applicable state

19   administrative rules, and applicable state regulations;

20          (d)    Whether Cintas has failed to pay wages when due within the meaning of the

21   the Indiana Minimum Wage Law of 1965, Ind. Stat. §§22-2-4-4 and 22-2-5-1; and

22          (e)    The proper measure of damages sustained by members of the Colorado

23   Subclass.

24   **Michigan Subclass (Michigan Minimum Wage Law):**

25        56.    Plaintiffs Bobby C. Hodge, Noel Lloyd, Kelly Smith, and Earl G. Woods Jr. bring

26   the Tenth Claim for Relief for violation of Michigan's Fair Wages and Fringe Benefits Act as a class

27   action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of all Service Sales

28   Representatives, including Commission Route Salespersons, Commission Route Sales

1   Representatives, and/or Route Drivers employed by Cintas in the state of Michigan, during the

2   applicable limitations period, whom Cintas refused to compensate for overtime work performed in

3   excess of forty (40) hours per work week.  Plaintiffs Bobby C. Hodge, Noel Lloyd, Kelly Smith, and

4   Earl G. Woods Jr. are members of the Michigan Subclass on whose behalf all claims alleging

5   violations of the Michigan Minimum Wage Law are brought.  The claims of the Michigan Subclass

6   do not include any claims for unpaid overtime arising out of any periods of employment in any

7   position other than as Service Sales Representative.

8         57.    The Michigan Subclass is so numerous that joinder of all members is impracticable.

9   Plaintiffs are informed and believe, and on that basis allege, that during the Class period at least one

10   hundred and ninety (190) persons have been employed by Defendant Cintas as Service Sales

11   Representatives in Michigan, and that given turnover, the class is more numerous than that.

12         58.    Common questions of law and fact exist as to members of the Michigan Subclass

13   that predominate over any questions affecting only individual members and include, but are not

14   limited to, the following:

15         (a)    Whether Defendants unlawfully failed to pay overtime compensation in

16   violation of the Michigan Minimum Wage Law, Mich. Comp. Laws §§408.381, *et seq.*;

17         (b)    Whether Plaintiffs and the Michigan Subclass of Service Sales

18   Representatives are non-exempt from the entitlement to overtime compensation for overtime hours

19   worked under the overtime pay requirements of Michigan law;

20         (c)    Whether Cintas's policy and practice of classifying as exempt from overtime

21   entitlement under Michigan law and Cintas's policy and practice of failing to pay overtime to

22   Service Sales Representatives violates applicable provisions of Michigan law, including applicable

23   Labor Code sections, applicable Department of Consumer and Industry Services Orders, applicable

24   state administrative rules, and applicable state regulations; and

25         (d)    The proper measure of damages sustained by members of the Michigan

26   Subclass.

27   **Missouri Subclass (Missouri Wage and Hour Law, Mo. Rev. Stat. §§290.500, *et seq.*):**

28

59. Plaintiff Bryan Cruse brings the Eleventh Claim for Relief for violation of Missouri's Wages and Hour Law as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of all Service Sales Representatives, including Commission Route Salespersons, Commission Route Sales Representatives, and/or Route Drivers employed by Cintas in the state of Missouri, during the applicable limitations period, whom Cintas refused to compensate for overtime work performed in excess of forty (40) hours per work week.  Plaintiff also asserts class-wide claims under Missouri Wage and Hour Law, Mo. Rev. Stat. §§290.500, *et seq.*, alleging that Cintas failed to pay wages when due.  Plaintiff Bryan Cruse is a member of the Missouri Subclass on whose behalf all claims alleging violations of the Missouri Wage and Hour Law are brought.  The claims of the Missouri Subclass do not include any claims for unpaid overtime arising out of any periods of employment in any position other than as Service Sales Representative.

60. The Missouri Subclass is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the Class period at least ninety (90) persons have been employed by Defendant Cintas as Service Sales Representatives in Missouri, and that given turnover, the class is more numerous than that.

61. Common questions of law and fact exist as to members of the Missouri Subclass that predominate over any questions affecting only individual members and include, but are not limited to, the following:

(a) Whether Defendants unlawfully failed to pay overtime compensation in violation of the Missouri Wage and Hour Law, Mo. Rev. Stat. §§290.502, *et seq.*;

(b) Whether Plaintiff and the Missouri Subclass of Service Sales Representatives are exempt from the entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of Missouri law;

(c) Whether Cintas's policy and practice of classifying as exempt from overtime entitlement under Missouri law, and Cintas's policy and practice of failing to pay overtime to Service Sales Representatives, violates applicable provisions of Missouri law, including applicable Labor Code sections, applicable Department of Consumer and Industry Services Orders, applicable state administrative rules, and applicable state regulations;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - No. C-03-1180-SBA                                                                                      - 22 -

1        (d)    Whether Cintas has failed to pay wages when due within the meaning of

2  Missouri Wage and Hour Law, Mo. Rev. Stat. §290.527; and

3        (e)    The proper measure of damages sustained by members of the Missouri

4  Subclass.

5  **New Jersey Subclass (New Jersey Wage and Hour Law):**

6        62.    Plaintiffs Wayne Edwards, Wilfredo Huertas Jr., Amber Kelly, Derek Samuels, and

7  Samuel Williams bring the Twelfth Claim for Relief for violation of New Jersey's Wages and Hour

8  Law as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of all Service

9  Sales Representatives, including Commission Route Salespersons, Commission Route Sales

10  Representatives, and/or Route Drivers employed by Cintas in the state of New Jersey, during the

11  applicable limitations period, whom Cintas refused to compensate for overtime work performed in

12  excess of forty (40) hours per work week. Plaintiffs also assert class-wide claims under New Jersey

13  Code of Criminal Justice, Employer Offenses, N.J. Stat. §2C:40A-2, alleging that Cintas failed to

14  pay wages when due. Plaintiffs Wayne Edwards, Wilfredo Huertas Jr., Amber Kelly, Derek

15  Samuels, and Samuel Williams are members of the New Jersey Subclass on whose behalf all claims

16  alleging violations of the New Jersey Wage and Hour Law are brought. The claims of the New

17  Jersey Subclass do not include any claims for unpaid overtime arising out of any periods of

18  employment in any position other than as Service Sales Representative.

19        63.    The New Jersey Subclass is so numerous that joinder of all members is impracticable.

20  Plaintiffs are informed and believe, and on that basis allege, that during the Class period at least

21  seventy five (75) persons have been employed by Defendant Cintas as Service Sales Representatives

22  in New Jersey, and that given turnover, the class is more numerous than that.

23        64.    Common questions of law and fact exist as to members of the New Jersey Subclass

24  that predominate over any questions affecting only individual members and include, but are not

25  limited to, the following:

26        (a)    Whether Defendants unlawfully failed to pay overtime compensation in

27  violation of the New Jersey Wage and Hour Law, N.J. Stat. §§34:11-56a, *et seq.*;

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA          - 23 -

1    (b)  Whether Plaintiffs and the New Jersey Subclass of Service Sales

2 Representatives are exempt from the entitlement to overtime compensation for overtime hours

3 worked under the overtime pay requirements of New Jersey law;

4    (c)  Whether Cintas's policy and practice of classifying as exempt from overtime

5 entitlement under New Jersey law and Cintas's policy and practice of failing to pay overtime to

6 Service Sales Representatives violates applicable provisions of New Jersey law, including applicable

7 Labor Code sections, applicable Department of Consumer and Industry Services Orders, applicable

8 state administrative rules, and applicable state regulations;

9    (d)  Whether Cintas has failed to pay wages when due within the meaning of New

10 Jersey Code of Criminal Justice, Employer Offenses, N.J. Stat. §2C:40A-2; and

11    (e)  The proper measure of damages sustained by members of the New Jersey

12 Subclass.

13 **New York Subclass (New York Minimum Wage Act):**

14    65.  Plaintiff Julian Nazareth brings the Thirteenth Claim for Relief for violation of the

15 New York Minimum Wage Act as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3)

16 on behalf of all Service Sales Representatives, including Commission Route Salespersons,

17 Commission Route Sales Representatives, and/or Route Drivers employed by Cintas in the state of

18 New York, during the applicable limitations period, whom Cintas refused to compensate for

19 overtime work performed in excess of forty (40) hours per work week.  Plaintiffs also assert class-

20 wide claims under New York Minimum Wage Act, N.Y. Lab. Law §191, alleging that Cintas failed

21 to pay wages when due.  Plaintiff Julain Nazareth is a member of the New York Subclass on whose

22 behalf all claims alleging violations of the New York Minimum Wage Act are brought.  The claims

23 of the New York Subclass do not include any claims for unpaid overtime arising out of any periods

24 of employment in any position other than as Service Sales Representative.

25    66.  The New York Subclass is so numerous that joinder of all members is impracticable.

26 Plaintiff is informed and believes, and on that basis alleges, that during the Class period at least one

27 hundred and fifteen (115) persons have been employed by Defendant Cintas as Service Sales

28 Representatives in New York, and that given turnover, the class is more numerous than that.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA            - 24 -

67.   Common questions of law and fact exist as to members of the New York Subclass that predominate over any questions affecting only individual members and include, but are not limited to, the following:

(a)   Whether Defendants unlawfully failed to pay overtime compensation in violation of the New York Minimum Wage Act, N.Y. Lab. Law §§160, *et seq.* and N.Y. Lab. Law §§652, *et seq.*;

(b)   Whether Plaintiff and the New York Subclass of Service Sales Representatives are exempt from the entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of New York law;

(c)   Whether Cintas's policy and practice of classifying as exempt from overtime entitlement under New York law and Cintas's policy and practice of failing to pay overtime to Service Sales Representatives violates applicable provisions of New York law, including applicable Labor Code sections, applicable Department of Consumer and Industry Services Orders, applicable state administrative rules, and applicable state regulations;

(d)   Whether Cintas has failed to pay wages when due within the meaning of the New York Minimum Wage Act, N.Y. Lab. Law §191; and

(e)   The proper measure of damages sustained by members of the New York Subclass.

## ADDITIONAL CLASS ACTION ALLEGATIONS

68.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class and Subclasses.  Plaintiffs have retained counsel who are competent and experienced in complex class actions, ERISA, FLSA, and state labor and employment litigation.

69.   Class certification of the First and Second Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class or Subclass members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual Class or Subclass members would as a practical matter be dispositive of the interests of non-party Class or Subclass members.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - No. C-03-1180-SBA                                                         - 25 -

70.     In addition, Class certification of the First and Second Claims for Relief for violations of ERISA and for the Fourth through Thirteenth Claims is appropriate pursuant to Fed. R. Civ. P.23(b)(2) because Defendant Cintas has acted or refused to act on grounds generally applicable to the Class and Subclasses, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class and Subclasses as a whole.  The members of the Class and each of the Subclasses are entitled to injunctive relief to end Cintas's common and uniform practices of failing to keep accurate time records and failing to compensate its employees for all work performed for the benefit of Cintas, and to require the fiduciaries of the Cintas Partners' Plan to credit all service which should be credited.

71.     Class certification of the Fourth through Thirteenth Claims is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California, Colorado, Connecticut, Illinois, Indiana, Michigan, Missouri, New Jersey and New York Subclasses predominate over any questions affecting only individual members of the Subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Cintas's common and uniform policies and practices unlawfully treat members of each Subclass as exempt from overtime pay requirements.  The damages suffered by individual Subclass members are small compared to the expense and burden of individual prosecution of this litigation. In addition, Class certification is superior because it will eliminate the need for unduly duplicative litigation, which might result in inconsistent judgments about Cintas's practices.

72.     Plaintiffs know of no difficulty that would be encountered in the management of this litigation, which would preclude its maintenance as a class action.

73.     The names and addresses of the Plaintiff Class Members are available from Defendant Cintas.  To the extent required by law, notice will be provided to the Plaintiff Class via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in class actions.

## FIRST CLAIM FOR RELIEF

### [Against Defendants Cintas and Does 1-10]

### (Section 502(a)(3) of ERISA, Based on Failure to Maintain Records)

74.     Plaintiffs Paul Veliz, James White, Mark Chainuck, Jeff Jay, Tade L. Wasmer, Aaron M. Zadnik, Bobby C. Hodge, Noel Lloyd, Kelly Smith, Earl G. Woods Jr., Wayne Edwards, Wilfredo Huertas Jr., Amber Kelly, Derek Samuels, Samuel Williams, Tom Jamarillo, John Cruz, Bryan Cruse, Julian Nazareth, and Mark Fragola on behalf of themselves and all prospective members of the Class, reallege and incorporate by reference paragraphs 1 through 73 as if they were set forth again herein.

75.     Section 209(a)(1) of ERISA, 29 U.S.C. § 1059(a)(1), requires an employer which sponsors an employee benefit plan to maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees pursuant to that plan.

76.     Sections 202, 203, and 204 of ERISA, 29 U.S.C. §§ 1052, 1053, and 1054, set forth minimum standards with regard to participation, vesting, and accrual of benefits in employee pension benefit plans.  Each of these provisions of ERISA requires that the plans take into account "hours of service," as that term is defined in regulations promulgated by the U.S. Secretary of Labor. In 29 C.F.R. § 2530.200b-2, the Secretary of Labor has defined an hour of service as, inter alia, "each hour for which an employee is paid, or entitled to payment, for the performance of duties for the employer...."

77.     Pursuant to the terms of the Cintas Partners Plan, Plaintiffs' rights to attain participant status in that plan, vest non-forfeitable rights in their accrued benefits under the plan, share in contributions to the plan and/or other aspects of Plaintiffs' rights under the plan depend, in part, on Plaintiffs' hours of service.  Plaintiffs allege on information and belief that the plan document for the Cintas Partners' Plan defines an "hour of service" to include all hours for which an employee is paid, or entitled to payment, for the performance of duties for the employer.

78.     By Cintas's failure to record and/or report all of the hours worked by its Service Sales Representatives, including the Plaintiffs and members of the prospective Class, Cintas has failed to maintain records with respect to each of its employees sufficient to determine the participation, vesting, and benefit accrual rights of its plan participants, in violation of Section 209(a)(1) of ERISA.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - No. C-03-1180-SBA                                                    - 27 -

79.     To remedy this violation of ERISA by Cintas, Plaintiffs on behalf of themselves and members of the prospective Class seek injunctive relief and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

80.     Plaintiffs on behalf of themselves and members of the prospective Class, seek recovery of their attorneys' fees, expenses, and costs of action to be paid by Cintas, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**SECOND CLAIM FOR RELIEF**

**[Against Defendants Cintas, Plan Administrator and Does 1-10]**

**(Pursuant to Section 502(a)(3) of ERISA to Remedy Failures to Credit Service)**

81.     Plaintiffs Paul Veliz, James White, Mark Chainuck, Jeff Jay, Tade L. Wasmer, Aaron M. Zadnik, Bobby C. Hodge, Noel Lloyd, Kelly Smith, Earl G. Woods Jr., Wayne Edwards, Wilfredo Huertas Jr., Amber Kelly, Derek Samuels, Samuel Williams, Tom Jamarillo, John Cruz, Bryan Cruse, Julian Nazareth, and Mark Fragola on behalf of themselves and all members of the prospective ERISA Class, reallege and incorporate by reference paragraphs 1 through 80 as if they were set forth again herein.

82.     Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), requires employee benefit plan fiduciaries to discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

83.     At all relevant times, the governing instrument of the Cintas Partners Plan has conferred on defendant Plan Administrator of the Cintas Partners Plan discretionary authority, responsibility, and/or control with respect to the crediting of hours of service, thereby rendering the Plan Administrator of the Cintas Partners Plan a fiduciary in that regard.  On information and belief, defendant Plan Administrator of the Cintas Partners Plan has exercised actual discretionary authority, responsibility, and/or control in determining what hours of service would and would not

1   be credited by the Cintas Partners Plan.  By reason of the exercise of such discretion, the Plan

2   Administrator of the Cintas Partners Plan has been a fiduciary of that plan with respect to the

3   crediting of hours of service.  On further information and belief, defendants Cintas and Does 1-10

4   have exercised actual discretionary authority, responsibility, and/or control in determining what

5   hours of service would and would not be credited by the Cintas Partners Plan.  By reason of the

6   exercise of such discretion, defendants Cintas and Does 1-10 have been fiduciaries of that plan with

7   respect to the crediting of hours of service.

8       84.     Defendants Plan Administrator of the Cintas Partners Plan, Cintas and Does 1-10

9   have breached their fiduciary duties by failing to credit as hours of service overtime performed by

10  Service Sales Representatives employed by Cintas.

11      85.     Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Plaintiffs on behalf

12  of themselves and all members of the prospective Class seek an injunction requiring defendants to

13  credit all members of the prospective Class with hours of service for all of the past and future work

14  performed by those Class members.

15      86.     Plaintiffs on behalf of themselves and members of the prospective Class, seek

16  recovery of their attorneys' fees and costs of action to be paid by defendants, as provided by Section

17  502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

18  **THIRD CLAIM FOR RELIEF**

19  **[Against Defendants Cintas and Does 11-25]**

20  **(FLSA Claims, 29 U.S.C. §§201, *et seq.*, Brought by All Plaintiffs
    on Behalf of Themselves and All Members of the Nationwide**

21  **FLSA Collective Plaintiffs)**

22      87.     Plaintiffs Paul Veliz, James White, Mark Chainuck, Jeff Jay, Tade L. Wasmer, Aaron

23  M. Zadnik, Bobby C. Hodge, Noel Lloyd, Kelly Smith, Earl G. Woods Jr., Wayne Edwards,

24  Wilfredo Huertas Jr., Amber Kelly, Derek Samuels, Samuel Williams, Tom Jamarillo, John Cruz,

25  Bryan Cruse, Julian Nazareth, and Mark Fragola on behalf of themselves and all Nationwide FLSA

26  Collective Plaintiffs, reallege and incorporate by reference paragraphs 1 through 86 as if they were

27  set forth again herein.

28

FIRST  AMENDED  COMPLAINT  FOR  INJUNCTIVE  RELIEF  AND
DAMAGES - No. C-03-1180-SBA                                    - 29 -

88.    At all relevant times, Cintas has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Cintas has employed, and continues to employ, "employee[s]," including the Plaintiffs and each of the collective Nationwide FLSA Collective Plaintiffs.  At all relevant times, Cintas has had gross operating revenues in excess of $500,000.

89.    Defendant Cintas operates, and at all times during the liability period, has operated a uniform supply company which designs, manufactures and delivers employee uniforms and related products to its industrial customers on a regular basis.

90.    Each of the Plaintiffs identified in paragraphs 8 through 27 consents to sue in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §216(b).  Additional Plaintiffs have and/or will be signing consent forms and joining as Plaintiffs on this claim in the future.

91.    The FLSA requires each covered employer, such as Defendant Cintas, to compensate each of its non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

92.    Defendant has employed and continues to employ numerous Service Sales Representatives, including Plaintiffs, to deliver clean uniforms, mats, and other products to industrial customers on a daily basis and otherwise to service existing customers of Cintas.  The primary function of Service Sales Representatives is to service customer contracts, which are obtained, negotiated, renewed and modified by Cintas's separate sales force, by supervising or performing the loading of clean employee uniforms and other items to be delivered, making regular deliveries of clean uniforms, collecting, counting and returning dirty uniforms, processing customer requests for uniform repairs, sizing changes on uniforms, addressing customer concerns, and otherwise servicing contracts of existing customers.

93.    Plaintiffs and Nationwide FLSA Collective Plaintiffs are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that Cintas pay them overtime compensation under the FLSA.  The Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

94.     At all relevant times, Cintas had a policy and practice of failing and refusing to pay overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours per week, whether through the failure to provide any overtime pay, the denial of premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums according to law.

95.     As a result of Cintas's failure to compensate its Service Sales Representatives, including the Plaintiffs and Nationwide FLSA Collective Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week, Cintas has violated, and continues to violate, the FLSA, including 29 U.S.C. §§207(a)(1) and 215(a).

96.     As a result of Cintas's failure to record, report, credit, and/or compensate its Service Sales Representatives, including the Plaintiffs and Nationwide FLSA Collective Plaintiffs, Cintas has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and 215(a).

97.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

98.     Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

99.     Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek recovery of their attorneys' fees and costs of action to be paid by Cintas, as provided by the FLSA, 29 U.S.C. §216(b).

**FOURTH CLAIM FOR RELIEF**

**[Against Defendants Cintas and Does 11-25]**

**(Cal. Labor Code §203, 1194; Cal. Wage Orders Nos. 4
and/or 7, Brought by Plaintiffs Paul Veliz and James White
on Behalf of Themselves and All Members of the California Subclass)**

100.     Plaintiffs Paul Veliz and James White ("California Class Representatives"), on behalf of themselves and all members of the California Subclass, reallege and incorporate by reference paragraphs 1 through 99 as if they were set forth again herein.

101.     Under California Labor Code §510 and Industrial Wage Commission wage order No.4, Defendants were and are obligated to compensate California Class Representatives and all members of the California Subclass at an overtime premium for all hours worked in excess of eight (8) hours in one day and/or in excess of forty (40) hours in a work week.  Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

102.     Sections 201 and 202 of the Labor Code require Defendants to pay its employees all wages due within 72 hours of termination of employment.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

103.     Under California Labor Code §226.7, an employer is required to provide paid rest periods to its employees.

104.     California Class Representatives and all members of the California Subclass were regularly required to work in excess of forty (40) hours per week and/or eight (8) hours in one work day, but were not paid for all such overtime work as required by California law.  Nor were the California Class Representatives and all similarly situated Service Sales Representatives provided paid rest periods as was required under California law.

105.     By failing to pay all overtime compensation due, whether through the failure to provide any overtime pay, the denial of premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums according to law, by failing to pay all wages when due, and by failing to provide paid rest periods to the California Class Representatives and all members of the California Subclass, Defendants willfully, knowingly and/or recklessly violated California wage and hour laws, which require overtime compensation and paid rest periods be provided to non-exempt employees such as Service Sales Representatives.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                                    - 32 -

106.    As a result of Defendants' policy and practice of withholding overtime compensation, failing to pay all wages owed when due, and failing to provide paid rest periods, the California Class Representatives and all members of the California Subclass have been damaged in that they have not received wages due to them pursuant to California wage and hour laws, in violation of Labor Code §203.

107.    Defendants have made it difficult to account with precision for the unpaid overtime worked by their Service Sales Representatives during the liability period, because they did not make, keep, and preserve the recorded hours worked by such employees as required for non-exempt employees by California Labor Code § 1174(d) and applicable wage orders.

108.    Defendants' failure to retain records of hours worked by Service Sales Representatives was willful and deliberate, and designed to serve its policy of unlawfully denying overtime compensation to persons employed as Service Sales Representatives.

109.    As a result of the unlawful acts of Defendants, the California Class Representatives and all members of the California Subclass have been deprived and continue to be deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts pursuant to California Labor Code § 1194, attorneys' fees, costs, statutory penalties, and other compensation.

**FIFTH CLAIM FOR RELIEF**

**[Against Defendants Cintas and Does 11-25]**

**(Cal. Bus. & Prof. Code §§17200-17208, Brought by
Plaintiffs Paul Veliz and James White Behalf of Themselves
and All Members of the California Subclass)**

110.    Plaintiffs Paul Veliz and James White incorporate paragraphs 1 through 109 as though fully set forth herein.

111.    The California Representatives, on behalf of themselves, the California Subclass and the general public, bring this claim pursuant to Cal. Business & Professions Code §§17200, *et seq.* The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to plaintiffs, the general public, and the California Subclass.  Plaintiffs seek

1   to enforce important rights affecting the public interest within the meaning of Cal. Code of Civil

2   Procedure §1021.5.

3       112.   The prompt payment of overtime pay and other legally required wages and benefits

4   is a fundamental public policy of the State of California.  Cal. Labor Code §90.5(a) articulates the

5   public policies of this State to enforce minimum labor standards vigorously, to ensure that

6   employees are not required or permitted to work under substandard and unlawful conditions, and

7   to protect law-abiding employers and their employees from competitors who lower their costs by

8   failing to comply with minimum labor standards.

9       113.   Through their failures to pay legally-required overtime wages, to provide itemized

10  statements of hours worked with payments of wages, to pay wages when due, to provide paid break

11  time, and other conduct alleged herein, Cintas has violated numerous specific provisions of state and

12  federal law and have engaged in unlawful and unfair business practices in violation of Cal. Business

13  & Professions Code §§17200, *et seq.*, depriving the plaintiffs Paul Veliz and James White, all

14  persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed

15  to all employees under law.

16      114.   Injunctive relief pursuant to Cal. Business and Professions Code §17203 is necessary

17  to prevent Cintas from continuing to engage in unfair business practices as alleged in this Complaint.

18  Defendants, and each of them, and/or persons acting in concert with them, have done, are now

19  doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless

20  restrained and enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity

21  of actions will result.  Plaintiffs have no plain, speedy, or adequate remedy at law, for reasons which

22  include but are not limited to the following: (a) it is difficult to measure the amount of monetary

23  damages that would compensate Plaintiffs for defendants' wrongful acts; and (b) in any event,

24  pecuniary compensation alone would not afford adequate and complete relief.  The continuing

25  violation of law, by defendants, will cause great and irreparable damage to Plaintiffs and others

26  similarly situated unless defendants are immediately restrained from committing further illegal acts.

27      115.   Cal. Business and Professions Code §17203 provides that the Court may restore to

28  an aggrieved party any money or property acquired by means of unlawful and unfair business

practices.   Plaintiffs seek restitution of all unpaid wages owing to the members of the class, according to proof, as well as all other available equitable relief.

**SIXTH CLAIM FOR RELIEF**

**[Against Defendants Cintas and Does 11-25]**

**(Colorado Wage Act Claims, Colo. Rev. Stat. §§8-4-100, *et seq.*, and Colorado Minimum Wage Order Number 22, Colo. Code of Regs. §§1103-1, *et seq.* Brought by Plaintiff Tom Jamarillo on behalf of Himself and All Members of the Colorado Subclass)**

116.   Plaintiff Tom Jamarillo ("the Colorado Class Representative") on behalf of himself and all members of the Colorado Subclass, realleges and incorporates by reference paragraphs 1 through 115 as if they were set forth again herein.

117.   Plaintiff Tom Jamarillo brings this action on behalf of the Colorado Subclass because Colorado law provides the Colorado Subclass with certain benefits and protections not accorded under federal law, including the ability to recover withheld overtime wages despite not filing a consent to join the FLSA action, and the lack of any exemption similar to the FLSA's Motor Carrier Act exemption.

118.   At all relevant times, Cintas has been, and continues to be, an "employer" within the meaning of Colo. Rev. Stat. §§8-4-100, *et seq.*, and Colo. Code Regs. §§1103-1, *et seq.*  At all relevant times, Cintas has employed, and continues to employ, employees, including the Colorado Class Representative and all members of the Colorado Subclass, within the meaning of Colo. Rev. Stat. §§8-4-100, *et seq.*, and Colo. Code Regs. §§1103-1, *et seq.*

119.   The Colorado Wage Claim Act and the Colorado Minimum Wage Order requires an employer, such as Defendant Cintas, to pay overtime compensation to all non-exempt employees. Neither the Colorado Class Representative nor the members of the Colorado Subclass are exempt from overtime pay requirements under Colorado law and, thus, are entitled to be paid overtime compensation for all overtime hours worked.

120.   At all relevant times, Cintas had a policy and practice of failing and refusing to pay overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours per week, whether through the failure to provide any overtime pay, the denial of premium pay for

1   all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums

2   according to law.

3       121.    Under the Colorado Wage Claims Act, Colo. Rev. Stat. §§8-4-105 and 8-4-109,

4   Cintas is obligated to pay all wages owed when due.  By failing to pay all overtime as alleged herein,

5   Cintas has violated the rights of the Colorado Class Representative and the members of the Colorado

6   Subclass to full and timely payment under the law.

7       122.    As a result of Cintas's failure to pay wages earned and due, and its decision to

8   withhold wages earned and due its non-exempt Service Sales Representatives employed by Cintas

9   in the State of Colorado, including the Colorado Class Representative and all members of the

10  Colorado Subclass, for work performed at the regular hourly wage rate or at a rate not less than one

11  and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work

12  week, Cintas has violated, and continues to violate, Colo. Rev. Stat. §§8-4-105 and 8-4-109, and

13  Colo. Code Regs. 1103-1.

14      123.    As a result of Cintas's failure to pay wages earned and due, and its decision to

15  withhold wages earned and due its non-exempt Service Sales Representatives who were, are or will

16  be employed by Cintas in the State of Colorado and/or who were or will be separated from their

17  respective employment with Cintas, including Plaintiff Tom Jamarillo and former employees who

18  are members of the prospective Colorado Subclass, for work performed at the regular hourly wage

19  rate or at a rate not less than one and one-half times the regular rate of pay for work performed in

20  excess of forty (40) hours in a work week, Cintas has violated, and continues to violate, Colo. Rev.

21  Stat. §§8-4-105 and 8-4-109, and Colo. Code Regs. 1103-1.

22      124.    As a result of Cintas's failure to record, report, credit, and furnish to each of its non-

23  exempt Service Sales Representatives employed by Cintas in the State of Colorado, including the

24  Colorado Class Representatives and all members of the Colorado Subclass, their respective wage

25  and hour records showing all wages earned and due for all work performed, Cintas has failed to

26  make, keep, preserve, and furnish such records in violation of Colo. Code Regs. 1103-1.

27      125.    The Colorado Class Representative, on behalf of himself and members of the

28  prospective Colorado Subclass, seeks damages in the amount of the respective unpaid wages earned

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                    - 36 -

1    and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular

2    rate of pay for work performed in excess of forty (40) hours in a work week, as provided by Colo.

3    Code Regs. 1103-1, and such other legal and equitable relief from Cintas's unlawful and willful

4    conduct as the Court deems just and proper.

5         126.    The Colorado Class Representative, on behalf of himself and members of the

6    prospective Colorado Subclass, seeks recovery of attorneys' fees and costs of action to be paid by

7    Cintas, as provided by Colo. Rev. Stat. §§8-4-114 and 8-6-118, and Colo. Code Regs. 1103-1.

8                                **SEVENTH CLAIM FOR RELIEF**

9                        **[Against Defendants Cintas and Does 11-25]**

10                   **(Connecticut Wage and Hour Act Claims, Conn. Gen. Stat. §§31-71b, *et seq.***
                     **Brought by Plaintiff Mark Fragola on Behalf of Himself and All Members**
11                                **of the Connecticut Subclass)**

12        127.    Plaintiff Mark Fragola ("the Connecticut Class Representative") on behalf of himself

13   and all members of the Connecticut Subclass, realleges and incorporates by reference paragraphs

14   1 through 126 as if they were set forth again herein.

15        128.    Plaintiff Mark Fragola brings this action on behalf of the Connecticut Subclass

16   because Connecticut law provides the Connecticut Subclass with certain benefits and protections

17   not accorded under federal law, including the ability to recover withheld overtime wages despite not

18   filing a consent to join the FLSA action, and the lack of any exemption similar to the FLSA's Motor

19   Carrier Act exemption.

20        129.    At all relevant times, Cintas has been, and continues to be, an "employer" within the

21   meaning of Conn. Gen. Stat. §§31-71b, *et seq.*  At all relevant times, Cintas has employed, and

22   continues to employ, employees, including the Connecticut Class Representative and all members

23   of the Connecticut Subclass, within the meaning of Conn. Gen. Stat. §§31-71b, *et seq.*

24        130.    The Connecticut Wage and Hour Act requires an employer, such as Defendant Cintas,

25   to pay overtime compensation to all non-exempt employees.  Neither the Connecticut Class

26   Representative nor the members of the Connecticut Subclass are exempt from overtime pay

27   requirements under Connecticut law and, thus, are entitled to be paid overtime compensation for all

28   overtime hours worked.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                              - 37 -

131.   At all relevant times, Cintas had a policy and practice of failing and refusing to pay overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours per week, whether through the failure to provide any overtime pay, the denial of premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums according to law.

132.   Under the Connecticut Wage and Hour Act, Conn. Gen. Stat. §§31-71b and 31-71c, Cintas is obligated to pay all wages owed when due.  By failing to pay all overtime as alleged herein, Cintas has violated the rights of the Connecticut Class Representative and the members of the Connecticut Subclass to full and timely payment under the law.

133.   As a result of Cintas's failure to pay wages earned and due, and its decision to withhold wages earned and due, its non-exempt Service Sales Representative employed by Cintas in the State of Connecticut, including the Connecticut Class Representative and all members of the Connecticut Subclass, for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Cintas has violated, and continues to violate, Conn. Gen. Stat. §§31-71b, 31-71c, and 31-76c.

134.   As a result of Cintas's failure to pay wages earned and due, and its decision to withhold wages earned and due its non-exempt Service Sales Representatives who were, are or will be employed by Cintas in the State of Connecticut and/or who were or will be separated from their respective employment with Cintas, including Plaintiff Mark Fragola and former employees who are members of the prospective Connecticut Subclass, for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Cintas has violated, and continues to violate, Conn. Gen. Stat. §§31-71b, 31-71c, and 31-76c.

135.   As a result of Cintas's failure to record, report, credit, and furnish to each of its non-exempt Service Sales Representatives employed by Cintas in the State of Connecticut, including the Connecticut Class Representatives and all members of the Connecticut Subclass, their respective

1   wage and hour records showing all wages earned and due for all work performed, Cintas has failed

2   to make, keep, preserve, and furnish such records in violation of Conn. Gen. Stat. §31-66.

3      136.   The Connecticut Class Representative, on behalf of himself and members of the

4   prospective Connecticut Subclass, seeks damages in the amount of the respective unpaid wages

5   earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the

6   regular rate of pay for work performed in excess of forty (40) hours in a work week, as provided by

7   Conn. Gen. Stat. §31-76c, and such other legal and equitable relief from Cintas's unlawful and

8   willful conduct as the Court deems just and proper.

9      137.   The Connecticut Class Representative, on behalf of himself and members of the

10   prospective Connecticut Subclass, seeks recovery of attorneys' fees and costs of action to be paid

11   by Cintas, as provided by Conn. Gen. Stat. §31-72.

12                    **EIGHTH CLAIM FOR RELIEF**

13              **[Against Defendants Cintas and Does 11-25]**

14   **(Illinois Minimum Wage Law Claims, 820 Ill. Comp. Stat. §§105/1, *et seq.*,**
     **Brought by Plaintiffs Mark Chainuck, Jeff Jay, Tade L. Wasmer,**

15   **and Aaron M. Zadnik on Behalf of Themselves and All**
     **Members of the Illinois Subclass)**

16

17      138.   Plaintiffs Mark Chainuck, Jeff Jay, Tade L. Wasmer, and Aaron M. Zadnik ("the

     Illinois Class Representatives"), on behalf of themselves and all prospective members of the Illinois

18

19   Subclass, reallege and incorporate by reference paragraphs 1 through 137 as if they were set forth

     again herein.

20

21      139.   The Illinois Class Representatives bring this action on behalf of the Illinois subclass

22   because Illinois law provides the Illinois subclass with certain benefits and protections not accorded

23   under federal law, including the ability to seek injunctive relief, the absence of a "good faith"

     affirmative defense to liability, an unqualified three year statute of limitations, the ability to recover

24

25   withheld overtime wages despite not filing a consent to join the FLSA action, and the ability to seek

     punitive damages.

26

27      140.   At all relevant times, Cintas has been, and continues to be, an "employer" within the

28   meaning of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §105/3.  At all relevant times,

1    Cintas has employed, and continues to employ, employees, including the Illinois Class

2    Representatives and each of the members of the prospective Illinois Subclass, within the meaning

3    of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§105/1, *et seq.*

4          141.    The Illinois Minimum Wage Law requires an employer, such as Cintas, to pay

5    overtime compensation to all non-exempt employees.  The Illinois Class Representatives and

6    members of the Illinois subclass are not exempt from overtime pay requirements under Illinois law

7    and, thus, are entitled to be paid overtime compensation for all overtime hours worked.

8          142.    At all relevant times, Cintas had a policy and practice of failing and refusing to pay

9    overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours

10   per week, whether through the failure to provide any overtime pay, the denial of premium pay for

11   all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums

12   according to law.

13         143.    As a result of Cintas's failure to pay wages earned and due, and its decision to

14   withhold wages earned and due its non-exempt Service Sales Representatives employed by Cintas

15   in the State of Illinois, including  the Illinois Class Representatives and members of the prospective

16   Illinois Subclass, for work performed at the regular hourly wage rate or at a rate not less than one

17   and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work

18   week, Cintas has violated, and continues to violate, the Illinois Minimum Wage Law, 820 Ill. Comp.

19   Stat. §105/4a.

20         144.    As a result of Cintas's failure to pay wages earned and due, and its decision to

21   withhold wages earned and due its non-exempt Service Sales Representatives who were, are or will

22   be employed by Cintas in the State of Illinois and/or who were or will be separated from their

23   respective employment with Cintas, including the Illinois Class Representatives and former

24   employees who are members of the prospective Illinois Subclass, for work performed at the regular

25   hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work

26   performed in excess of forty (40) hours in a work week, Cintas has violated, and continues to

27   violate, the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §105/4a.

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                                    - 40 -

145.     As a result of Cintas's failure to record, report, credit, and furnish to each of its non-exempt Service Sales Representatives employed by Cintas in the State of Illinois, including the Illinois Class Representatives and members of the prospective Illinois Subclass, their respective wage and hour records showing all wages earned and due for all work performed, Cintas has failed to make, keep, preserve, and furnish such records in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §105/8.

146.     The Illinois Class Representatives, on behalf of themselves and members of the prospective Illinois Subclass, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, punitive damages in the amount of 2 percent of the amount of any such underpayments for each month following the underpayment as provided by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §105/12, and such other legal and equitable relief as the Court deems just and proper.

147.     The Illinois Class Representatives, on behalf of themselves and members of the prospective Illinois Subclass, seek recovery of attorneys' fees and costs of action to be paid by Cintas, as provided by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §105/12.

**NINTH CLAIM FOR RELIEF**

**[Against Defendants Cintas and Does 11-25]**

**(Indiana Minimum Wage Law of 1965 Claims,
Ind. Stat. §§22-2-2-1, *et seq.*, Brought by Plaintiff John Cruz on Behalf
of Himself and All Members of the Indiana Subclass)**

148.     Plaintiff John Cruz ("the Indiana Class Representative") on behalf of himself and all members of the Indiana Subclass, realleges and incorporates by reference paragraphs 1 through 147 as if they were set forth again herein.

149.     Plaintiff John Cruz brings this action on behalf of the Indiana Subclass because Indiana law provides the Indiana Subclass with certain benefits and protections not accorded under federal law, including the absence of a "good faith" defense to liability, the ability to recover withheld overtime wages despite not filing a consent to join the FLSA action, and the lack of any exemption similar to the FLSA's Motor Carrier Act exemption.

150.    At all relevant times, Cintas has been, and continues to be, an "employer" within the meaning of Ind. Stat. §§22-2-2-1, *et seq.*  At all relevant times, Cintas has employed, and continues to employ, employees, including the Indiana Class Representative and all members of the Indiana Subclass, within the meaning of Ind. Stat. §§22-2-2-1, *et seq.*

151.    The Indiana Minimum Wage Law of 1965 requires an employer, such as Defendant Cintas, to pay overtime compensation to all non-exempt employees.  Neither the Indiana Class Representative nor the members of the Indiana Subclass are exempt from overtime pay requirements under Indiana law and, thus, are entitled to be paid overtime compensation for all overtime hours worked.

152.    At all relevant times, Cintas had a policy and practice of failing and refusing to pay overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours per week, whether through the failure to provide any overtime pay, the denial of premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums according to law.

153.    Under the Indiana Minimum Wage Law of 1965, Ind. Stat. §§ 22-2-4-4, 22-2-5-1 and 22-2-5-2, Cintas is obligated to pay all wages owed when due.  By failing to pay all overtime as alleged herein, Cintas has violated the rights of the Indiana Class Representative and the members of the Indiana Subclass to full and timely payment under the law.

154.    As a result of Cintas's failure to pay wages earned and due, and its decision to withhold wages earned and due, its non-exempt Service Sales Representatives employed by Cintas in the State of Indiana, including the Indiana Class Representative and all members of the Indiana Subclass, for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Cintas has violated, and continues to violate, Ind. Stat. §§22-2-4-4, 22-2-5-1, 22-2-5-2 and 22-2-2-4.

155.    As a result of Cintas's failure to pay wages earned and due, and its decision to withhold wages earned and due, its non-exempt Service Sales Representatives who were, are or will be employed by Cintas in the State of Indiana and/or who were or will be separated from their respective employment with Cintas, including Plaintiff John Cruz and former employees who are

1   members of the prospective Indiana Subclass, for work performed at the regular hourly wage rate

2   or at a rate not less than one and one-half times the regular rate of pay for work performed in excess

3   of forty (40) hours in a work week, Cintas has violated, and continues to violate, Ind. Stat. §§22-2-4-

4   4, 22-2-5-1, 22-2-5-2 and 22-2-2-4.

5        156.   As a result of Cintas's failure to record, report, credit, and furnish to each of its non-

6   exempt Service Sales Representatives employed by Cintas in the State of Indiana, including the

7   Indiana Class Representative and all members of the Indiana Subclass, their respective wage and

8   hour records showing all wages earned and due for all work performed, Cintas has failed to make,

9   keep, preserve, and furnish such records in violation of Ind. Stat. §§22-2-2-8 and 22-2-2-11.

10        157.   The Indiana Class Representative, on behalf of himself and members of the

11   prospective Indiana Subclass, seek damages in the amount of the respective unpaid wages earned

12   and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular

13   rate of pay for work performed in excess of forty (40) hours in a work week, as provided by Ind.

14   Stat. §22-2-4, and such other legal and equitable relief from Cintas's unlawful and willful conduct

15   as the Court deems just and proper.

16        158.   The Indiana Class Representative, on behalf of himself and members of the

17   prospective Indiana Subclass, seeks recovery of attorneys' fees and costs of action to be paid by

18   Cintas, as provided by Ind. Stat. §22-2-2-9.

19   **TENTH CLAIM FOR RELIEF**

20   **[Against Defendants Cintas and Does 11-25]**

21   **(Michigan Minimum Wage Law Claims,**
**Mich. Comp. Laws, §§408.381, *et seq.*, Brought by Plaintiffs**
22   **Bobby C. Hodge, Noel Lloyd, Kelly Smith, and Earl G. Woods Jr.**
**on Behalf of Themselves and All Members of the Michigan Subclass)**

23        159.   Plaintiffs Bobby C. Hodge, Noel Lloyd, Kelly Smith, and Earl G. Woods Jr.("the

24   Michigan Class Representatives") on behalf of themselves and all members of the Michigan

25   Subclass, reallege and incorporate by reference paragraphs 1 through 158 as if they were set forth

26   again herein.

27

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                            - 43 -

160.    Plaintiffs Bobby C. Hodge, Noel Lloyd, Kelly Smith, and Earl G. Woods Jr. bring this action on behalf of the Michigan Subclass because Michigan law provides the Michigan Subclass with certain benefits and protections not accorded under federal law, including the ability to seek injunctive relief, the absence of a "good faith" affirmative defense to liability, an unqualified three-year statute of limitations, the ability to recover withheld overtime wages despite not filing a consent to join the FLSA action, and the lack of any exemption similar to the FLSA's Motor Carrier Act exemption.

161.    At all relevant times, Cintas has been, and continues to be, an "employer" within the meaning of Mich. Comp. Laws §§408.381, *et seq*.  At all relevant times, Cintas has employed, and continues to employ, employees, including the Michigan Class Representatives and all members of the Michigan Subclass, within the meaning of Mich. Comp. Laws §§408.381, *et seq*.

162.    The Michigan Wage and Hour laws require an employer, such as Defendant Cintas, to pay overtime compensation to all non-exempt employees.  Neither the Michigan Class Representatives nor the members of the Michigan Subclass are exempt from overtime pay requirements under Michigan law and, thus, are entitled to be paid overtime compensation for all overtime hours worked.

163.    At all relevant times, Cintas had a policy and practice of failing and refusing to pay overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours per week, whether through the failure to provide any overtime pay, the denial of premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums according to law.

164.    As a result of Cintas's failure to pay wages earned and due, and its decision to withhold wages earned and due, its non-exempt Service Sales Representatives employed by Cintas in the State of Michigan, including the Michigan Class Representatives and all members of the Michigan Subclass, for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Cintas has violated, and continues to violate, Mich. Comp. Laws §§408.383, 408.384(a) and 408.393, respectively.

165.     As a result of Cintas's failure to pay wages earned and due, and its decision to withhold wages earned and due, its non-exempt Service Sales Representatives who were, are or will be employed by Cintas in the State of Michigan and/or who were or will be separated from their respective employment with Cintas, including Plaintiffs Bobby C. Hodge, Noel Lloyd, Kelly Smith, Earl G. Woods Jr. and former employees who are members of the prospective Michigan Subclass, for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Cintas has violated, and continues to violate, Mich. Comp. Laws §§408.383, 408.384(a) and 408.393 respectively.

166.     As a result of Cintas's failure to record, report, credit, and furnish to each of its non-exempt Service Sales Representatives employed by Cintas in the State of Michigan, including the Michigan Class Representatives and all members of the Michigan Subclass, their respective wage and hour records showing all wages earned and due for all work performed, Cintas has failed to make, keep, preserve, and furnish such records in violation of Mich. Comp. Laws §408.391.

167.     The Michigan Class Representatives, on behalf of themselves and members of the prospective Michigan Subclass, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, as provided by Mich. Comp. Laws §§408.384(a)(1) and 408.393(1), and an equal additional amount as liquidated damages as provided in Mich. Comp. Laws §408.393(1), and such other legal and equitable relief from Cintas's unlawful and willful conduct as the Court deems just and proper.

168.     The Michigan Class Representatives, on behalf of themselves and members of the prospective Michigan Subclass, seek recovery of attorneys' fees and costs of action to be paid by Cintas, as provided by Mich. Comp. Laws §408.393(1).

### ELEVENTH CLAIM FOR RELIEF

### [Against Defendants Cintas and Does 11-25]

**(Missouri Wage and Hour Law Claims, Mo. Rev. §§290.500, *et seq.*, Brought by Plaintiff Bryan Cruse on Behalf of Himself and All Members of the Missouri Subclass)**

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - No. C-03-1180-SBA                                                                     - 45 -

169.    Plaintiff Bryan Cruse ("the Missouri Class Representative") on behalf of himself and all members of the Missouri Subclass, realleges and incorporates by reference paragraphs 1 through 168 as if they were set forth again herein.

170.    Plaintiff Bryan Cruse brings this action on behalf of the Missouri Subclass because Missouri law provides the Missouri Subclass with certain benefits and protections not accorded under federal law, including the absence of a "good faith" affirmative defense to liability, the ability to recover withheld overtime wages despite not filing a consent to join the FLSA action, and the lack of any exemption similar to the FLSA's Motor Carrier Act exemption.

171.    At all relevant times, Cintas has been, and continues to be, an "employer" within the meaning of Mo. Rev. §§290.500, *et seq.*  At all relevant times, Cintas has employed, and continues to employ, employees, including the Missouri Class Representative and all members of the Missouri Subclass, within the meaning of Mo. Rev. Stat. §§290.500, *et seq.*

172.    The Missouri Wage and Hour laws require an employer, such as Defendant Cintas, to pay overtime compensation to all non-exempt employees.  Neither the Missouri Class Representative nor the members of the Missouri Subclass are exempt from overtime pay requirements under Missouri law and, thus, are entitled to be paid overtime compensation for all overtime hours worked.

173.    At all relevant times, Cintas had a policy and practice of failing and refusing to pay overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours per week, whether through the failure to provide any overtime pay, the denial of premium pay for all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums according to law.

174.    Under Missouri Wage and Hour Law, Mo. Rev. Stat. §290.527, Cintas is obligated to pay all wages owed when due.  By failing to pay all overtime as alleged herein, Cintas has violated the rights of the Missouri Class Representative and the members of the Missouri Subclass to full and timely payment under the law.

175.   As a result of Cintas's failure to pay wages earned and due, and its decision to withhold wages earned and due, its non-exempt Service Sales Representatives employed by Cintas in the State of Missouri, including the Missouri Class Representative and all members of the Missouri Subclass, for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Cintas has violated, and continues to violate, Mo. Rev. Stat. §§290.527 and 290.505.

176.   As a result of Cintas's failure to pay wages earned and due, and its decision to withhold wages earned and due, its non-exempt Service Sales Representatives who were, are or will be employed by Cintas in the State of Missouri and/or who were or will be separated from their respective employment with Cintas, including Plaintiff Bryan Cruse and former employees who are members of the prospective Missouri Subclass, for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Cintas has violated, and continues to violate, Mo. Rev. Stat. §§290.500, *et seq.*

177.   As a result of Cintas's failure to record, report, credit, and furnish to each of its non-exempt Service Sales Representatives employed by Cintas in the State of Missouri, including the Missouri Class Representative and all members of the Missouri Subclass, their respective wage and hour records showing all wages earned and due for all work performed, Cintas has failed to make, keep, preserve, and furnish such records in violation of Mo. Rev. Stat. §290.520.

178.   The Missouri Class Representative, on behalf of himself and members of the prospective Missouri Subclass, seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, as provided by Mo. Rev. Stat. §§290.527 and 290.505, and such other legal and equitable relief from Cintas's unlawful and willful conduct as the Court deems just and proper.

179.   The Missouri Class Representative, on behalf of himself and members of the prospective Missouri Subclass, seeks recovery of attorneys' fees and costs of action to be paid by Cintas, as provided by Mo. Rev. Stat. §290.527.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA

**TWELFTH CLAIM FOR RELIEF**

**[Against Defendants Cintas and Does 11-25]**

**(New Jersey Wage and Hour Law Claims, N.J. Stat. §§34:11-56a, *et seq.*, and §§2C:40A-2, Brought by Plaintiffs Wayne Edwards, Wilfredo Huertos Jr., Amber Kelly, Derek Samuels, and Samuel Williams on Behalf of Themselves and All Members of the New Jersey Subclass)**

180.    Plaintiffs Wayne Edwards, Wilfredo Huertos Jr., Amber Kelly, Derek Samuels, and Samuel Williams ("the New Jersey Class Representatives") on behalf of themselves and all members of the New Jersey Subclass, reallege and incorporate by reference paragraphs 1 through 179 as if they were set forth again herein.

181.    Plaintiffs Wayne Edwards, Wilfredo Huertos Jr., Amber Kelly, Derek Samuels, and Samuel Williams bring this action on behalf of the New Jersey Subclass because New Jersey law provides the New Jersey Subclass with certain benefits and protections not accorded under federal law, including an unqualified two year statute of limitations, the ability to recover withheld overtime wages despite not filing a consent to join the FLSA action, and the lack of any exemption similar to the FLSA's Motor Carrier Act exemption.

182.    At all relevant times, Cintas has been, and continues to be, an "employer" within the meaning of N.J. Stat. §§34:11-56a, *et seq.*  At all relevant times, Cintas has employed, and continues to employ, employees, including the New Jersey Class Representatives and all members of the New Jersey Subclass, within the meaning of N.J. Stat. §§34:11-56a, *et seq.*

183.    The New Jersey Wage and Hour laws require an employer, such as Defendant Cintas, to pay overtime compensation to all non-exempt employees.  Neither the New Jersey Class Representatives nor the members of the New Jersey Subclass are exempt from overtime pay requirements under New Jersey law and, thus, are entitled to be paid overtime compensation for all overtime hours worked.

184.    At all relevant times, Cintas had a policy and practice of failing and refusing to pay overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours per week, whether through the failure to provide any overtime pay, the denial of premium pay for

1   all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums

2   according to law.

3          185.   Under New Jersey Code of Criminal Justice, Employer Offenses, N.J. Stat. §2C:40A-

4   2, Cintas is obligated to pay all wages owed when due.  By failing to pay all overtime as alleged

5   herein, Cintas has violated the rights of the New Jersey Class Representatives and the members of

6   the New Jersey Subclass to full and timely payment under the law.

7          186.   As a result of Cintas's failure to pay wages earned and due, and its decision to

8   withhold wages earned and due, its non-exempt Service Sales Representatives employed by Cintas

9   in the State of New Jersey, including the New Jersey Class Representatives and all members of the

10  New Jersey Subclass, for work performed at the regular hourly wage rate or at a rate not less than

11  one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in

12  a work week, Cintas has violated, and continues to violate, N.J. Stat. §§34:11-56a, *et seq.*, and

13  §2C:40A-2.

14         187.   As a result of Cintas's failure to pay wages earned and due, and its decision to

15  withhold wages earned and due, its non-exempt Service Sales Representatives who were, are or will

16  be employed by Cintas in the State of New Jersey and/or who were or will be separated from their

17  respective employment with Cintas, including Plaintiffs Wayne Edwards, Wilfredo Huertos Jr.,

18  Amber Kelly, Derek Samuels, and Samuel Williams and former employees who are members of the

19  prospective New Jersey Subclass, for work performed at the regular hourly wage rate or at a rate not

20  less than one and one-half times the regular rate of pay for work performed in excess of forty (40)

21  hours in a work week, Cintas has violated, and continues to violate, N.J. Stat. §§34:11-56a, *et seq.*,

22  and §2C:40A-2.

23         188.   As a result of Cintas's failure to record, report, credit, and furnish to each of its non-

24  exempt Service Sales Representatives employed by Cintas in the State of New Jersey, including the

25  New Jersey Class Representatives and all members of the New Jersey Subclass, their respective

26  wage and hour records showing all wages earned and due for all work performed, Cintas has failed

27  to make, keep, preserve, and furnish such records in violation of N.J. Stat. §34:11-56a20.

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                          - 49 -

189.     The New Jersey Class Representatives, on behalf of themselves and members of the prospective New Jersey Subclass, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, as provided by N.J. Stat. §34:11-56a25, and such other legal and equitable relief from Cintas's unlawful and willful conduct as the Court deems just and proper.

190.     The New Jersey Class Representatives, on behalf of themselves and members of the prospective New Jersey Subclass, seek recovery of attorneys' fees and costs of action to be paid by Cintas, as provided by N.J. Stat. §34:11-56a25.

## THIRTEENTH CLAIM FOR RELIEF

### [Against Defendants Cintas and Does 11-25]

**(New York Minimum Wage Act Claims, N.Y. Lab. Law §§160, *et seq.*, and §§652, *et seq.*, Brought by Plaintiff Julian Nazareth on Behalf of Himself and All Members of the New York Subclass)**

191.     Plaintiff Julian Nazareth ("the New York Class Representative") on behalf of himself and all members of the New York Subclass, realleges and incorporates by reference paragraphs 1 through 190 as if they were set forth again herein.

192.     Plaintiff Julian Nazareth brings this action on behalf of the New York Subclass because New York law provides the New York Subclass with certain benefits and protections not accorded under federal law, including the ability to recover withheld overtime wages despite not filing a consent to join the FLSA action, and the lack of any exemption similar to the FLSA's Motor Carrier Act exemption.

193.     At all relevant times, Cintas has been, and continues to be, an "employer" within the meaning of N.Y. Labor Law §§160, *et seq.*, and §§652, *et seq.*  At all relevant times, Cintas has employed, and continues to employ, employees, including the New York Class Representative and all members of the New York Subclass, within the meaning of N.Y. Lab. Law §§160, *et seq.*, and §§652, *et seq.*

194.     The New York Wage and Hour laws require an employer, such as Defendant Cintas, to pay overtime compensation to all non-exempt employees.  Neither the New York Class

1   Representative nor the members of the New York Subclass are exempt from overtime pay

2   requirements under New York law and, thus, are entitled to be paid overtime compensation for all

3   overtime hours worked.

4       195.   At all relevant times, Cintas had a policy and practice of failing and refusing to pay

5   overtime pay to its Service Sales Representatives for their hours worked in excess of forty (40) hours

6   per week, whether through the failure to provide any overtime pay, the denial of premium pay for

7   all overtime hours actually worked, and/or the failure to calculate and pay overtime premiums

8   according to law.

9       196.   Under New York Wage and Hour Laws, N.Y. Lab. Law §191, Cintas is obligated to

10  pay all wages owed when due. By failing to pay all overtime as alleged herein, Cintas has violated

11  the rights of the New York Class Representative and the members of the New York Subclass to full

12  and timely payment under the law.

13      197.   As a result of Cintas's failure to pay wages earned and due, and its decision to

14  withhold wages earned and due, its non-exempt Service Sales Representatives employed by Cintas

15  in the State of New York, including the New York Class Representative and all members of the New

16  York Subclass, for work performed at the regular hourly wage rate or at a rate not less than one and

17  one-half times the regular rate of pay for work performed in excess of eight (8) hours a day, Cintas

18  has violated, and continues to violate, N.Y. Labor Law §§160, and 191.

19      198.   As a result of Cintas's failure to pay wages earned and due, and its decision to

20  withhold wages earned and due, its non-exempt Service Sales Representatives who were, are or will

21  be employed by Cintas in the State of New York and/or who were or will be separated from their

22  respective employment with Cintas, including Plaintiff Julian Nazareth and former employees who

23  are members of the prospective New York Subclass, for work performed at the regular hourly wage

24  rate or at a rate not less than one and one-half times the regular rate of pay for work performed in

25  excess of eight (8) hours in a day, Cintas has violated, and continues to violate, N.Y. Lab. Law

26  §§160, and 191.

27      199.   As a result of Cintas's failure to record, report, credit, and furnish to each of its non-

28  exempt Service Sales Representatives employed by Cintas in the State of New York, including the

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                           - 51 -

1  New York Class Representative and all members of the New York Subclass, their respective wage

2  and hour records showing all wages earned and due for all work performed, Cintas has failed to

3  make, keep, preserve, and furnish such records in violation of N.Y. Lab. Law §195.

4        200.    The New York Class Representative, on behalf of himself and members of the

5  prospective New York Subclass, seeks damages in the amount of the respective unpaid wages earned

6  and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular

7  rate of pay for work performed in excess of eight (8) hours in a day, as provided by N.Y. Lab. Law

8  §§160, 191, 663, and such other legal and equitable relief from Cintas's unlawful and willful conduct

9  as the Court deems just and proper.

10       201.    The New York Class Representative, on behalf of himself and members of the

11  prospective New York Subclass, seeks recovery of attorneys' fees and costs of action to be paid by

12  Cintas, as provided by N.Y. Lab. Law §663.

13                              **PRAYER FOR RELIEF**

14       WHEREFORE, Plaintiffs on behalf of themselves and all members of the proposed Class

15  and Subclasses pray for relief as follows:

16       A.    Certification of this action as a class action on behalf of the proposed Class and the

17  California, Colorado, Connecticut, Illinois, Indiana, Michigan, Missouri, New Jersey, and New York

18  Subclasses, respectively;

19       B.    Designation of this action as a collective action on behalf of the proposed Nationwide

20  FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29

21  U.S.C. §216(b) to all similarly situated members of the FLSA Opt-In Class, apprizing them of the

22  pendency of this action, and permitting them to assert timely FLSA claims in this action by filing

23  individual Consent to Sue forms pursuant to 29 U.S.C. §216(b), and a tolling of the statute of

24  limitations on the claims of all members of the FLSA Opt-In Class from the date the original

25  complaint was filed until the class members are provided with reasonable notice of the pendency of

26  this action and a fair opportunity to exercise their right to opt in as plaintiffs.

27       C.    Designation of Representative Plaintiffs Paul Veliz, James White, Mark Chainuck,

28  Jeff Jay, Tade L. Wasmer, Aaron M. Zadnik, Bobby C. Hodge, Noel Lloyd, Kelly Smith, Earl G.

1   Woods Jr., Wayne Edwards, Wilfredo Huertas Jr., Amber Kelly, Derek Samuels, Samuel Williams,

2   Tom Jamarillo, John Cruz, Bryan Cruse, Julian Nazareth and Mark Fragola as representatives of the

3   Nationwide FLSA Collective Plaintiffs and as representatives of the ERISA Class; designation of

4   Plaintiffs Paul Veliz and James White as representatives of the California Subclass; designation of

5   Plaintiffs Mark Chainuck, Jeff Jay, Tade L. Wasmer, and Aaron M. Zadnik as representatives of the

6   Illinois Subclass; designation of Plaintiffs Bobby C. Hodge, Noel Lloyd, Kelly Smith, and Earl G.

7   Woods Jr. as representatives of the Michigan Subclass; designation of Plaintiffs Wayne Edwards,

8   Wilfredo Huertos Jr., Amber Kelly, Derek Samuels, and Samuel Williams as representatives of the

9   New Jersey Subclass; designation of Plaintiff Tom Jamarillo as representative of the Colorado

10  Subclass; designation of Plaintiff John Cruz as representative of the Indiana Subclass; designation

11  of designation of Plaintiff  Bryan Cruse as representative of the Missouri Subclass; designation of

12  Plaintiff Julian Nazareth as representative of the New York Subclass; and designation of Mark

13  Fragola as representative of the Connecticut Subclass.

14          D.      For the ERISA claims:

15                  (1)     Declaration that Defendant Cintas has violated Section 209(a) of ERISA, 29

16  U.S.C. § 1129(a);

17                  (2)     Appropriate equitable and injunctive relief to remedy Cintas's violations of

18  Section 209(a) of ERISA;

19                  (3)     A declaration that Defendants have breached their fiduciary duties by failing

20  to credit the Plaintiffs and all Class members with hours of service for all work performed, as

21  required by ERISA and under the terms of the Cintas Partners' Plan;

22                  (4)     An order requiring defendants to remedy their breaches of fiduciary duty by

23  crediting all Class members with hours of service for all of their past, present, and future

24  uncompensated work through proper allocations and/or further contributions to the Cintas Partners'

25  Plan;

26                  (5)     Such other relief as the Court may deem just and proper; and

27                  (6)     Attorneys' fees and costs of suit;

28          E.      For the claims other than those brought under ERISA:

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - No. C-03-1180-SBA                                                    - 53 -

1        (1)      A declaratory judgment that the practices complained of herein are unlawful

2   under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*; California Labor Code §§1194, *et seq.*

3   and Wage Orders Nos. 4 and/or 7; the Colorado Wage Claim Act, Colo. Rev. Stat. §§8-4-100, *et*

4   *seq.*, and Colorado Minimum Wage Order Number 22, Colo. Code of Regs. §§1103-1, *et seq.*; the

5   Connecticut Wage and Hour Act, Conn. Gen. Stat. §§31-71b, *et seq.*; Illinois Minimum Wage Law,

6   820 Ill. Comp. Stat. §§105/1, *et seq.*; the Indiana Minimum Wage Law of 1965, Ind. Stat. §§22-2-2-

7   1, *et seq.*; Michigan Minimum Wage Law, Mich.Comp. Laws, §§ 408.381, *et seq.*; Missouri Wage

8   and Hour Law, Mo. Rev. Stat. §§290.500, *et seq.*; New Jersey Wage and Hour Law, N.J. Stat.

9   §§34:11-56(a) *et seq.*; and New York Minimum Wage Act, N.Y. Lab. Law Stat.§§160, *et seq.*

10       (2)      An injunction against Cintas and its officers, agents, successors, employees,

11  representatives, and any and all persons acting in concert with it, as provided by law, from engaging

12  in each of the unlawful practices, policies, and patterns set forth herein;

13       F.      An award of damages, including liquidated and exemplary damages and waiting time

14  penalties and other statutory penalties to be paid by Cintas;

15       G.      Costs of action incurred herein, including reasonable attorneys' fees and expert fees;

16       H.      Pre-Judgment and post-Judgment interest, as provided by law; and

17       I.      Such other and further legal and equitable relief as this Court deems necessary, just,

18  and proper.

19                              **DEMAND FOR JURY TRIAL**

20       Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which

21  they have a right to jury trial.

22  DATED:  May 15, 2003              MILBERG WEISS BERSHAD
23                                    HYNES & LERACH LLP
                                      THEODORE J. PINTAR
24                                    STEVEN W. PEPICH

25

26                                    _____
                                      STEVEN W. PEPICH
27

28

401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
ALBERT H. MEYERHOFF
355 South Grand Avenue, Suite 4170
Los Angeles, CA  90071
Telephone:  213/617-9007
213/617-9185 (fax)

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
NANCY M. JUDA
1100 Connecticut Avenue, N.W.
Suite 730
Washington, DC  20036
Telephone:  202/822-6762
202/828-8528 (fax)

ALTSHULER, BERZON, NUSSBAUM,
  RUBIN & DEMAIN
MICHAEL RUBIN
SCOTT A. KRONLAND
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  415/421-7151
415/362-8064 (fax)

TRABER & VOORHEES
THERESA M. TRABER
STEFANIE KIM GLUCKMAN
128 No. Fair Oaks Avenue, Suite 204
Pasadena, CA  91103
Telephone:  626/585-9611
626/577-7079 (fax)

Attorneys for Plaintiffs

G:\Cases-SD\Cintas\FirstAmended.Cpt

FIRST  AMENDED  COMPLAINT  FOR  INJUNCTIVE  RELIEF  AND
DAMAGES - No. C-03-1180-SBA                                                     - 55 -