SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Dosker (CA Bar # 114789)
Michael W. Kelly (CA Bar #214038)
Joseph A. Meckes (CA Bar #190279)
Angela N. O'Rourke (CA Bar #211912)
Anna L. Endter (CA Bar #221610)
One Maritime Plaza, Third Floor
San Francisco, CA  94111-3492
Telephone:   +1.415.954.0200
Facsimile:    +1.415.393.9887

Attorneys for Defendant
CINTAS CORPORATION and
PLAN ADMINISTRATOR FOR THE
CINTAS PARTNERS' PLAN

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS L.L.P.
Theodore J. Pintar (CA Bar #131372)
Steven W. Pepich (CA Bar #116086)
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:    +1.619.231.1058
Facsimile:     +1.619.231.7423

[Additional Counsel on Signature Page]

Attorneys for Plaintiffs
PAUL VELIZ, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| PAUL VELIZ, et al., On behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CINTAS CORPORATION, an Ohio corporation; PLAN ADMINISTRATOR for the Cintas Partners' Plan; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.  03-01180 (SBA)<br><br>CLASS ACTION<br>E-FILING<br><br>STIPULATION AND ORDER RE: RESOLUTION OF VARIOUS DISPUTED MATTERS |

WHEREAS, the parties' respective counsel have met and conferred extensively about the matters which are the subject of this Stipulation and Order;

WHEREAS, the parties and their respective counsel jointly submit to the Court that entry by the Court of the Order at the end of this Stipulation, adopting this Stipulation as an Order of the Court, will substantially promote judicial economy by adopting the parties' negotiated resolution of various disputed matters which otherwise would have to be decided by the Court through extensive motion practice on a series of motions before the Honorable Saundra Brown Armstrong (as to non-discovery matters) and the Honorable Maria-Elena James (as to discovery matters);

WHEREAS, regarding the matter addressed in paragraph 1 of the Stipulation below, the parties state that the parties have a discovery dispute concerning plaintiffs' asserted right to pursue discovery pertaining to the claims of individuals whom defendant Cintas contends, and plaintiffs deny, are required to arbitrate rather than litigate and whose claims Cintas states have been submitted to arbitration by plaintiffs' counsel, the parties have fully briefed plaintiffs' Motion for Reconsideration of the Court's April 5, 2004 Order and are awaiting the Court's decision on it, and plaintiffs have served defendant Cintas with document requests, interrogatories, and a Notice of Rule 30(b)(6) Deposition, each of which contain discovery requests to which Cintas objects on the ground that such requests pertain to individuals whose claims Cintas contends must be arbitrated rather than litigated;

WHEREAS, counsel for the respective parties note for the Court's reference that after the Court decides the pending Motion for Reconsideration of the Court's April 5, 2004 Order, the parties' counsel will undertake further meet and confer discussions about the subject of which plaintiffs are required by their Employment Agreements to arbitrate and which are allowed to litigate, and that to the extent (if any) that such further meet and confer discussions do not result

in a comprehensive stipulation on that subject as to those opt-in plaintiffs who were not covered by the Court's April 5, 2004 Order, then (within 30 days after the Court's decision on the plaintiffs' pending Motion for Reconsideration of the Court's April 5, 2004 Order) each side expects to make a further motion to the Court on that subject as to those opt-in plaintiffs who were not covered by the Court's April 5, 2004 Order or the upcoming ruling on plaintiffs' pending Motion for Reconsideration (hereinafter "Motions Regarding New Plaintiffs");

WHEREAS, regarding the matter addressed in paragraph 2 of the Stipulation below, the parties state that new Employment Agreements may have been signed by some opt-in plaintiffs after they filed their Consent-to-Sue form in this action, and the parties disagree about the application or enforceability of any arbitration agreement within any such new Employment Agreements that may have been signed by some opt-in plaintiffs after they filed their Consent-to-Sue form in this action, but have agreed to resolve that disagreement as part of this Stipulation and Order;

WHEREAS, regarding the matter addressed in paragraph 3 of the Stipulation below, the parties state that a dispute exists concerning whether certain persons who filed Consent-to-Sue forms in this action did so after the Court-ordered deadline applicable to them, and the parties have agreed to resolve that dispute as part of this Stipulation and Order;

WHEREAS, regarding the matter addressed in paragraph 4 of the Stipulation below, the parties are willing to stipulate to the Stipulated Protective Order re Confidentiality which is submitted herewith, and a copy which is attached as Exhibit A hereto, as part of the parties' overall resolution of the other matters resolved by this Stipulation and Order;

WHEREAS, each of the respective parties' agreement to each and all of the matters herein is conditioned upon the Court's approval, by entry of the Order stipulated to herein, of this

entire Stipulation as written and is also conditioned upon the Court's approval, by entry of the

Stipulated Protective Order re Confidentiality submitted herewith;

NOW, THEREFORE, the parties hereto, by and through their respective undersigned

counsel, hereby stipulate as follows:

1. <u>Discovery</u>. The 65 plaintiffs who are covered by the Court's April 5, 2004 Order

are referred to herein as the "Original Plaintiffs." The approximately 2,500

additional persons who filed Consent-to-Sue forms in this action after the filing of

Cintas' motion which was decided by the April 5, 2004 Order are referred to

herein as "New Plaintiffs." The parties agree to resolve as follows their dispute

concerning the permissible scope of discovery pertaining to the Original Plaintiffs

and the New Plaintiffs, pending the Court's rulings on the arbitrability of their

respective claims.

a. Discovery may proceed at present only as to the claims of the 10

Original Plaintiffs whom the Court in its April 5, 2004 Order allowed to

proceed in litigation (rather than arbitration), such discovery to be limited

to the four Cintas locations at which those 10 Original Plaintiffs work or

worked,[1] and to the nationwide corporate policies of Cintas relevant to

those 10 Original Plaintiffs and their claims. No additional discovery shall

be permitted at present concerning the claims of any other Original

Plaintiffs unless and until the Court grants plaintiffs' pending Motion for

Reconsideration in whole or in part as to such other Original Plaintiffs;

and discovery with respect to such other Original Plaintiffs, if any, as to

---

[1] The 10 presently-litigating plaintiffs and the Cintas locations where they work or worked are:
Michael Brown and Ricardo Brown (Loc. 41, Landover MD.); Wayne Edwards, Wilfredo
Huertas and Derrick Samuels (Loc. 62, Piscataway NJ.); Mark Hebling (Loc. 570, Maumelle,
AR.); and Noel Lloyd, James Lightfoot, Scott Seath, and Kelly Smith (Loc. 727, Flint, MI.).

whom the Motion for Reconsideration is granted shall be limited to those

individual plaintiffs, the Cintas locations at which those individual

plaintiffs work or worked, and the nationwide corporate policies of Cintas

relevant to those individual plaintiffs and their claims.

b.    Within 15 days after the Court issues its decision on plaintiffs' pending

Motion for Reconsideration, the parties' counsel shall meet and confer for

the purpose of attempting to reach a stipulation concerning which New

Plaintiffs, if any, shall be allowed to litigate (rather than arbitrate) their

claims in this action, based on the Court's analysis in its then-applicable

Orders concerning arbitrability.  As to any plaintiff whom the parties

stipulate shall be permitted to litigate their claims in this action, discovery

may thereafter proceed, as limited to such individual plaintiffs, the Cintas

locations at which such individual plaintiffs work or worked, and the

nationwide corporate policies of Cintas relevant to such individual

plaintiffs and their claims.

c.    Except as provided in this  paragraph 1 and its subparagraphs herein, and

except to such extent as may be stipulated by the parties after the meet and

confer discussions referred to in subparagraph 1.b. above, all other

discovery concerning the claims of the New Plaintiffs shall be held in

abeyance until this Court rules on the Motions Regarding New Plaintiffs

(to be brought within 30 days after the Court's decision on the plaintiffs'

pending Motion for Reconsideration).

d.    Pending the conclusion of any arbitration proceeding(s)  arising from

claims in this action, any discovery based on the remaining ERISA claims

in this action shall be limited to the specific records kept regarding those Original Plaintiffs and New Plaintiffs whom the Court allows to litigate a non-ERISA claim in this action.

  e.  All discovery disputes regarding matters beyond the present scope of discovery as limited herein are held in abeyance, to be addressed between counsel in a meet and confer session after the Court rules on the Motions Regarding New Plaintiffs.

  f.  Neither party will assert in any arbitration proceeding pertaining to any claims asserted in this action an objection, whether standing alone or in conjunction with other objections, that the opposing party is not entitled to certain discovery solely because the dispute is not governed by the Federal Rules of Civil Procedure.

  2.  <u>Employment Agreement entered into after Consent-to-Sue filed</u>.  For purposes of the parties' disputes concerning arbitration (including plaintiffs' challenges to arbitrability and the rights and procedures applicable to any arbitrations that go forward) of the disputes which are the subject of this action, each plaintiff's rights, obligations, and duties will be governed by the arbitration agreement in the Employment Agreement (if any) in effect when that plaintiff filed a Consent-to-Sue form in this action, rather than any arbitration agreement in any Employment Agreement executed by that plaintiff after filing a Consent-to-Sue form in this action.  Nothing herein constitutes a waiver of any plaintiff's claimed right to argue that the arbitration agreement and/or Employment Agreement in effect when that plaintiff filed a Consent-to-Sue form in this action is unenforceable in whole or in part.

3.      <u>Late-filed Consents-to-Sue</u>.  All Consent-to-Sue forms that were filed in this action on or before January 21, 2005, and those that were filed on March 22, 2005, shall be deemed to have been timely filed, as of the date each such Consent-to-Sue form was filed with the Court.

4.      <u>Stipulated Protective Order re Confidentiality</u>.  Attached as Exhibit A hereto is a true and correct copy of the Stipulated Protective Order re Confidentiality which is being agreed to by the parties as part of resolving the disputed matters addressed herein.

5.      <u>Each Part Conditioned on Entry of Order as to All Parts</u>.  No part of this Stipulation is effective unless the Honorable Saundra Brown Armstrong accepts every part of it as written, by entering the Order as set forth herein.

6.      <u>No Use in Other Litigation or in Other Matters</u>.  This Stipulation is entered into only for purposes of this action and any arbitration(s) of some or all of the claims initially alleged in this action.  As a negotiated resolution of disputed matters in this action, the matters set forth herein may not be used for any purpose other than by a party hereto in this action or in any arbitration(s) of some or all of the claims initially alleged in this action.  This Stipulation does not constitute any admission on the part of anyone.

7.      <u>Counterpart Signature Provision</u>.  This Stipulation and Order may be executed in separate counterparts by each of the parties hereto, and such executed counterparts may be exchanged by facsimile or electronically, but all such counterparts taken together shall form but one and the same Stipulation and Order.

1       8.    <u>Effective Date.</u> This Stipulation and Order shall become effective when both the

2      Order on it and the Order on the attached Stipulated Protective Order re

3      Confidentiality are entered by the Court and filed on the Court's electronic filing

4      system.

5

6

7      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9                    SQUIRE, SANDERS & DEMPSEY, L.L.P.

10  Dated:  April 28, 2005        By: _____/s/_____

11                             Mark C. Dosker

12                    Attorneys for Defendants
                             CINTAS CORPORATION and

13                    PLAN ADMINISTRATOR FOR THE
                           CINTAS PARTNERS' PLAN

14

15                    LERACH COUGHLIN STOIA GELLER
                         RUDMAN & ROBBINS L.L.P., and

16                    ALTSHULER, BERZON, NUSSBAUM,
                         RUBIN & DEMAIN, and

17                    TRABER & VOORHEES

18  Dated:  April 28, 2005

19                    By:_____/s/_____

20                           Michael Rubin

21                    Attorneys for Plaintiffs
                         PAUL VELIZ, *et al*.

22

23                       ORDER

24  Pursuant to Stipulation, IT IS SO ORDERED.

25

26  Dated:  5-2-05            /s/ Saundra Brown Armstrong

27                    SAUNDRA BROWN ARMSTRONG
                     United States District Judge

28

1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Mark C. Dosker (CA Bar # 114789)
2  Michael W. Kelly (CA Bar #214038)
   Joseph A. Meckes (CA Bar #190279)
3  Angela N. O'Rourke (CA Bar #211912)
   Anna L. Endter (CA Bar #221610)
4  One Maritime Plaza, Third Floor
   San Francisco, CA  94111-3492
5  Telephone:  +1.415.954.0200
   Facsimile:   +1.415.393.9887
6
   Attorneys for Defendant
7  CINTAS CORPORATION and
   PLAN ADMINISTRATOR FOR THE
8  CINTAS PARTNERS' PLAN

9

10 LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS L.L.P.
11 Theodore J. Pintar (CA Bar #131372)
   Steven W. Pepich (CA Bar #116086)
12 401 B Street, Suite 1700
   San Diego, CA  92101
13 Telephone:    +1.619.231.1058
   Facsimile:    +1.619.231.7423

14 [Additional Counsel on Signature Page]

15 Attorneys for Plaintiffs
   PAUL VELIZ, et al.
16

17                UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19                      (OAKLAND DIVISION)

20
   PAUL VELIZ, et al., On behalf of          Case No.  03-01180 (SBA)
21 Themselves and All Others Similarly
   Situated,
22                                            CLASS ACTION
                                              E-FILING
23                    Plaintiffs,

24       vs.
                                              STIPULATED PROTECTIVE ORDER RE:
25                                            CONFIDENTIALITY
   CINTAS CORPORATION, an Ohio
26 corporation; PLAN ADMINISTRATOR
   for the Cintas Partners' Plan; and DOES 1-
27 25, inclusive,

28                    Defendants.

STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY
Case No.  03-01180 (SBA)

EXHIBIT A (to the Stipulation And
Order Re: Resolution Of Various
Disputed Matters)

**1.      PURPOSES AND LIMITATIONS**

WHEREAS, disclosure and discovery activity in this action may result in production of information of a confidential, proprietary, trade secret, or private nature, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted; and

WHEREAS, this Protective Order does not confer blanket protections on all disclosures or responses to discovery and protects only the limited categories of information or items that are entitled under the applicable legal principles to treatment as confidential; and

WHEREAS, this Protective Order creates no entitlement to file confidential information under seal, and incorporates and applies the standards and procedures of Civil Local Rule 79-5 that will be applied when a party seeks permission from the Court to file material under seal;

Accordingly, IT IS HEREBY STIPULATED by and between the parties, subject to Court approval, that the following Protective Order shall be issued in this action.

**2.      DEFINITIONS**

2.1      "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel.

2.2      "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3      "Confidential Information or Items" shall mean information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4      "Highly Confidential – Attorneys' Eyes Only Information or Items" shall mean: (a) Confidential Information that individually identifies any person and discloses material of a personal or private nature; (b) Confidential Information that individually identifies any customer, supplier, prospective customer or prospective supplier; (c) Confidential Information containing trade secrets or proprietary information as defined under California law, including but not limited

to Confidential Information that reveals current or future business plans, forecasts, and competitive strategies or non-public financial information that appropriately warrants a heightened degree of confidentiality protection; or (d) such other categories of Confidential Information or Items as the parties may mutually agree upon or which, absent such agreement, the Court may include herein upon a motion showing the information or items constitute extremely sensitive Confidential Information or Items whose disclosure to a person or entity other than Counsel would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5     "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     "Producing Party" shall mean a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     "Designating Party" shall mean a Party or non-party that designates information or items that it produces in disclosures or in response to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8     "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     "Outside Counsel" shall mean attorneys who are not employees of a party but who are retained to represent or advise a party in this action.

2.10    "House Counsel" shall mean attorneys who are employees of a party.

2.11    "Counsel" (without qualifier) shall mean Outside Counsel and House Counsel as well as their staff providing services concerning this action.

2.12    "Expert" shall mean persons not regularly employed by Counsel but who are employed or expressly retained by the parties or their Counsel, whether paid or not, to assist in the preparation of this action for trial, including, but not limited to, accountants, economists, statisticians and other types of experts.

2.13    "Professional Vendors" shall mean persons or entities that provide litigation support services (*e.g.*, videotaping, translating, preparing exhibits or demonstrations, organizing,

1  storing, retrieving data in any form or medium, etc.) and their employees and subcontractors

2  providing services concerning this action.

3      2.14    "Competitor/Union" shall mean any company or corporation that competes with

4  defendant Cintas for customers or prospective customers and any labor organization that

5  represents or is engaged in organizing Cintas employees.  For purposes of this Protective Order

6  the following labor organizations shall be deemed to be representing or engaged in organizing

7  Cintas employees and therefore shall be designated as Competitor/Unions: UNITE-Here (and its

8  predecessor organizations, UNITE and HERE), the United Auto Workers, the International

9  Brotherhood of Teamsters, UFCW (United Food and Commercial Workers), and the

10  International Union of Operating Engineers.

11  **3.      SCOPE**

12      The protections conferred by this Stipulation and Order cover not only Protected Material

13  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

14  excerpts, summaries, or compilations thereof; plus testimony, conversations or presentations by

15  parties or counsel to or in Court or in other settings that publicly reveal Protected Material.

16  **4.      DURATION**

17      Even after the termination of this litigation, the confidentiality obligations imposed by

18  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

19  order otherwise directs.  After the termination of this action, the Court shall retain jurisdiction to

20  issue any further orders that may be required to preserve the confidentiality of any Protected

21  Material.

22  **5.      DESIGNATING PROTECTED MATERIAL**

23      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>  Each Party

24  or non-party that designates information or items for protection under this Order must exercise

25  reasonable and appropriate care to limit any such designation to specific material that qualifies

26  under the appropriate standards.  A Designating Party must exercise reasonable and appropriate

27  care to designate for protection only those specific portions of material, documents, items, or oral

28  or written communications that qualify for protection, and to ensure that other portions of the

1    material, documents, items, or communications for which protection is not warranted are not

2    swept unjustifiably within the ambit of the designation.  Mass, indiscriminate, or routinized

3    designations are prohibited.  Designations that are shown to be clearly unjustified, or that have

4    been made for an improper purpose (*e.g.*, unnecessarily to encumber or retard the case

5    development process, or to impose unnecessary expenses and burdens on another Party or

6    Parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's

7    attention that information or items that it designated for protection do not qualify for protection,

8    or do not qualify for the level of protection initially asserted, that Party or non-party must

9    promptly notify all other parties that it is withdrawing the erroneous designation.

10          5.2     <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order

11   (*see, e.g.*, ¶5.2(a), second paragraph, below), or as otherwise stipulated or ordered, material that

12   qualifies for protection under this Order must be clearly so designated before the material is

13   disclosed or produced.  Designation in conformity with this Order requires:

14          (a)     For information in documentary form (apart from transcripts of depositions or

15   other pretrial or trial proceedings), the Producing Party must affix the legend "Confidential" or

16   "Highly Confidential – Attorneys' Eyes Only" at the bottom of each page that contains Protected

17   Material.  If only a portion or portions of the material on a page qualifies for protection, the

18   Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

19   markings in the margins) and must specify, for each portion the level of protection being asserted

20   (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

21          A Party or non-party that makes original documents or materials available for inspection

22   need not designate them for protection until after the Receiving Party has indicated which

23   material it would like copied and produced.  During the inspection and before the designation, all

24   of the material made available for inspection shall be deemed "Highly Confidential – Attorneys'

25   Eyes Only."  After the inspecting Party has identified the documents it wants copied and

26   produced, the Producing Party must determine which documents, or portions thereof, qualify for

27   protection under this Order; and before producing the specified documents the Producing Party

28   must affix the appropriate designation ("Confidential" or "Highly Confidential – Attorneys' Eyes

Only") at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b)    For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall identify the protected testimony on the record, before the close of the deposition, hearing, or other proceeding, and shall further specify any portions of the testimony that qualify as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  When it is impractical separately to identify each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days after the transcript volume containing the testimony to be designated is produced to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Designating Party.

(c)    For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix the designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in a prominent place on the exterior of the container or containers in which such information or item is stored.  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3    <u>Inadvertent Disclosure.</u>  In the event that any privileged attorney-client

1  communication or attorney work product documents or things are inadvertently produced for

2  inspection and/or provided, the Designating Party shall identify such documents or things

3  promptly after discovering that the privileged materials were inadvertently produced for

4  inspection and/or provided, and either: (a) copies shall not be provided; or (b) if copies have

5  already been provided, all copies in the Receiving Party's possession shall be promptly returned

6  (and not relied upon) by the Receiving Party.  Nothing in this paragraph shall prevent the

7  Receiving Party from contending that the identified materials are not privileged, that the

8  materials were not inadvertently produced, or that privilege was waived for reasons other than

9  inadvertent production of the material.

10  **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

11          6.1      <u>Timing of Challenges.</u>  Unless a prompt challenge to a Designating Party's

12  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

13  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

14  waive its right to challenge a confidentiality designation by electing not to assert a challenge

15  promptly after the original designation is disclosed.

16          6.2      <u>The Challenge Process.</u>  A Party that challenges a Designating Party's

17  confidentiality designation must do so in good faith, and must notify the Designating Party in

18  writing that the challenging party believes that the designated document or information does not

19  qualify for Confidential or Highly Confidential – Attorneys' Eyes Only treatment under

20  applicable law.  The parties shall attempt to resolve such challenges informally.  In the event

21  such an attempt is unsuccessful, either the Designating Party or the challenging Party may,

22  within thirty (30) days after such written notification, move the Court for an order removing or

23  confirming such designation.  The materials shall retain their original designation until such time

24  as the Court rules on the Designating Party's motion.

25  **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

26          7.1      <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed

27  or produced by another Party or by a non-party in connection with this case only for prosecuting,

28  defending, or attempting to settle this litigation.  Nothing in this Order shall be construed to limit

1   or prohibit the use of information that falls under the ambit of this Order at the trial of this case.

2   If a Party anticipates that it may disclose at any hearing or at trial any information designated

3   pursuant to this Order, it shall give two (2) full court days' notice to the Court and to all other

4   parties of such anticipated disclosure, specifying whether the information to be disclosed is

5   designated as Confidential or Highly Confidential – Attorneys' Eyes Only, unless it

6   demonstrates specific exigent circumstances that the Court finds sufficient to justify providing

7   shorter notice.  This notice may identify the documents by the identification numbers assigned

8   them at document production or by transcript page and line number.  When such notice has been

9   given, only those persons authorized by this Order to receive that class of Protected Material may

10  be present at the hearing, or at that portion of the hearing or trial during which the disclosure of

11  the Protected Material occurs, except as otherwise ordered by the Court upon motion of a Party

12  or the person seeking to be present.  The requirement of advance notice shall not apply to a

13  disclosure of Protected Material in rebuttal or in response to another Party's oral argument when

14  the need for such disclosure could not reasonably be anticipated in advance of the hearing or

15  trial, or for good cause shown to the Court.  Before disclosing in rebuttal or in argument any

16  information designated as Confidential or Highly Confidential – Attorneys' Eyes Only, Counsel

17  shall, when possible, inform the Court and opposing counsel of his or her intention to do so and

18  of the designation of the information to be disclosed.  Counsel shall then request that persons not

19  authorized by this Order to receive that class of Protected Material be excluded from the

20  courtroom during disclosure.

21         Protected Material may be disclosed only to the categories of persons and under the

22  conditions described in this Order.  When the litigation has been terminated, a Receiving Party

23  must comply with the provisions of ¶11.

24         Protected Material must be stored and maintained by a Receiving Party at a location and

25  in a secure manner that ensures that access is limited to the persons authorized under this Order.

26         7.2     Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by

27  the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

28  information or item designated Confidential only to:

1          (a)      The named Parties in this action;

2          (b)      The Receiving Party's Counsel in this action, as well as employees of said

3 Counsel to whom it is reasonably necessary to disclose the information for this litigation and

4 who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as

5 Exhibit A;

6          (c)      The officers, directors, and employees (including House Counsel) of the

7 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

8 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

9          (d)      Subject to the provisions of ¶7.2(j) below, Experts (as defined in this

10 Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

11 who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

12          (e)      Subject to the provisions of ¶7.2(j) below, investigators;

13          (f)      The Court and its personnel;

14          (g)      Court reporters, their staffs, and Professional Vendors to whom disclosure

15 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

16 Protective Order" (Exhibit A);

17          (h)      Prospective witnesses, including parties, in the action to whom disclosure

18 is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

19 (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

20 Protected Material must be separately bound by the court reporter and may not be disclosed to

21 anyone except as permitted under this Confidentiality Protective Order;

22          (i)      The author of the document or the original source of the information; and

23          (j)      Consultants, including but not limited to persons referred to in ¶¶7.2(d)

24 and (e) above, to whom disclosure is reasonably necessary for this litigation and who have

25 signed the "Agreement to Be Bound by Protective Order re Confidentiality" (Exhibit A), except

26 insofar as such Consultant is a Competitor/Union or an officer, director, agent, employee,

27 attorney or other representative of a Competitor/Union (collectively, "Competitor/Union

28 Consultant") and is therefore subject to the procedures set forth below pertaining to disclosures

1   to Competitor/Union Consultants.

2        Upon receipt of a signed Agreement to Be Bound by Protective Order re Confidentiality

3   (Exhibit A), disclosure of Confidential Information may be made to any Consultant that is not a

4   Competitor/Union Consultant, without notification to the non-disclosing Party.  Disclosure of

5   Confidential Information may only be made to a Consultant who is, or who within the last four

6   years was, a Competitor/Union Consultant if such disclosure has been approved in writing by the

7   Producing Party or, if the Producing Party objects, the Court permits disclosure to such

8   Consultant pursuant to the procedures set forth below in this paragraph.  To obtain approval,

9   Counsel shall identify the prospective Competitor/Union Consultant to the Producing Party and

10  shall provide a brief, written description of the Competitor/Union Consultant's identity,

11  qualifications, and relationship to the Competitor/Union.  Such identification and description

12  shall be served via hand delivery, facsimile or electronic mail with telephonic confirmation of

13  receipt.  The notified Party shall have fifteen (15) business days from its receipt of the notice to

14  serve on the notifying Party and all other Parties their written objections, if any, to the disclosure

15  of Confidential Information or Items to the Competitor/Union Consultant.  Upon timely

16  objection, disclosure of Confidential Information to the Competitor/Union Consultant shall not

17  be made, subject to a successful motion to the Court to such disclosure by the Party proposing

18  the Competitor/Union Consultant, with the moving Party bearing the burden of justifying to the

19  Court the need for such proposed Consultant and such requested disclosure of Confidential

20  Information to such proposed Consultant.  Nothing contained herein shall be be considered

21  approval, implicit or otherwise, by any Party to the use by any other Party of a Consultant

22  affiliated with any Competitor/Union.

23       All Agreements to Be Bound by This Protective Order shall be retained by Counsel, and,

24  upon good cause shown, may be ordered by the Court to be disclosed to the other Parties'

25  Counsel.

26       At all times during and subsequent to this action, Counsel shall also be responsible for

27  ensuring that said Confidential Information or Items does not leave their respective custody,

28  except for disclosure to qualified persons during this action.  Failure to do so shall be grounds for

1   imposition of sanctions at the discretion of the Court, without limitation on any other rights of

2   persons or entities affected.

3       7.3     Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or

4   Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

5   Receiving Party may only disclose information or items designated "Highly Confidential –

6   Attorneys' Eyes Only" to the following, and shall not disclose any information or item so

7   designated to any Party or management of a corporate Party unless otherwise agreed or ordered:

8           (a)     The Receiving Party's Outside Counsel of record in this action, as well as

9   employees of said Counsel (including the paralegal, clerical, and secretarial staff employed by

10   such Counsel) to whom it is reasonably necessary to disclose the information for this litigation

11   and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as

12   Exhibit A;

13           (b)     Experts, excluding Experts who are Competitor/Union Consultants;

14           (c)     Investigators, excluding Investigators who are Competitor/Union

15   Consultants;

16           (d)     Consultants, excluding Consultants who are Competitor/Union

17   Consultants;

18           (e)     The Court and its personnel;

19           (f)     Court reporters, their staffs, and Professional Vendors to whom disclosure

20   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

21   Protective Order" (Exhibit A);

22           (g)     The author of the document or the original source of the information; and

23           (h)     (1) The person or persons individually identified by the "Highly

24   Confidential – Attorneys' Eyes Only" Information or Item, if that Information or Item has been

25   designated "Highly Confidential – Attorneys' Eyes Only" pursuant to ¶2.4(a) on the ground that

26   it constitutes a Confidential Information or Item that individually identifies an individual and

27   discloses material of a personal or private nature; and (2) the person or persons who work or

28   worked directly with an identified customer or supplier identified by the Highly Confidential –

1   Attorneys' Eyes Only Information or Item, if that Information or Item has been designated

2   Highly Confidential – Attorneys' Eyes Only pursuant to ¶2.4(b) on the ground that it constitutes

3   a Confidential Information or Item that individually identifies any customer or supplier.  The part

4   of the "Highly Confidential – Attorneys' Eyes Only" Information or Item that may be disclosed

5   to a person identified in ¶7.3(h)(1) is only that part of the Information or Item that pertains to

6   such person and not any part of the Information or Item that pertains to other persons.  The part

7   of the "Highly Confidential – Attorneys' Eyes Only" Information or Item that may be disclosed

8   to a person identified in ¶7.3(h)(2) is only that part of the Information or Item that such person

9   has or had routine access to during such person's work directly with such portion of the customer

10  or supplier identified in that part of the Information or Item.

11  **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

12  **          IN OTHER LITIGATION**

13          If a Receiving Party is served with a subpoena or an order issued in other litigation that

14  would compel disclosure of any information or items designated in this action as "Confidential"

15  or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the

16  Designating Party in writing (by fax, if possible) immediately and in no event more than three

17  (3) court days after receiving the subpoena or order.  Such notification must include a copy of the

18  subpoena or court Order.

19          The Receiving Party also must immediately inform in writing the person, entity, or party

20  that caused the subpoena or order to issue in the other litigation that some or all the material

21  covered by the subpoena or order is the subject of this Protective Order.  In addition, the

22  Receiving Party must deliver a copy of this Protective Order promptly to the person, entity, or

23  party in the other action that caused the subpoena or order to issue.

24          The purpose of imposing these duties is to alert the interested parties to the existence of

25  this Protective Order and to afford the Designating Party in this case an opportunity to attempt to

26  protect its confidentiality interests in the court from which the subpoena or order issued.  The

27  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

28  its confidential material.  Nothing in these provisions should be construed as authorizing or

1   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

2   **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

3       If a Receiving Party learns that it has disclosed Protected Material by inadvertence or

4   otherwise to any person or in any circumstance not authorized by this Protective Order, the

5   Receiving Party shall immediately: a) notify in writing the Designating Party of the unauthorized

6   disclosures; b) use its best efforts to retrieve all copies of the Protected Material; c) inform the

7   person or persons to whom unauthorized disclosures were made of all the terms of this Order;

8   and d) request such person or persons to execute the "Acknowledgment and Agreement to Be

9   Bound" ( Exhibit A).

10  **10.   FILING PROTECTED MATERIAL**

11      Without written permission from the Designating Party or a court order secured after

12  appropriate notice to all interested persons, a Party may not file in the public record in this action

13  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

14  with Civil Local Rule 79-5.

15  **11.   FINAL DISPOSITION**

16      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

17  days after notice of the final termination of this action, each Receiving Party must destroy all

18  Protected Material or otherwise dispose of such material as the Court requires.  As used in this

19  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or

20  any other form of reproducing or capturing any of the Protected Material.  The Receiving Party

21  must submit a written statement to the Producing Party (and, if not the same person or entity, to

22  the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate)

23  the Protected Material that was destroyed and that affirms that the Receiving Party has not

24  retained any copies, abstracts, compilations, summaries or other forms of reproducing or

25  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

26  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

27  correspondence or attorney work product, even if such materials contain Protected Material.

28  Any such archival copies that contain or constitute Protected Material remain subject to this

1   Protective Order as set forth in ¶4, above.

2        After termination of this action, the Court shall retain jurisdiction to issue any further

3   orders that may be required to preserve the confidentiality of any Confidential Information.

4   **12.    MISCELLANEOUS**

5        12.1    <u>Labor Organizations.</u>  The Parties agree that, except as permitted herein, at no

6   time shall plaintiffs or plaintiffs' counsel or any other person permitted herein to have access to

7   Confidential Information or Highly Confidential – Attorneys' Eyes Only Information or Items

8   disclose, either directly or indirectly, any Confidential Information or Highly Confidential –

9   Attorneys' Eyes Only Information or Item to any labor organization identified in ¶2.14 herein or

10  to its agents.  No Confidential Information or "Highly Confidential – Attorneys' Eyes Only"

11  Information or Item shall be used for any purpose that is not directly related to this action,

12  including, but not limited to, labor organizing.

13       12.2    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to

14  seek its modification by the Court in the future.  If any Party seeks to modify any term of this

15  Order or for any other reason, the Party shall first meet and confer with all other Parties

16  concerning the proposed modification.  If the Parties cannot agree upon the proposed

17  modification, the Party seeking the modification may move this Court to modify this Order, and

18  shall have the burden of establishing that the proposed modification is appropriate.

19       12.3    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective

20  Order no Party waives any right it otherwise would have to object to disclosing or producing any

21  information or item on any ground not addressed in this Protective Order.  Similarly, no Party

22  waives any right to object on any ground to use in evidence of any of the material covered by

23  this Protective Order.

24       12.4    <u>Submission of the Order to the Court.</u>  This Order shall be submitted to the Court

25  for its review and approval. The parties stipulate and agree that the terms and provisions of this

26  Order shall be effective and specifically enforceable upon its execution by Counsel, and its

27  effectiveness and enforceability shall not depend upon the Court's approval and entry of this

28  Order, except that if the Court rejects this proposed stipulation or requires a modification of this

---

STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY
Case No.  03-01180 (SBA)                    14

1  proposed stipulation, this stipulation will be invalid to the extent of such rejection and will be

2  modified in accordance with the Court's order.

3        12.5    Separate Counterparts.  This Order may be executed in separate counterparts by

4  each of the parties hereto, and such executed counterparts shall be exchanged by facsimile, but

5  all such counterparts taken together shall form but one and the same Order.

6              **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

7
8                                          SQUIRE, SANDERS & DEMPSEY, L.L.P.

9  Dated:  April 28, 2005                  By: _____/s/_____
10                                                  Mark C. Dosker

11                                         Attorneys for Defendants
                                           CINTAS CORPORATION and
12                                         PLAN ADMINISTRATOR FOR THE
                                           CINTAS PARTNERS' PLAN

13
                                           LERACH COUGHLIN STOIA GELLER
14                                         RUDMAN & ROBBINS L.L.P., and

15                                         ALTSHULER, BERZON, NUSSBAUM,
                                           RUBIN & DEMAIN, and
16
                                           TRABER & VOORHEES
17
   Dated:  April 28, 2005
18                                         By: _____/s/_____
                                                  Michael Rubin
19
                                           Attorneys for Plaintiffs
20                                         PAUL VELIZ, et al.

21

22

23                            **ORDER**

24  Pursuant to Stipulation, **IT IS SO ORDERED.**

25

26  Dated:_ May 2, 2005 _          /s/ Saundra Brown Armstrong
                                   _____
27                                 SAUNDRA BROWN ARMSTRONG
                                   United States District Judge
28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER re: CONFIDENTIALITY**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order re Confidentiality that was entered by the United States District Court for the Northern District of California on [Date] _____, 2005, in the case of *Veliz v. Cintas*, Case No. 03-01180 (SBA).  I agree to comply with and to be bound by all the terms of this Protective Order.  I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt of court.  I promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____