**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

P{sc}aul V{sc}eliz, *et al.*,

    Plaintiffs,

 v.

C{sc}intas C{sc}orp., *et al.*,

    Defendants.

No. C 03-1180 SBA

**ORDER**

[Docket No. 586]

    Defendant Cintas Corporation (Cintas) has submitted a Motion for Summary Judgment Against Certain Plaintiffs Whose FLSA, California, and Indiana Claims are Barred by the Statute of Limitations [Docket No. 586].  After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* F{sc}ed. R. C{sc}iv. P. 78.  For the reasons that follow, the Court GRANTS in PART and DENIES in PART Cintas's motion for summary judgment.

**BACKGROUND**

    This is a "collective action" brought under the Fair Labor Standards Act (FLSA) for the alleged failure to pay overtime.  Section 16(b) of the FLSA permits an employee to bring suit against an employer "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Representative plaintiff Paul Veliz has instituted such a collective action against defendants Cintas Corporation, the Plan Administrator for the Cintas Partners' Plan, as well as 25 unnamed Doe defendants (collectively "Cintas").  The plaintiffs are former and current employees of Cintas.  They performed service and/or delivery functions that were allegedly not exempt from the overtime provisions of the FLSA and the wage and hour laws of the various states where the plaintiffs are or were employed.

    Cintas now moves for summary judgment against 73 of the litigating plaintiffs[1] whose claims

---

[1] Cintas has withdrawn its summary judgment motion with respect to 24 plaintiffs. *See* Docket No. 615 n.2.

it maintains are barred by the statute of limitations of the FLSA, 29 U.S.C. § 255(a); for judgment against plaintiff Bruce Brandt for his claims arising under the Indiana Minimum Wage Law of 1965; and for judgment against plaintiff Chris McArdle for his claims under California state law.

In this case, the cut-off date for potential plaintiffs to opt-in was October 21, 2004. A notice was provided to potential opt-ins that read:

> If you worked as a Cintas Route Driver during the relevant time period discussed above [March 2000 to the present] and believe that Cintas has failed to pay you all overtime compensation to which you are entitled, you have the right to make an FLSA claim against Cintas in this lawsuit. To do so, you must complete, sign and mail the enclosed Consent to Sue form to plaintiffs' counsel so that it is received on or before [October 21,] 2004.

Docket No. 159 (Notice of Collective Action).

On November 15, 2004, the Court issued an order requiring Cintas to send a corrective notice to those employees with whom it had improperly communicated, and with respect to those employees, tolled the statute of limitations from July 23, 2004, to no later than November 24, 2004. *See* Docket No. 363.

## LEGAL STANDARDS

**1.  Summary Judgment**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The party moving for summary judgment must demonstrate that there are no genuine issues of material fact. *See Horphag v. Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). An issue is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248; *Rivera*, 395 F.3d at 1146.

In responding to a properly supported summary judgment motion, the non-movant cannot merely rely on the pleadings, but must present specific and supported material facts, of significant probative

value, to preclude summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002); *Federal Trade Comm'n v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004); *Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 568 (9th Cir. 2004).

**2.    Statute of Limitations on FLSA Claims**

Title 29 U.S.C. § 255(a) sets the limitations period for a cause of action for unpaid overtime compensation under the FLSA. Such a cause of action

> may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a).

For a non-collective action, a cause of action is commenced for purposes of section 255 "on the date the complaint is filed." 29 U.S.C. § 256. For a collective or class action instituted under the FLSA, such as the present action, it is considered commenced in the case of any individual claimant:

> (a)    on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b)    if such written consent was not so filed or if his name did not so appear---on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256; *see also Partlow v. Jewish Orphans' Home of S. Cal., Inc*., 645 F.2d 757, 760 (9th Cir. 1981) (abrogated on other grounds) (the FLSA statute of limitations continues to run until a valid consent is filed).

**ANALYSIS**

**1.    Statute of Limitations on the FLSA Claims**

3

The plaintiffs have not opposed Cintas's motion for summary judgment with respect to twelve of the plaintiffs.[2] Because the plaintiffs have not presented specific facts demonstrating a genuine factual issue on the claims brought by these plaintiffs, summary judgment is granted in favor of Cintas on the claims of these twelve. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). A number of plaintiffs have also voluntarily dismissed their claims, so their causes of action are no longer pending. *See* Docket Nos. 584, 604.[3] Thus, summary judgment is also granted as to these plaintiffs. There are, however, a number of remaining plaintiffs that contest Cintas's assertion of expired limitations, arguing that the statutory deadlines were tolled.

### a. Stipulated Tolling

First, the plaintiffs point out that Cintas agreed to toll the statute of limitations from August 5, 2003, to February 14, 2004. *See* Docket Nos. 33, 60, 126, 615. This amounts to a period of six months and nine days. A party may stipulate to extend the statute of limitations. *See, e.g., Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) ("Where parties are ordered or agree by stipulation to suspend proceedings during the pendency of legal proceedings, the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations"); *Roebuck v. Hudson Valley Farms*, 239 F. Supp. 2d 234, 240 n.10 (N.D.N.Y. 2002); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 n.14 (S.D.N.Y. 1997). Acknowledging this stipulation, Cintas has agreed to withdraw its summary judgment motion with respect to certain plaintiffs.[4]

---

[2] Gary Anslinger; Michael Baldwin; Brian C. Bronger; Steven Fox; Errol Gholston; William Hansel; Algis Kivenas; Russell O. Long; Douglas Todd Nichols; Jose A. Plascencia; Richard Whitted; and Scott Worful.

[3] Plaintiffs Gabriel Bedolla; William Brieva; Christopher G. Dolce; Tim Keeler; John W. LaPlant; Matthew Robert Linn; Michael Milligan; John Stoneman; John B. Weisflock; Brian Bronger; Alex Davik; David Eubank; Andre Guidry; Donald Kelly, Jr.; Ervin Kuhl; Kennith Lyons; James P. Metcalf; Cesar Pajares; Mark Parenteau, Sr.; Raymond Rishavy; and James Sherlund.

[4] Plaintiffs Joe Ashcraft; Steve Ashley; Jerome Bockelman; David M. Calderon; David Alan Crow; David Garcia; Friedrich Gorman; Brandon Haycock; Brian Hingst; Morgan Juarez; Robert R. Kramer; Bruce Lauvrak; Tony Martinez, Jr.; Terry L. McLeod; Martin Mendoza; John

Nonetheless, Cintas maintains two plaintiffs are still precluded from proceeding based on untimely opt-in notices. First, it notes that the plaintiffs' opposition brief lists Lamar A. May's last day of employment with Cintas as being January 22, 2001. With the additional time for the agreed stipulation, his opt-in notice was due by July 31, 2004. His notice was filed on August 18, 2004. Accordingly, even assuming a three-year statute of limitations for a willful violation of federal overtime laws, May's claims expired.

The second plaintiff Cintas identifies as unaffected by the agreed stipulation is John W. Smulka. It contends Smulka's employment with Cintas ended on June 14, 2000, and he therefore had until October 23, 2003 to opt-in to this litigation. Smulka filed his opt-in notice nearly a year later on October 21, 2004. While the plaintiffs list Smulka's date of separation as April 14, 2001, in their opposition they show the deadline for Smulka's notice as October 21, 2004. *See* Docket No. 611 at 9. Even assuming that the plaintiffs still contend that Smulka's date of separation was April 14, 2001, they have offered no evidence to that effect. The only summary judgment evidence is that Smulka separated from Cintas on June 14, 2000. *See* Docket Nos. 590, Ex. 5; 589, Ex. 52. Accordingly, his claim is barred by the limitations period for filing a claim for overtime.

### b.    Additional Tolling for Corrective Notice

The plaintiffs assert that there should be an additional four months of tolling due to the November 15, 2004 order issued by the Court requiring Cintas to mail a revised notice and consent to sue form. *See* Docket No. 363. Cintas counters that order applies only to those individuals mailed the revised notice, not all of the plaintiffs. Cintas is correct. In that order the Court stated:

> The statute of limitations of all FLSA claims asserted by any Cintas employee who is mailed the Notice, and who timely files a Consent to Sue form in this lawsuit or commences a separate suit or arbitration for such FLSA claims is hereby tolled from July 23, 2004 -- the date the Court-approved Notice of this action should have been mailed to these Cintas employees -- through and including the earlier of (a) the date upon which his or her Consent to Sue form or other action was filed or (b) November 24, 2004.

---

F. Meyer; John A. Milligan; Ron Molo; Timothy Monahan; Ronald D. Parent; Anthony Reynolds; Marvin S. Sherman; Kevin Stumpf; and Rene Vaca.

Docket No. 363 n.1; *see also* n.3.

Despite this language, the plaintiffs contend that it is not now feasible or appropriate to differentiate between those plaintiffs that received the revised notice from those that did not. They argue "it is not now possible to determine with any certainty who among the plaintiffs were entitled to the extended deadline." Docket No. 611 at 18. Cintas states, however, and the plaintiffs do not contradict, that Cintas delivered a compact disk labeled "#4" containing the names of the individuals who received the corrective notice and that "[t]here is no basis for confusion or difficulty in identifying who is eligible for tolling under footnotes 1 and 3 of the Amended Order." Docket No. 615. The plaintiffs assert they returned earlier compact disks, but likewise do not dispute possession of the compact disk with the plaintiffs who received the revised notices clearly identified. Thus, there is no evidentiary support for the plaintiffs' claim that it is not possible to determine who received the notices. And because the plaintiffs have failed to identify which of the members of its collective action received revised notices, there is no basis for determining who, if any, of the remaining plaintiffs may qualify for the additional tolling. Without such information, an additional four months of tolling due to the November 15, 2004 order is not warranted.

    **c.**    **Equitable Tolling**

The plaintiffs also seek equitable tolling of the limitations period. The statue of limitations in FLSA cases may be equitably tolled. The Ninth Circuit has implied the doctrine of equitable tolling into the FLSA. *See Partlow v. Jewish Orphans Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) (abrogated on other grounds by *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989); *see also Bonilla v. Las Vages Cigar Co.*, 61 F. Supp. 2d 1129, 1140 (D. Nev. 1999) (recognizing the implication); *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) ("Section 255(a) is, however, subject to the doctrine of equitable tolling"). Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond a plaintiff's control made it impossible to file a claim on time. *See*

*Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814 (1997). Equitable tolling is to be granted sparingly, limited to those situations where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is not generally available where the claimant "failed to exercise due diligence in preserving his legal rights." *Id*.

The plaintiffs make no assertion that there were extraordinary circumstances beyond their control making it impossible to file the opt-in notices on time. They rely on the purportedly wrongful conduct of Cintas in misleading potential plaintiffs as to the required timing of their consent to opt-in. The plaintiffs argue in effect that the Court-facilitated notice gave the false impression that as long as individual plaintiffs opted-in by October 21, 2004, their overtime claims were timely regardless of when the alleged violation occurred. The plaintiffs state that "[b]y agreeing to a facilitated notice that told plaintiffs their consent to sue forms would be timely if filed by October 21, 2004, Cintas effectively represented to opt-in plaintiffs that they could timely commence their FLSA actions by filing their consent to sue forms by that specific deadline." Docket No. 611 at 13-14.

This argument borders on frivolity. The facilitated notice provided the plaintiffs a cut-off date by which they were required to opt-in to this action; it neither guaranteed nor suggested that any claim brought by that date would be deemed timely. The facilitated notices sent in this case provided the following notice:

> Claims for overtime under the FLSA must be filed, if at all, within two years after a wage violation (or within three years if the violation was willful as defined by law). Any claims for overtime pay under federal law not filed within these limits are likely to be denied as untimely.

Docket Nos. 159 (Notice of Collective Action); 363, Ex. A.

From this notice is it readily apparent that the potential opt-ins were informed of the applicable statute of limitations. Moreover, filing notice permits an individual to join the action by a date certain; it does not guarantee tolling of any claims that may have otherwise expired.

7

The facilitated notice which was provided to these plaintiffs is typical of facilitated notices in myriad cases throughout the country in overtime cases. The result of the plaintiffs' argument that the cut-off date for joining an overtime "collective action" extends the limitations effectively eviscerates the statutory limitations period in nearly all collective actions. In a somewhat analogous situation, the Ninth Circuit refused to apply equitable tolling for a plaintiff who received notice of a right-to-sue letter from the Equal Employment Opportunity Commission, but failed to timely assert a Title VII claim, explaining that "'there is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless.'" *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992), *cert. denied*, 506 U.S. 868 (1992) (quoting *Lewis v. Connors Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982) (per curiam)).

Finally, there is no evidence to support the plaintiffs' assertions that potential opt-in plaintiffs were induced or tricked by Cintas into filing their opt-in notices more than three years after the alleged overtime violations. Accordingly, the equitable tolling of the statute of limitations of the FLSA is not warranted. Moreover, there is no substantive allegation that Cintas has engaged in wrongful conduct that prevented the plaintiffs from timely asserting their claims, nor have there been any extraordinary circumstances chronicled showing the plaintiffs could not have filed their claims on time.

### d.     **Final Dates of Employment**

The plaintiffs maintain that there are factual disputes related to the dates when individual plaintiffs last worked for Cintas precluding summary judgment on the statute of limitations defense. But the only evidence of a factual dispute presented by the plaintiffs relates to a single plaintiff---David C. Deguc. The plaintiffs assert that Deguc worked for Cintas through August of 2000. The plaintiffs have provided a copy of a pay stub showing that Deguc worked until Friday, August 18, 2000. Cintas acknowledges its records show he worked until Monday, August 21, 2000. Even with this dispute over his final date of employment consisting of a single business day, there remains no dispute that Deguc's claim is time-barred. The final date of his employment, whether on the 18th or the 21st, is of no

consequence to this action.

### 2. Plaintiff Bruce Brandt's Claim under Indiana Law and Plaintiff Chris McArdle's Claims under California Law

Plaintiff Bruce Brandt is a resident of Indiana who worked for Cintas as a Service Sales Representative. He alleges that he regularly worked in excess of forty hours per week and eight hours per day, but was not compensated for his overtime. Plaintiff Chris McArdle is a resident of California who worked for Cintas as a Service Sales Representative. He too alleges that he regularly worked in excess of forty hours per week and eight hours per day, but was not compensated for the overtime he worked. Cintas maintains both Brandt and McArdle's state law claims, under Indiana and California respectively, are time-barred.

The plaintiffs argue that the commencement of a class action suspended the applicable statute of limitations as to all asserted members of the class, relying on *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983). That is to say, it is the plaintiffs' position that the commencement of the putative state law class actions suspended the applicable statute of limitations as to all asserted members of the putative classes of Indiana and California employees.

In *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 553 (1974), the Supreme Court held that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." In *Crown*, the Court extended this holding as to all asserted members of the class, not just intervenors. *Crown*, 462 U.S. at 350. Thus, the commencement of a class action suspends the applicable statute of limitations to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action until such time as the class certification is denied. *See Crown*, 462 U.S. at 353-54; *American Pipe*, 414 U.S. at 554.

Cintas counters that in an April 5, 2004 order, this Court ruled that each of the Indiana and California state subclass representatives (John Cruz, Paul Veliz, and James White) were required to arbitrate their disputes with Cintas and that the named state subclass representatives could not litigate

their claims due to arbitration agreements. *See* Docket No. 140. Thus, there was no class certification of Cruz's Indiana claim or Veliz and White's California claim. This means there was no putative class action pending that suspended the statute of limitations. It was almost two years later, on February 28, 2006, when plaintiffs McArdle and Brandt filed the Second Amended Complaint asserting California and Indiana state law claims.

The Supreme Court's holdings in *Crown* and in *American Pipe* clearly do not apply to Brandt or McArdle's state law actions because there was no putative class action pending for nearly two years, and thus no suspension of the statute of limitations during that time. *See, e.g., Immigrant Assistance Project of Los Angeles County Federation of Labor v. I.N.S.*, 306 F.3d 842, 856 (9th Cir. 2002) (once statute of limitations has been tolled by the commencement of the class action it remains tolled for all members of the putative class until class certification is denied; at that time, class members may choose either to file their own suits or to intervene as plaintiffs in the pending action); *Hunsaker v. Hurwitz*, 14 Fed. Appx. 826, 829-30 (9th Cir. 2001) (unpublished) (a plaintiff cannot rely on the doctrine of *American Pipe*, which provides for the tolling of the statute of limitations when unnamed class members seek to litigate their own claims after a court refuses to certify a class in an action instituted on their behalf); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987); *Totsi v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (the commencement of a class action tolls the statute of limitations, but the statute begins running anew from the date that notice the certification has been denied). In this case the plaintiffs' class action was denied by the Court's ruling that the class representatives' claim were precluded by an arbitration clause. It follows that judgment as a matter of law must be granted as to McArdle and Brandt's state law claims because they are stale under the statute of limitations.

## CONCLUSION

Accordingly, Cintas's Motion for Summary Judgment Against Certain Plaintiffs Whose FLSA, California, and Indiana Claims are Barred by the Statute of Limitations [Docket No. 586], is GRANTED in PART and DENIED in PART. Cintas's motion is DENIED as moot as to that portion which it has

10

1  withdrawn.[5]

2      IT IS SO ORDERED.

3  

4      March 20, 2007                            _____
                                                      Saundra Brown Armstrong
                                                      United States District Judge

---

[5] *See* Footnote 1.