UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(Oakland Division)

| | |
|---|---|
| PAUL VELIZ, et al, On behalf of Themselves and All Others Similarly Situated.<br><br>                  Plaintiffs,<br><br>        vs.<br><br>CINTAS CORPORATION, an Ohio corporation; PLAN ADMINISTRATOR for the Cintas Partners' Plan; and DOES 1-25, inclusive,<br><br>                  Defendants. | Case No. C-03-01180 (SBA)<br><br>**[E-FILING]**<br><br>CLASS ACTION<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AS AGAINST CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS, WHICH ARE DISPOSITIVE OF THEIR CLAIM FOR RELIEF** |

Defendant Cintas Corporation ("Cintas") has submitted a Motion for Summary Judgment Against Certain Plaintiffs Who Have Been Determined By The Court To Have Made Admissions, Which Are Dispositive Of Their Third Claim For Relief [Docket No. 596].   After reading and considering the papers presented, and the argument of counsel at the hearing hereon held on April 3, 2007, for the reasons that follow, the Court GRANTS in PART and DENIES in PART Cintas' Motion for Summary Judgment. [1]

---

[1]

   Cintas initially moved for summary judgment against 88 plaintiffs.  Seven of those 88 plaintiffs voluntarily dismissed their claims.  Accordingly, Cintas withdrew this motion as against those individuals: Alex Davik, Andre Guidry, Donald Hugh Kelly, Jr., Ervin Kuhl, James P. Metcalf, Cesar Pajares, and Raymond Richard Rishavy.  [Dkt. No. 624, n.1] They are, therefore, excluded from this Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A.   BACKGROUND

This is a "collective action" brought under the Fair Labor Standards Act ("FLSA") for the alleged failure to pay overtime.  Section 16(b) of the FLSA permits an employee to bring suit against an employer "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).  Representative plaintiff Paul Veliz originally instituted such a collective action against Cintas.  The plaintiffs are former and current employees of Cintas.  The performed service and/or delivery functions that were allegedly not exempt from the overtime provisions of the FLSA and the wage and hour laws of the various states where the plaintiffs are or were employed.  Cintas now moves for summary judgment against 81 litigating plaintiffs whose claims it maintains are barred by virtue of admissions made in response to Cintas' Requests for Admissions.   Cintas' Motion for Summary Judgment against these 81 plaintiffs is based on one or more of four different grounds.

**SQUIRE, SANDERS &
DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

PROPOSED ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AGAINST
CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS WHICH ARE
DISPOSITIVE OF THEIR THIRD CLAIM FOR RELIEF - CASE NO. C-03-01180 (SBA)
2

1

2      **B.**     <u>ANALYSIS</u>

3      **1.**     <u>Standard of Review</u>

4 Summary judgment is appropriate if no genuine issue of material fact exists and the moving

5 party is entitled to judgment as a matter of law. *See* Fed.Civ.P.56(c); *Celotex Corp. v. Catrett,*

6 477 U.S. 317, 322-23 (1986). The party moving for summary judgment must demonstrate that

7 there are no genuine issues of material fact. *See Horphag v. Research Ltd. v. Garcia,* 475 F.3d

8 1029, 1035 (9th Cir. 2007). An issue is "genuine" if the evidence is such that a reasonable jury

9 could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.* 477 U.S.

10 242, 248 (1986); *Rivera v. Philip Morris, Inc*., 395 F.3d 1142, 1146 (9th Cir. 2005). An issue is

11 "material" if its resolution could affect the outcome of the action. *Anderson,* 477 U.S. at 248;

12 *Rivera*, 395 F.3d at 1146.In responding to a properly supported summary judgment motion, the

13 non-movant cannot merely rely on the pleadings, but must present specific and supported

14 material facts, of significant probative value, to preclude summary judgment. *See Matsushita*

15 *Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n.11 (1986); *Leisek v.*

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AGAINST
CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS WHICH ARE
DISPOSITIVE OF THEIR THIRD CLAIM FOR RELIEF - CASE NO. C-03-01180 (SBA)

1

2

*Brightwood Corp.,* 278 F.3d 895, 898 (9th Cir. 2002); *Federal Trade Comm'n v. Gill,* 265 F.3d

3

944, 954 (9th Cir. 2001).  In determining whether a genuine issue of material fact exists, the

4

court views the evidence and draws inferences in the light most favorable to the non-moving

5

party.  *See Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy,* 365 F.3d 827, 832 (9th

6

Cir. 2004); *Hernandez v. Hughes Missile Sys. Co.,* 362 F.3d 564, 568 (9th Cir. 2004).

7

      **2.**      **Summary Judgment is Appropriate Against Plaintiffs Who Have Admitted That They Did Not Work More Than 40 Hours In A Workweek While Employed As A Cintas SSR**

8

9

10

Plaintiffs concede that 50 individuals who admit they never worked more than 40 hours

11

in a workweek cannot prevail on their claim alleging Cintas failed to pay them overtime under

12

the FLSA.  "[N]o employer shall employ any of his employees who in any workweek [works]

13

longer than forty hours unless such employee receives compensation for his employment in

14

excess of the hours above specified at a rate not less than one and one-half times the regular rate

15

at which he is employed."  29 U.S.C.A. § 207(a)(1).  Thus, where, as here, it is established (a)

16

that the employee never worked more than 40 hours in a workweek during a certain period and

17

(b) that the employee terminated employment prior to the end of that period, the individual has

18

no claim for unpaid overtime under the FLSA.  As the moving party, Cintas has established, and

19

Plaintiffs have conceded that each individual listed below ended their employment prior to

20

June 1, 2002 and admitted never working in excess of 40 hours while employed by Cintas prior

21

to that date.  Accordingly, Cintas' Motion for Summary Judgment is GRANTED against the

22

following individual plaintiffs:

23

| LAST NAME | FIRST NAME |
|-----------|------------|
| Delossantos | Michael |
| Medina | Jose |
| Molo | Ron |
| Moore | David |
| Whitted | Richard |

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

[Dkt. No. 598, Kelly Decl. Exs. 13, 52, 55, 57, and 83; Dkt. No. 600, Abramovich Decl., ¶¶1-3, Ex. 1.]As the moving party, Cintas has also established and Plaintiffs have conceded that each individual listed below ended their employment prior to June 1, 2003 and admitted never working in excess of 40 hours while employed by Cintas prior to that date.  Accordingly, Cintas is also entitled to summary judgment against these individuals:

| LAST NAME | FIRST NAME |
|---|---|
| Barnard | James Lee |
| Boone | Henry L. |
| Brandis | Dustin |
| Brown | Christopher |
| Crosby | Reginal |
| Czekaj | Roger |
| Davis | Todd |
| Fletcher | Stephen Shane |
| Fox | Steven |
| Frankowski | Thomas S. |
| Franks | Chris |
| Fudge | Lloyd |
| Gilmore | Robert |
| Goree | Douglas |
| Hendrick | Robert |
| Hopper | Anthony |
| Isherwood | Jason A. |
| Jaffee | Sol |
| Jessup | Mitchell |
| Jones | Bobby |
| Klocek | Steven |
| Kramer | Robert |
| Lee | Theodis |
| Leggio | Vincent |
| Lloyd | Noel |
| Long | Russell |
| Machala | Gregory W. |
| McNail | Michael |
| Meyer | John F. |
| Plascencia | Jose |
| Pongchit | Sai |
| Reaves | Keith |
| Schwall | Jeffrey |
| Serrano | Lorenzo J. |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

PROPOSED ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AGAINST CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS WHICH ARE DISPOSITIVE OF THEIR THIRD CLAIM FOR RELIEF - CASE NO. C-03-01180 (SBA)
5

| LAST NAME | FIRST NAME |
|---|---|
| Sherman | Marvin S. |
| Shropshire | Jerome |
| Smith | Roger |
| Stumpf | Kevin L. |
| Van Williams | Ryal |
| Walsh | Paul |
| Whitlock | Leslie |
| Whitlow | Cory |
| Wilson | Roland |
| Wooten | Robert (Scott) |
| Worful | Scott |

[Dkt. No. 598, Kelly Decl. Exs 1, 6-10, 12, 15-21, 24, 26, 28-30, 33, 36-37, 40-41, 43-44, 46, 51, 54, 61-63, 67-71, 73, 77, 79-81, and 85-87; Dkt. No. 600, Abramovich Decl. ¶¶1-3, Ex. 1 and Dkt. No. 599, RJN Exs. 7-9 (Dkt. Nos. 176 p. 33, 334-2 p. 65, and 187-2 p. 36).] Like the foregoing listed plaintiffs, Timothy Monahan and Johnny Terrell admitted that they did not work more than 40 hours per week while employed by Cintas prior to June 1, 2003.  Cintas also presented evidence that Mr. Monahan's employment termination date was May 25, 2001 and Mr. Terrell's employment termination date was December 29, 2002.  [Dkt. No. 598, Kelly Decl., Exs. 56 and 74 and Dkt. No. 600, Abramovch Decl., Ex. 1].  Thus, Cintas as the moving party met its initial burden of showing the Court the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).Cintas having met its burden on this motion, it was up to Plaintiffs to set forth specific facts showing that there is a genuine issue for trial in order to defeat the motion. *See Anderson*, 477 U.S. at 250. Regardless of whether plaintiff or defendant is the moving party, each party must "establish the existence of the elements essential to [its] case, and on which [it] will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  Plaintiffs did not object to or challenge Cintas' business records with any material evidence outside of the pleadings.  They merely referred to the unsworn consents-to-sue for Mr. Monahan and Mr. Terrell that reflect dates other than those contained in Cintas' business records.  [Dkt. No. 619, Plaintiffs' Opposition at

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

PROPOSED ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AGAINST CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS WHICH ARE DISPOSITIVE OF THEIR THIRD CLAIM FOR RELIEF - CASE NO. C-03-01180 (SBA)
6

8.]Plaintiffs failed to provide either of the referenced consent-to-sue forms to the Court in their opposition to Cintas' motion.  Nor did Plaintiffs specify where the forms could be found in the record.  It is not the task of this Court to scour the record in search of a genuine issue of triable fact.  In addition, Plaintiffs, as the non-moving party, must present specific and supported material facts of significant probative value to defeat summary judgment.  Plaintiffs have not presented specific and supported material facts on the final dates of employment of Mr. Monahan or Mr. Terrell. At most, Plaintiffs have only referred to their otherwise unsupported assertions in the consent-to-sue forms.  *See Keenan v. Allan*, 91 F.3d 1275, 1278-79 (9th Cir. 1996).  Accordingly, summary judgment is also granted against both Timothy Monahan and Johnny Terrell.

### 3.  Summary Judgment is Appropriate Against Plaintiffs Who Have Admitted That They Were Never SSRs

Eighteen plaintiffs admitted that they never worked as SSRs for Cintas.  Their admission that they "have never been employed with Cintas as an SSR at any time" [Dkt. No. 598, Kelly Decl. Exs. 5, 8, 13, 21, 30-31, 34, 36, 47, 52, 64, 68-70, 80, 83, 87 and 88] prohibits them from being a plaintiff in this putative collective action.  Contrary to Plaintiffs' argument, the definition of "SSR" Cintas used in the Requests for Admission properly included persons who worked as "a route driver and/or otherwise performed a service and/or delivery function."  *Id*.  This definition comports with the definition used in the facilitated notice allowed by this Court and thus the individuals' admissions that they do not fall within that definition are fatal to their claims in this action.  [*Compare* Dkt. No. 121, Order on Facilitated Notice at 10:4-7 and Dkt. No. 519-1, Second Amended Complaint at ¶3.]  Moreover, Plaintiffs have offered no evidence that any of the individuals against whom Cintas is moving on this basis did, in fact, fall into the category of "SSR".  Thus, there is no actual dispute as to whether or not these individuals belong in this action.This Court finds no basis to limit its grant of summary judgment to be "without prejudice," or to include further equitable tolling.  These individuals were not entitled to join this action and not properly before this Court.  Plaintiffs offered no facts on the record for why Cintas

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

PROPOSED ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AGAINST
CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS WHICH ARE
DISPOSITIVE OF THEIR THIRD CLAIM FOR RELIEF - CASE NO. C-03-01180 (SBA)
7

is not entitled to exactly the relief Cintas requested.  Accordingly, Cintas' motion is GRANTED against the following individuals:

| LAST NAME | FIRST NAME |
| --- | --- |
| Blackford | Denise Cecile |
| Brown | Christopher |
| Delossantos | Michael |
| Goree | Douglas |
| Jessup | Mitchell |
| Jeter | David |
| Joseph | Arthur |
| Klocek | Steven |
| Mallari | Paul Viray |
| Medina | Jose |
| Rios | Mark |
| Serrano | Lorenzo J. |
| Sherman | Marvin S. |
| Shropshire | Jerome |
| Whitlock | Leslie |
| Whitted | Richard |
| Worful | Scott |
| Zoankowski | Matthew |

**4.      Summary Judgment is Appropriate Against Plaintiffs Who Have Admitted They Were Paid on an Hourly Basis**

Ten plaintiffs admitted that they were paid on an hourly basis.   [Dkt. No. 598, Kelly Decl., Exs. 13, 21, 30, 34, 47, 69, 70, 80, 83 and 87.]  The relevant requests for admission asked the plaintiffs to "[a]dmit that during the relevant time period Cintas did not pay you a fixed salary but paid you by the hour, including overtime pay."  This Court's operative definition of who has made and may make claims in this lawsuit is limited to individuals who were paid on a non-hourly basis.  As hourly employees, they fall outside the definition of SSR discussed in the Second Amended Complaint and this Court's Order on Facilitated Notice.  [Dkt. No. 121at ¶3; Dkt. No. 519-1 at 10:6.]  Thus, Cintas is entitled to summary judgment against the following individuals:

| LAST NAME | FIRST NAME |
| --- | --- |
| Delossantos | Michael |
| Goree | Douglas |
| Jessup | Mitchell |
| Joseph | Arthur |
| Mallari | Paul Viray |

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

| LAST NAME | FIRST NAME |
|-----------|------------|
| Sherman | Marvin S. |
| Shropshire | Jerome |
| Whitlock | Leslie |
| Whitted | Richard |
| Worful | Scott |

**5.** **Summary Judgment is Not Appropriate At this Time Based Solely on the Requests For Admissions Regarding the Motor Carrier Act Exemption**

Finally, Cintas seeks summary judgment on the Third Claim for Relief with respect to 28 of the plaintiffs subject to this motion because each admitted facts that Cintas argues demonstrated that they are exempt from the provisions of the FLSA under the Motor Carrier Act exemption ("MCA exemption") in effect during their employment with Cintas.  29 U.S.C. §213(b)(1).  Each of these 28 plaintiffs admitted that "during the relevant time period" they engaged in conduct that Cintas argues would satisfy the MCA exemption.  [Dkt. No. 598, Kelly Decl. Exs. 2-5, 14, 22, 25, 27, 30, 32, 38, 42, 45, 48-50, 56, 58-59, 64, 66, 72, 74-76, 78, 82 and 84.]  This Court does not here reach the question raised by Plaintiffs regarding the proper time period for determining whether the MCA exemption applies, but does find that these Requests for Admission have ambiguity with respect to whether admission of them means the individual was engaging in the admitted conduct throughout the relevant time period or only at some discrete point(s) in time within the relevant time period.  Based on this ambiguity in these Requests for Admission, in the context of the parties' positions on the MCA exemption, this Court DENIES Cintas' motion for summary judgment.Mindful that the individuals against whom Cintas moved for summary judgment on this basis have, by Plaintiff counsels' own repeated admission, refused to communicate with them and to respond to discovery, the Court shall entertain a motion from Cintas for dismissal for failure to prosecute as to the remaining 23 individuals against whom this Court has not, elsewhere in this Order, entered summary judgment.

**SQUIRE, SANDERS &
DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

PROPOSED ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AGAINST
CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS WHICH ARE
DISPOSITIVE OF THEIR THIRD CLAIM FOR RELIEF - CASE NO. C-03-01180 (SBA)
9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.    CONCLUSION**

Accordingly, Cintas' Motion for Summary Judgment is GRANTED in PART and DENIED in PART, as more fully set forth herein.

**IT IS SO ORDERED.**

Dated: 4/13/07                                    _Saundra B Armstrong_
                                                            SAUNDRA BROWN
                                                            ARMSTRONG
                                                            United States District Judge

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

PROPOSED ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AGAINST CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS WHICH ARE DISPOSITIVE OF THEIR THIRD CLAIM FOR RELIEF - CASE NO. C-03-01180 (SBA)
10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROPOSED ORDER GRANTING IN PART AND DENYING IN PART CINTAS' MOTION FOR SUMMARY JUDGMENT AGAINST CERTAIN PLAINTIFFS WHO HAVE BEEN DETERMINED BY THE COURT TO HAVE MADE ADMISSIONS WHICH ARE DISPOSITIVE OF THEIR THIRD CLAIM FOR RELIEF - CASE NO. C-03-01180 (SBA)

1