UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(Oakland Division)

| | |
|---|---|
| PAUL VELIZ, et al, On behalf of Themselves and All Others Similarly Situated.<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>CINTAS CORPORATION, an Ohio corporation; PLAN ADMINISTRATOR for the Cintas Partners' Plan; and DOES 1-25, inclusive,<br><br>　　　　　　　Defendants. | Case No. C-03-01180 (SBA)<br><br>**[E-FILING]**<br><br>CLASS ACTION<br><br>**ORDER GRANTING CINTAS CORPORATION'S MOTION TO DISMISS CERTAIN PLAINTIFFS FOR FAILURE TO PROSECUTE** |

　　　Defendant Cintas Corporation ("Cintas") has moved this Court to dismiss certain plaintiffs for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).  Cintas' counsel has confirmed that the Court's docket reflects that no opposition to this motion has been filed.   Cintas' counsel further confirmed that no paper related to this motion has been received by Cintas' counsel.

　　　Having considered the papers presented, and the argument of counsel, for the reasons more fully set forth herein, the Court hereby GRANTS Cintas' Motion.

　　　A.　　　**R**ELIEF **R**EQUESTED **B**Y **C**INTAS' **M**OTION

　　　Cintas requests that the Court dismiss the claims of the following individuals pursuant to Fed. R. Civ. P. 41(b) which authorizes dismissal for failure of a plaintiff to prosecute or comply with the Federal Rules of Civil Procedure or any order of this Court:

　　　　Todd Bates
　　　　Mark Bernard
　　　　Leon Bipat
　　　　Danny R. Ellisor
　　　　Jim Garman
　　　　Laureano Guajardo, Sr.
　　　　Clarence Holloway
　　　　Richard Huber
　　　　Nathan A. Kuethe

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111

**REVISED [PROPOSED] ORDER GRANTING CINTAS CORPORATION'S MOTION TO DISMISS CERTAIN PLAINTIFFS FOR FAILURE TO PROSECUTE - CASE NO. 03-01180 (SBA)**

    Ewell Farley Lester, Jr.
    Edgar A. Lugo II
    Richard Dean Massey
    Jeffrey Scott Mayton
    Garland McAnally III
    Linn Allen Minnick
    Steven Michael Mullis
    Lind Murray
    Gary T. Newvine
    Brandi Ott
    Kevin Roam
    Ronald Lynne Smith
    William Gregory Thrash
    Ryan Urdiales
    Pedro Velazquez
    Brian Whitman
    Gary Lynn Wiant

**B.**    **SHORT STATEMENT OF RATIONALE OF THE DECISION AND CITATIONS TO AUTHORITY AS TO THE RELIEF REQUESTED**

    **1.**    **Introduction and Legal Standard**

Dismissal for failure to prosecute is governed by Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

District Courts have both inherent and express authority to dismiss a case for failure to prosecute when a case is not pursued with "reasonable diligence." *See Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992); *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). In determining whether a dismissal under Fed. R. Civ. P. 41(b) is warranted, this Court is to consider five factors:

    (1)    the public's interest in expeditious resolution of litigation;

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

**REVISED [PROPOSED] ORDER GRANTING CINTAS CORPORATION'S MOTION TO DISMISS CERTAIN PLAINTIFFS FOR FAILURE TO PROSECUTE - CASE NO. 03-01180 (SBA)**

    (2)    the court's need to manage its docket;

    (3)    the risk of prejudice to the defendants;

    (4)    the public policy favoring disposition of cases on their merits; and

    (5)    the availability of less drastic alternatives.

*Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The failure to diligently prosecute a case "is sufficient by 'itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.'" *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994), *quoting Anderson*, 542 F.2d at 524.

### 2. The Five-Factor Test is Met in This Instance.

Each of the individuals subject to this Motion has had *four* extensions of time in which to answer Cintas' discovery requests (three stipulated to by Cintas and another granted by the Court), amounting to an extension of well over six months. Each received a Facilitated Notice from this Court indicating that they could be called upon, as opt-in Plaintiffs in this case, to provide written discovery or testimony. And each has ignored what Plaintiffs' former counsel has sworn are repeated and laborious attempts by their own counsel to contact them, as detailed in their counsel's Declaration in support of their motion to withdraw.

As a result, all five of the relevant factors are met. The public's interest in expeditious resolution of litigation will be served in this case by clearing unnecessary, uninterested, and nonparticipating persons from the slate of opt-in plaintiffs in this case and allowing the parties to narrow the issues to those which are relevant to responsive Plaintiffs; it will also avoid additional expenditures of time and money by all parties. This Court will be able to more effectively manage its docket, which will not be cluttered with motions and countermotions potentially relevant only to Plaintiffs who do not intend to participate.

If the nonresponsive Plaintiffs are not removed from the docket, it is plain that Cintas will suffer serious prejudice merely from their presence in the case, as it will be required to litigate individualized aspects of their claims while at the same time being denied the possibility of discovery from them. Finally, there do not appear to be any less drastic alternatives; no apparent

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

REVISED [PROPOSED] ORDER GRANTING CINTAS CORPORATION'S MOTION TO DISMISS
CERTAIN PLAINTIFFS FOR FAILURE TO PROSECUTE - CASE NO. 03-01180 (SBA)

- 4 -

sanction other than dismissal could even reach these Plaintiffs or otherwise prod them to comply with their responsibility to diligently prosecute their case. In such a case, where the Plaintiffs have essentially opted out of the suit and refused to cooperate, it is apparent that the general preference for resolving claims on their merits is not undermined.

In short, there can be no doubt that these Plaintiffs have no intention of even participating in this case, much less in prosecuting it. No further purpose can be served by allowing them to remain litigants. Accordingly, the Court shall dismiss their claims, with prejudice.

C. CONCLUSION

Accordingly, Cintas' Motion to Dismiss for Failure to Prosecute is GRANTED in its entirety as to the individuals listed above.

**IT IS SO ORDERED.**

Dated: 6/6/07                                    _____
                                                 SAUNDRA BROWN ARMSTRONG
                                                 United States District Judge

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
SAN FRANCISCO, CA 94111-3492

- 4 -
REVISED [PROPOSED] ORDER GRANTING CINTAS CORPORATION'S MOTION TO DISMISS
CERTAIN PLAINTIFFS FOR FAILURE TO PROSECUTE - CASE NO. 03-01180 (SBA)