IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL VELIZ, et al.,

        Plaintiff(s),

  vs.

CINTAS CORPORATION, et al.,

        Defendant(s).

No. C 03-1180 SBA  (MEJ)

**ORDER RE: AFFIRMATIVE DEFENSE DISCOVERY**

      On February 20, 2008, the parties filed a joint letter concerning Plaintiffs' request to compel Defendant Cintas Corporation to respond to discovery into the factual basis for Cintas' affirmative defense that Plaintiffs are exempt employees under the Motor Carrier Act.  (Doc. #736.)  Upon review of the parties' letter, the Court found Plaintiffs' request relevant yet overbroad, and ordered the parties to meet and confer for the purpose of limiting the scope of Plaintiffs' requests through stipulation.  (Doc. #742.)  As the parties have been unable to reach an agreement, they filed a joint letter on April 11, 2008.  (Doc. #756.)

      Upon review of the parties' April 11 letter, the Court finds that an in-person meet and confer session, which apparently did not occur after the Court's previous order, is necessary.  In response to the Court's previous order, Plaintiffs' counsel states that it designated 20 plaintiffs for whom Defendant should provide discovery, and states that it rewrote the proposed discovery to narrow the focus of its inquiries.  However, Defendant argues that the scope of this discovery actually expands the scope of the original requests.  It is not the job of this Court to comb through discovery requests

one-by-one when the parties have yet to do so themselves.  Accordingly, the Court ORDERS the parties to meet and confer in person for the purpose of resolving this dispute.  So as to ensure compliance with the spirit of the meet and confer requirement, the parties shall make a contemporaneous record of their meeting using a court reporter or electronic recording device.  Defendant should be mindful that the number of requests is not at issue; rather, it is the content of the requests that must be addressed.  The Court will not fault Plaintiffs for increasing the number of requests if they, in fact, narrow the scope of the original requests.

If the parties are still unable to resolve this dispute, they shall then file a joint letter.  In the letter, Defendant shall state, for each individual request, why it expands Plaintiffs' discovery requests as originally propounded.  Plaintiffs shall then respond for each individual request as to why it narrows the scope of their previous requests.  The parties shall also provide copies of the original requests and the requests as rewritten.  For purposes of this letter only, the parties may go beyond the five-page limit for discovery letters, but the pages for each side must still be equal in number.

**IT IS SO ORDERED.**

Dated: April 15, 2008

MARIA-ELENA JAMES
United States Magistrate Judge

2