*E-FILED 6/11/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAUL VELIZ, et al.,                                    NO. C 03-01180 RS

            Plaintiffs,                                **ORDER**

     v.

CINTAS CORPORATION, et al.,

            Defendants .

_____/

I. INTRODUCTION

        Three matters in this action were heard by the Court on June 4, 2008: (1) the motion of

plaintiff John Liss for leave to dismiss his claims with prejudice, (2) the objections of defendant

Cintas Corporation to orders of Magistrate Judge James declining to require Liss to appear for

further deposition *if* his claims are dismissed, and (3) Cintas's motion to dismiss various named

plaintiffs on grounds that they have ceased participating in this litigation.  For the reasons set forth

below, Liss's motion to dismiss will be granted, the objections to Judge James's order will be

overruled, and the motion to dismiss non-participating plaintiffs will be granted in part and denied in

part.  Additionally, even though the discovery cut-off in this action has passed (despite the parties'

United States District Court

For the Northern District of California

1    belief to the contrary),  the Court will set a new deadline for resolving any remaining discovery

2    disputes.

3                              II.  DISCUSSION

4        A.  <u>Discovery cut-off</u>

5        There has been some uncertainty as to the status of the discovery cut-off arising, at least in

6    part, from certain inconsistencies in stipulations the parties submitted to the Court.  Originally, the

7    cut-off for fact discovery was set to occur on November 19, 2007.  See Order entered May 10, 2007

8    (Docket No. 647).  The order setting that date, however, was subsequently vacated.  See stipulated

9    Order entered November 16, 2007 at 5:9-11 (Docket No. 726).  Nevertheless, in a companion

10    stipulation to that order, the parties agreed:

11           Prior to entry of this Stipulation, the deadline had passed for
            propounding further non-expert discovery (whether written or by
12          deposition).  Accordingly, no further non-expert discovery (whether
            written or by deposition) shall be propounded.
13

14    Stipulation filed November 16, 2007 at ¶ 3 (Doc. No. 727)[1]  Somewhat confusingly, that stipulation

15    went on to provide for a  "discovery cut-off" of  January 30, 2008, "or such later date as Magistrate

16    Judge Seeborg may hereafter set."  *Id.* at ¶ 4 (g).

17        Under all the circumstances, the Court concludes as follows:  By order and by their

18    agreement, the  parties were precluding from *propounding* any further fact discovery after

19    November 16, 2007.  The fact discovery cut-off–i.e. "the date by which all responses to written

20    discovery are due and by which all depositions must be concluded" – was January 30, 2008.  See

21    Local Rule 26-2 (defining discovery cut-off).  The expert discovery cut off was February 5, 2008.

22    See Stipulation filed November 16, 2007 at ¶ 4 (f).  Although the parties' stipulation reflected this

23    Court's power to extend those deadlines, the Court was never asked to do so prior to the time they

24    expired.

25        The fact that the parties appear to be in agreement that they do not believe either cut-off to

26

27          [1]  It is unclear why the November 16th stipulation stated that the deadline had already passed

28    when the the fact discovery cut-off at that time appears to have been three days later, November 19th.

*(left margin, vertical text)* **United States District Court**   For the Northern District of California

have yet occurred does alter the effect of the prior orders.  Fact discovery is presently closed and has been since the end of January, and expert discovery has been closed since early February. Accordingly, Judge James quite rightly concluded that she need not resolve a recent discovery dispute presented to her, given Civil Local Rule 26-2.  ("no motions to compel discovery may be filed more than 7 court days after the discovery cut-off").

That said, the parties' present agreement that they never intended the discovery cut-offs to have passed will, reluctantly, be accepted as good cause for entry of the following orders:

1.  The parties' prior agreement that no further fact discovery could be propounded after the stipulation of November 16, 2007 remains in effect and enforceable.  The Court was advised at oral argument that the parties may have certain disagreements as to whether particular discovery requests fall within that deadline or not, and that Judge James may have ruled on such questions.  No such disputes, however, have presently been presented to this Court for resolution, and nothing in this order should be construed as a determination that any particular discovery request was or was not timely made, or that any subject of ongoing dispute does or does not fall within the scope of any timely request.

2.  The deadline for filing any motion to compel fact discovery is hereby extended to 20 days after the date of the filing of this order.  This deadline is imposed in lieu of that set forth in Civil Local Rule 26-2.  As such, it does not foreclose the possibility that a motion to compel could be timely made at an even later date, should additional discovery be produced by virtue of a court order or otherwise after that deadline.  Thus, for example, if a further deposition of a fact witness were held on some date later than 20 days from the date of this order, any motion to compel arising from disputes at such deposition would be timely if filed within seven court days from the date of the deposition.[2]

3. The cut-off for expert discovery shall be that set in the forthcoming case management scheduling order, and the motion deadline related thereto shall be as provided in Civil Local Rule

---

[2]  The parties have each requested the inclusion in the case management scheduling order of some reference to Judge James's ongoing jurisdiction to hear discovery disputes in this action.  The preceding discussion addresses that issue by extending the deadline for filing discovery motions and no further reference to it will be made in the scheduling order the Court intends to issue shortly.

3

United States District Court
For the Northern District of California

1    26-2.

2

3          B. Liss's motion to dismiss

4          As noted, plaintiff John Liss seeks to dismiss his claims *with prejudice.*  Cintas's opposition

5    to the motion proffers no viable reason that dismissal of Liss's claims is prejudicial to Cintas or

6    otherwise improper *per se*; rather the opposition is premised on the notion that Cintas will be

7    prejudiced if Liss is permitted to dismiss *in lieu of* appearing for a further deposition.   Accordingly,

8    the motion for leave to dismiss with prejudice is granted.

9          Cintas's request that Liss's right to dismiss be conditioned on a requirement that he appear

10   for further deposition is denied.  Cintas seeks such further deposition testimony from Liss as a means

11   to explore various apparent inconsistencies in his discovery responses, including substantive

12   corrections he made to his prior testimony.  Cintas insists it should be permitted to explore those

13   inconsistencies to determine whether there has been "potentially hundreds of fraudulent discovery

14   responses and . . . inappropriate conduct of plaintiffs' counsel" in connection with *other* plaintiffs.

15   Cintas offers persuasive argument and authority that it would be entitled to a further deposition to

16   explore Liss testimony "corrections" *if* he were intent on pursuing his claims in this action.   Cintas

17   has made no showing, however, that the further testimony it seeks to elicit has any bearing on the

18   claims and defenses remaining in this action upon Liss's dismissal.  To the contrary, Cintas

19   forthrightly concedes that it seeks the discovery as an avenue for uncovering pontential misconduct

20   by plaintiffs' counsel.

21         The Court is not persuaded that Cintas has made an adequate threshold showing at this

22   juncture to permit such "discovery about discovery."  Nor has Cintas made a compelling case that

23   any such discovery necessarily should occur in the particular context of a further deposition of Liss

24   imposed as a condition of his dismissal.   As discussed at the hearing, if Cintas has a good faith basis

25   to seek sanctions, to seek further "discovery about discovery," or otherwise to pursue the very

26   serious charges it is making against plaintiffs' counsel, nothing in this order precludes Cintas from

27   making an appropriate motion.   The dismissal of Liss, however, will not be conditioned on any

28

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   requirement at this time that he appear for a further deposition.[3]

2       C.   <u>Objections to Judge James's ruling</u>

3       A magistrate judge's ruling on a non-dispositive matter will not be set aside unless "clearly

4   erroneous or contrary to law."  Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); *McKeever*

5   *v. Block*, 932 F.2d 795, 798-99 (9th Cir. 1991).  In light of the preceding section, it should be

6   apparent that the Court perceives nothing clearly erroneous or contrary to law in Judge James's

7   ruling.

8       At the hearing, Cintas objected in particular to an observation made by Judge James in her

9   original order that Cintas could obtain the information it seeks "through other means."  Cintas argues

10  that because of the parties' agreement to propound no "new" discovery, no such "other means" exist.

11  Cintas, however, made the same argument to Judge James in its motion for reconsideration or

12  clarification, and Judge James's revised order addressed the point, noting that Cintas would have to

13  seek leave from this Court to conduct further discovery.  Although the revised order thereby

14  abandoned one of the stated rationales for the original order, that does not somehow render the

15  revised order clearly erroneous or contrary to law.  The primary effect of both the original and the

16  revised order was to put Liss to the choice of either abandoning his claims or appearing for further

17  deposition.  It was reasonable for Judge James to conclude that the matters into which Cintas wished

18  to inquire were relevant and discoverable as long as he intended to pursue claims in this action, but

19  would become collateral if he dismissed his claims.  The objections to the orders are overruled.

20      D.   <u>Motion to dismiss certain plaintiffs</u>

21      Cintas moved to dismiss 29 named plaintiffs from this action based on their failure to provide

22  long-overdue verifications to discovery responses.   In essence, Cintas, contends, these persons have

23  effectively ceased participating in the litigation, thereby justifying their dismissal on grounds of

24  failure to prosecute.

25

26          [3]  Judge James set a May 31, 2008 deadline for dismissal of Liss were he to avoid the
    obligation to appear for deposition.  Plaintiffs set the matter for hearing prior to that deadline, but
27  the Court continued the matter in light of its own calendar needs.   Form will not be elevated over
    substance; the fact that this order has not issued until now will not be a basis for requiring Liss to
28  appear for further deposition.

United States District Court

For the Northern District of California

1        By the time of the hearing four plaintiffs had provided the verifications: Scott Alan Sims,

2  John Kraska, Douglas Bradshaw, and Gary Wright.   Cintas therefore withdrew the motion as to

3  those four individuals.

4        A fifth plaintiff, Steven Vinson, still promises that his verifications will be forthcoming.

5  Despite the fact that Vinson has missed prior deadlines, he will be given one final opportunity to

6  comply.   In the event he does not provide the missing verification or verifications within 10 days of

7  the date of this order, Cintas may submit a declaration to that effect, together with a proposed order

8  of dismissal, and he will be dismissed without further hearing.

9        Five plaintiffs are willing to dismiss their claims with prejudice by stipulation:  Clinton

10  Davis, Corey Fortner, Dale Gotham, Daniel C. Smith, and Bruce Holmes.   The parties are ordered

11  to cooperate to ensure such dismissals are on file forthwith.

12        Two plaintiffs, Anthony Holmes and Bruce Lauvrak are deceased.  Their surviving spouses

13  have recently moved to be substituted in their places.  Although the Court is concerned that plaintiffs

14  did not act with reasonable diligence to bring that motion, it declines to dismiss Holmes and

15  Lauvrak, pending hearing and deciding the substitution motion.   This ruling is without prejudice to

16  Cintas's right to oppose the substitution motion, and it does not foreclose the possibility that the

17  motion will be denied and Holmes and Lauvrak dismissed at that juncture.

18        Finally, plaintiffs' counsel advises that they have been unable to contact any of remaining 17

19  plaintiffs listed below.  On that basis, plaintiffs counsel has filed a motion for leave to withdraw

20  from representing those individuals.  The Court concludes there is sufficient basis simply to dismiss

21  the following plaintiffs for their failure to participate in the litigation:

22   1.  Biddle, James
     2.  Edwards, Wayne
23   3.  Gawecki, Matt
     4.  Hatch, Erick
24   5.  Heemsoth, James R.
     6.  Hergenroeder, Alfred
25   7.  Hingst, Brian
     8.  Hunroe, Dominic W.
26   9.  Johnson, James C.
     10. Johnson, Jackie
27   11. Lineberger, Howard
     12. Olinger, Travis
28   13. Parker, Brent C.

1  14. Pennington, Seth A.
   15. Pettit, Duffy
2  16. Robinson, Michael D.
   17. Schultz, Leslie A.
3

4       Accordingly, the motion of plaintiffs' counsel to withdraw from the representation of these

5  plaintiffs is denied as moot, and the hearing date is vacated.[4]

6

7       E. <u>Appeal</u>

8       One additional matter warrants attention.  On May 29, 2008, the Ninth Circuit filed its

9  mandate in connection with two appeals that were taken in this action.   The Ninth Circuit opinion

10 appears to contemplate a further order issuing from this Court remanding certain matters to the

11 arbitrator.  Within 14 days of the date of this order, the parties shall file a joint letter brief advising

12 what action, if any, they believe should be taken on the matter, taking into account the effect, if any,

13 of limitations placed on the consents to this Court's jurisdiction by which this action was transferred

14 here.

15

16                          III. CONCLUSION

17      Liss's motion to dismiss is granted; the objections to Judge James's order are overruled; the

18 motion to dismiss non-participating plaintiffs is granted in part and denied in part, as set forth more

19 specifically above; and counsel's  motion to withdraw is denied as moot.  The parties shall comply

20 with all other provisions of this order detailed above.

21

22 IT IS SO ORDERED.

23 Dated:                                    _____

24                                           RICHARD SEEBORG
                                            United States Magistrate Judge
25

26

27  ───────────────

28      [4]  The motion to substitute in the spouses of the two deceased plaintiffs remains on calendar
    for the same date, however.

**United States District Court**
For the Northern District of California

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

ORDER
C 03-01180 RS

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2

Mary Lynne Calkins      mcalkins@csgrr.com

3

James Albert Caputo      jimc@csgrr.com

4

Mark C. Dosker      mdosker@ssd.com, aorourke@ssd.com, jmeckes@ssd.com, mfull@ssd.com, mkelly@ssd.com, mmendoza@ssd.com, sfr_docket@ssd.com

5

Vanessa H. Eisemann      veisemann@nclrights.org

6

Anna L. Endter      aendter@ssd.com, sfr_docket@ssd.com

7

Michelle Mei-Lin Full      mfull@ssd.com, llanglois@ssd.com

8

Stefanie Kim Gluckman      invalidaddress@myrealbox.com

9

Eileen Goldsmith      egoldsmith@altshulerberzon.com, byamate@altshulerberzon.com

10

Laboni Amena Hoq      lhoq@tvlegal.com, cs@tvlegal.com

11

Michael W. Kelly      mkelly@ssd.com, mfull@ssd.com, rarroyo@ssd.com

12

Scott Alan Kronland      skronland@altshulerberzon.com, jperley@altshulerberzon.com

13

William S. Lerach      e_file_sd@lerachlaw.com

14

Joseph Anthony Meckes      jmeckes@ssd.com, llanglois@ssd.com, sfr_docket@ssd.com

15

Angela N. O'Rourke      aorourke@ssd.com, sfr_docket@ssd.com

16

Steven Wayne Pepich      stevep@csgrr.com, e_file_sd@lerachlaw.com, e_file_sf@lerachlaw.com

17

Theodore J. Pintar      TedP@csgrr.com, e_file_sd@csgrr.com

18

Michael Rubin      mrubin@altshulerberzon.com, byamate@altshulerberzon.com

19

Theresa M. Traber , Esq      tmt@tvlegal.com, cs@tvlegal.com

20

21

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

22

23

**Dated: 6/11/08**                                    **Richard W. Wieking, Clerk**

24

25

                                                              **By:**          **Chambers**

26

27

28

ORDER
C 03-01180 RS