*E-FILED 7/17/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL VELIZ, et al.,<br><br>    Plaintiffs,<br>v.<br><br>CINTAS CORPORATION, et al.,<br><br>    Defendants.<br>_____ / | NO. C 03-1180 RS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE SPOUSE FOR DECEASED PLAINTIFF ANTHONY HOLMES** |

## I. INTRODUCTION

Plaintiffs Paul Veliz, et al. (collectively "plaintiffs"), move to substitute Vivian Holmes for her deceased husband pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Defendant Cintas Corporation ("Cintas") opposes the motion. Because Vivian Holmes is a proper substituted party, plaintiffs' motion to substitute decedent's spouse will be granted.

## II. BACKGROUND

Plaintiffs claim that Cintas violated the Fair Labor Standards Act ("FLSA") and the Employment Retirement Security Act of 1974 ("ERISA"), and various state laws when Cintas classified plaintiffs as exempt employees who were not entitled to overtime pay. Anthony Holmes was such an employee. Over two-hundred plaintiffs originally brought this action for overtime pay and benefits. Plaintiff Anthony Holmes, however, died on June 2, 2006, in Detroit, Michigan. Decedent died with a will, leaving all assets and property to his spouse, Vivian Holmes. Decedent's spouse wishes to continue her husband's claims against Cintas. Consequently, Vivian Holmes brings

this motion to substitute herself for her deceased husband.[1]

## III.  DISCUSSION

Plaintiffs contend that Vivian Holmes is a proper party for substitution pursuant to Rule 25(a)(1).  Rule 25(a)(1) governs the issue of substitution, and it provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished;[2] and (3) the person being substituted is a proper party.  *Id*.  If Rule 25(a)(1) is met, "[t]he substituted party steps into the same position as [the] original party."  *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

Neither party raises the issue that Vivian Holmes' motion falls outside the ninety day period in which to file a motion for substitution.  Under Rule 25(a)(1) two affirmative steps trigger the running of the ninety day period after which the motion must be dismissed: (1) "a party must formally suggest the death of the party upon the record"; and (2) "the suggesting party must serve other parties . . . with a suggestion of death in the same manner as required for service of the motion to substitute."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  Here, no formal notice or statement of death was filed with the Court regarding Anthony Holmes' death.  While no formal notices were filed, plaintiffs informed the Court that Anthony Holmes passed away in their May 7, 2008 Opposition to Motion to Dismiss for Failure to Prosecute.  Even if this constitutes a formal statement of death sufficient to trigger the time limitation under Rule 25(a)(1), plaintiffs' motion for substitution is not barred because the ninety day period in which to file a motion for substitution has not yet passed.  *See Grass Valley Terrace v. United States*, 69 Fed. Cl. 506, 509-10 (2006) (finding

---

[1] Plaintiffs also moved to substitute Shelly Lauvrak for Bruce Lauvrak, her deceased husband.  However, plaintiffs withdrew their motion with respect to Shelly Lauvrak.  By stipulation, plaintiffs dismiss Bruce Lauvrak's FLSA claim with prejudice, but reserve Shelly Lauvrak's right to assert her husband's putative claims under state law and ERISA.

[2] As there is ample case law to support it, it is uncontested that Anthony Holmes' claims did not extinguish upon his death.  *See*, *e.g.*, *Acebal v. United States*, 60 Fed. Cl. 551, 557 (2004) (holding that decedents' claims under the FLSA survive to the estate's representatives).

2

that a motion which noted one plaintiff's death in the appendix of plaintiff's reply to defendant's motion for summary judgment did not constitute a suggestion of death, and therefore did not trigger the ninety day period in which to file a motion for substitution).

The Court must now determine whether Vivian Holmes is a proper party for substitution. Rule 25(a)(1) only requires that plaintiffs provide evidence that Vivian Holmes is decedent's successor in interest or legal representative. *See Hilao*, 103. F.3d at 766 (applying Rule 25(a)(1) to the legal representatives of the deceased's estate); *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) ("It is plain . . . that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it." (footnote omitted)). Plaintiffs submitted a declaration supporting substitution and decedent's will, which demonstrate that Vivian Holmes is decedent's successor in interest in satisfaction of Rule 25(a)(1). Vivian Holmes is, therefore, the proper substituted party.[3]

### IV. CONCLUSION

Accordingly, Plaintiffs' motion to substitute decedent's spouse is granted.

IT IS SO ORDERED.

Dated: July 17, 2008

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

---

[3] Cintas' argument that Fed. R. Civ. P. 17(b) applies in conjunction with Rule 25(a)(1) is misplaced. Rule 17(b) does not apply to the substitution of parties. *Jones v. Schellenberger*, 196 F.2d 852, 854 (7th Cir. 1952). The rule deals only with the right to sue and be sued. *See id.* ("Rule 17(b) relates solely to 'capacity to Sue or Be Sued', and makes the law of the State controlling only in that respect. Conversely, the rule does not purport to make provision for the substitution of parties."). It is not likely that "the rulemakers would have treated the matter of substitution in piecemeal fashion. It is more reasonable to think that they treated the matter of 'Capacity to Sue' and that of 'Substitution' as separate and distinct. The former was covered by Rule 17(b) and the latter by Rule 25." *Id.* Rule 17(b) *only* applies when one party sues another party directly. *Tondas v. Amateur Hockey Ass'n*, 438 F. Supp. 310, 315 (W.D.N.Y. 1977). Furthermore, Rule 25(a)(1) is procedural and not controlled by local law. *Iovino v. Waterson*, 274 F.2d 41, 46 (2d Cir. 1959).

ORDER GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE SPOUSE FOR DECEASED PLAINTIFF ANTHONY HOLMES
C 03-1180 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Mary Lynne Calkins     mcalkins@csgrr.com

James Albert Caputo     jimc@csgrr.com

Mark C. Dosker     mdosker@ssd.com, aorourke@ssd.com, jmeckes@ssd.com, mfull@ssd.com, mkelly@ssd.com, mmendoza@ssd.com, sfr_docket@ssd.com

Vanessa H. Eisemann     veisemann@nclrights.org

Anna L. Endter     aendter@ssd.com, sfr_docket@ssd.com

Michelle Mei-Lin Full     mfull@ssd.com, llanglois@ssd.com

Stefanie Kim Gluckman     invalidaddress@myrealbox.com

Eileen Goldsmith     egoldsmith@altshulerberzon.com, byamate@altshulerberzon.com

Laboni Amena Hoq     lhoq@tvlegal.com, cs@tvlegal.com

Michael W. Kelly     mkelly@ssd.com, mfull@ssd.com, rarroyo@ssd.com

Scott Alan Kronland     skronland@altshulerberzon.com, jperley@altshulerberzon.com

William S. Lerach     e_file_sd@lerachlaw.com

Joseph Anthony Meckes     jmeckes@ssd.com, llanglois@ssd.com, sfr_docket@ssd.com

Angela N. O'Rourke     aorourke@ssd.com, sfr_docket@ssd.com

Steven Wayne Pepich     stevep@csgrr.com, e_file_sd@lerachlaw.com, e_file_sf@lerachlaw.com

Theodore J. Pintar     TedP@csgrr.com, e_file_sd@csgrr.com

Michael Rubin     mrubin@altshulerberzon.com, byamate@altshulerberzon.com

Theresa M. Traber , Esq     tmt@tvlegal.com, cs@tvlegal.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/17/08**                                                                                           **Richard W. Wieking, Clerk**

                                                                                            **By:** _____**Chambers**_____

ORDER GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE SPOUSE FOR DECEASED PLAINTIFF ANTHONY HOLMES
C 03-1180 RS

4