**\*E-FILED 9/2/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL VELIZ, et al., | NO. C 03-1180 RS |
| Plaintiffs, | **ORDER OVERRULING DEFENDANT'S OBJECTIONS TO ORDER REGARDING PLAINTIFFS' TIME RECORDS** |
| v. | |
| CINTAS CORPORATION, et al., | |
| Defendants. | |

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Cintas objects in part to Magistrate Judge James' July 28, 2008 Order Re: Plaintiffs' Time Records. Rule 72(a) provides that when a magistrate judge decides a pretrial matter, a party may file objections within ten days,[1] and the presiding judge must modify or set aside any part of the order that is clearly erroneous or is contrary to law. Cintas argues that the order was clearly erroneous and/or contrary to law because: (1) the order's fifth sentence, while limiting Cintas' production of documents to only thirty plaintiffs, also contains ambiguous language appearing to require production of far more; and (2) the order's sixth sentence might be interpreted to impose prospective discovery sanctions if certain subsequent events occur.

---

[1] Cintas did not comply with the ten day requirement. The magistrate judge filed her order on July 28, 2008, but Cintas did not file its objections until fourteen days later on August 11, 2008.

1

The fifth and sixth sentences of the magistrate judge's order are not clearly erroneous or contrary to law. The third, fourth, fifth, and sixth sentences must be read together. They read:

> [T]he Court ORDERS [Cintas] to produce complete time records and all documents showing modifications to those records for 30 litigating plaintiffs. Plaintiffs shall provide [Cintas] with the names of the 30 plaintiffs for whom they seek production. In addition, [Cintas] shall produce complete time records and all documents showing modifications to those records for any litigating plaintiffs that [Cintas] intends to use or could use for impeachment or any other purpose of this litigation. Thus, if [Cintas] produces no records and/or documents other than the 30 that Plaintiffs choose, it may not later use any such documents for any purpose in this case."

July 28, 2008 Order. These sentences, taken as a whole, mean that if Cintas wants to preserve the opportunity to use, for any purpose, any other time records or other documents showing modification to those time records to any other plaintiffs besides the thirty specifically permitted, it must do so now by producing comprehensive time records and documents showing modifications to those records. Finally, Cintas' argument that the magistrate judge imposed prospective sanctions by limiting the use of discovery is unfounded because under Rule 26(b), the magistrate judge has the authority to set limits and conditions on the extent of discovery. Accordingly, Cintas' objections to the July 28, 2008 Order are overruled.

IT IS SO ORDERED.

Dated: September 2, 2008

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER OVERRULING DEFENDANT'S OBJECTIONS TO ORDER REGARDING PLAINTIFFS' TIME RECORDS
C 03-1180 RS

2