# ALTSHULER BERZON LLP
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
WWW.ALTSHULERBERZON.COM

FRED H. ALTSHULER
STEPHEN P. BERZON
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
LAURA P. JURAN
SCOTT A. KRONLAND
PETER E. LECKMAN
DANIELLE E. LEONARD
STACEY M. LEYTON
LINDA LYE
PETER D. NUSSBAUM
DANIEL T. PURTELL
MICHAEL RUBIN
REBECCA SMULLIN
JENNIFER SUNG
PEDER J. THOREEN
JONATHAN WEISSGLASS

HAMILTON CANDEE
OF COUNSEL

JAMIE L. CROOK
FELLOW



September 19, 2008

The Hon. Maria-Elena James
United States District Court
Northern District of California
San Francisco Division
450 Golden Gate Avenue
Courtroom B, 15th Floor
San Francisco, CA 94102

    Re:   *Veliz, et al. v. Cintas Corporation, et al.*,
            No. C-03-01180 RS (MEJ)

Dear Magistrate Judge James:

    We write on behalf of the *Veliz* plaintiffs to request an Order requiring the parties to meet and confer over the proper construction of this Court's August 28, 2008 discovery order ("August 28 Order") in this overtime action. Defendant Cintas has stated that it disagrees with plaintiffs' understanding of that Order, but it will not say why it disagrees and it has repeatedly refused to meet and confer over that purported disagreement. To avoid the extraordinary waste of time and money that would result if the process of addressing the parties' conflicting interpretations did not even begin until after October 16, 2008 – when Cintas' discovery responses are presently due – plaintiffs request that the Court order the parties to meet and confer in person and either: 1) jointly confirm their agreement on a construction of the August 28, 2008 Order; or 2) present their dispute to this Court for resolution before more time is lost.

    On August 28, 2008, after extensive briefing and hearing, this Court issued its Order requiring defendant Cintas to respond to certain discovery (most of which concerned Cintas' affirmative defense under the Motor Carrier Act exemption to the FLSA) by October 16, 2008. That Order stated, in pertinent part:

> Based upon discussions at the [August 28] hearing, the Court ORDERS Defendant to respond to the original discovery requests as written for the 20 individuals previously designated by Plaintiffs. As to one of those individuals, Defendant shall respond in the manner requested by Plaintiffs' counsel at the August 28 hearing.

Exhibit A.

Magistrate Judge James
September 19, 2008
Page 2

On September 11, 2008, plaintiffs wrote to Cintas to confirm our understanding of what discovery Cintas would be providing pursuant to the August 28 Order, and to suggest a possible compromise. We also proposed a mechanism for selecting the "one" individual plaintiff for whom Cintas was required to "respond in the manner requested by Plaintiffs' counsel at the August 28 hearing." Exhibit B.

Cintas responded on September 12 that it accepted plaintiffs' proposal for selecting the "one" individual plaintiff. However, Cintas then stated that it disagreed with plaintiffs' understanding of the August 28, 2008 Order, but would not say why. *See* Exhibit C ("Your letter is incorrect in various ways. That notably includes, but is not limited to, the fact that various aspects of your letter are contrary to the record of the case. No productive purpose would be served presently by diverting our efforts to correct you in detail about those things.").

After plaintiffs were unsuccessful in reaching Cintas' counsel by telephone, plaintiffs responded by letter on September 15, 2008, asking Cintas to identify the basis for its disagreement and offering to meet and confer over the parties' apparently conflicting interpretations. Exhibit D. Three days later, Cintas responded by refusing either to explain its position or to meet and confer, stating in part that Cintas is "unaware of any legitimate dispute for which such a meeting is necessary or any productive purpose that could be served by it presently." Exhibit E.

Plaintiffs approach the Court with this request for a meet-and-confer order with some reluctance, knowing that the Court has previously expressed frustration with the parties' seeming inability to cooperate in resolving discovery disputes. Nonetheless, we cannot even begin to resolve this dispute without knowing what the problem is, and then talking about it. Given what Cintas has asserted would be the enormity of the efforts needed to respond to the outstanding discovery, surely it makes sense to reach agreement – or judicial resolution if necessary – of this dispute earlier rather than later. Otherwise, if Cintas' construction of the August 28, 2008 Order (whatever that construction may be) is wrong, much time and money will be wasted, and what began as a six-week time period for Cintas to respond to discovery will inevitably expand to a far longer time period, with the March 29, 2009 trial date looming ever larger.

Sincerely,

/s/   Michael Rubin
Michael Rubin
Counsel for Plaintiffs

The parties shall meet and confer in person for purposes of resolving this dispute. If unable to reach an agreement, the parties shall file a joint letter in accordance with the undersigned's discovery standing order. If the parties file a letter, they shall attach the relevant portions of the August 28, 2008 hearing transcript.

Dated: September 22, 2008



IT IS SO ORDERED
Judge Maria-Elena James
United States District Court, Northern District of California