1 | LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | THEODORE J. PINTAR (131372)
    STEVEN W. PEPICH (116086)
3 | JAMES A. CAPUTO (120485)
    LAWRENCE A. ABEL (129596)
4 | 655 West Broadway, Suite 1900
    San Diego, CA 92101
5 | Telephone: (619) 231-1058
    Fax: (619) 231-7423
6 | TedP@lerachlaw.com
    SteveP@lerachlaw.com
7 | JimC@lerachlaw.com
    -and-
8 | ALBERT H. MEYERHOFF (54134)
    9601 Wilshire Blvd., Suite 510
9 | Los Angeles, CA 90210
    Telephone: (310) 859-3100
10 | Fax: (310) 278-2148
    AIM@lerachlaw.com
11 |     -and-
    NANCY M. JUDA
12 | 1100 Connecticut Avenue, NW, Suite 730
    Washington, DC 20036
13 | Telephone: (202) 822-6762
    Fax: (202) 828-8528
14 | NancyJ@lerachlaw.com

*E-FILED 12/17/08*

15 | Attorneys for Plaintiffs

16 | [Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| PAUL VELIZ, et al., On behalf of Themselves and All Others Similarly Situated, | Case No. 03-01180 RS **[E-FILING]** |
|        Plaintiffs, | CLASS ACTION |
|    vs. | **STIPULATION AND [~~PROPOSED~~] ORDER REGARDING RELEASE OF CLAIMS ARISING FROM PREVIOUS CLASS ACTION SETTLEMENT AND ORDER THEREON** |
| CINTAS CORPORATION, an Ohio corporation; PLAN ADMINISTRATOR for the Cintas Partners' Plan; and DOES 1-25, inclusive, | |
|        Defendants. | |

1    WHEREAS, on March 19, 2003, plaintiffs filed *Veliz v. Cintas Corporation,* Case No. C-

2    03-1180-RS, in the United States District Court for the Northern District of California ("*Veliz*

3    *Action*") against defendants (collectively "Cintas"), alleging that Cintas had failed to pay all

4    overtime wages due under the FLSA and certain state laws and deprived them of certain benefits

5    protected by ERISA;

6    WHEREAS, Cintas contends that certain *Veliz* Action plaintiffs' claims are barred or

7    limited by a Class Action Settlement entered by the Los Angeles County Superior Court on

8    February 5, 2003 in the related cases *Vaca et al. v. Cintas Corp.,* Case No. BC 250459 and

9    *Barajas et al. v. Cintas Corp.,* Case No. BC 251276;

10   NOW THEREFORE, the parties, through their respective counsel of record, hereby

11   stipulate:

12   1.    The plaintiffs listed in Schedule A to this Stipulation hereby acknowledge that, by

13   virtue of the Class Action Settlement described above, they have released any and all claims,

14   known or unknown, for any failure to compensate for overtime up through and including June 1,

15   2002, under California or other state law or federal statute, ordinance, regulation, common law or

16   other source of law, whether or not such claims are in the nature of back pay, damages, penalties,

17   attorneys' fees and/or injunctive relief, whether in contract, tort, or pursuant to a statutory

18   remedy, including, but not limited to any claims that were or could have been brought for unpaid

19   wages and penalties under any of the following: (1) California Labor Code sections 1194 et seq.;

20   California Labor code sections 201 et seq.; California Labor Code Sections 500 et seq.; the

21   applicable wage orders of the California Industrial Welfare Commission; and the Fair Labor

22   Standards Act, 29 U.S.C. §201 et seq.; (2) any claims for conversion of overtime compensation or

23   pay; (3) any claims for unfair business practices (including unlawful, deceptive, or unfair business

24   practices prohibited by the California Business and Professions Code sections 17200 et seq.)

25   relating in any way to a failure to pay overtime compensation; and (4) any claims for attorney's

26   fees, costs of prosecution, and the like ("Released Claims").  The parties acknowledge that the

27   plaintiffs listed in Schedule A hereto are not seeking recovery on any of the Released Claims for

28   periods preceding June 2, 2002.

STIPULATION REGARDING RELEASE OF
CLAIMS ARISING FROM CLASS ACTION
SETTLEMENT, CASE NO. 03-01180

-1-
CASE NO. 03-01180

2.      Neither this stipulation nor the Order thereon shall constitute or imply any admission, concession or adjudication by any party regarding any claim raised in or by the *Veliz* Action.

3.      Each party shall bear its own costs, attorneys' fees, and litigation expenses related to the prosecution and/or defense of the pre-June 2, 2002 aspects of the claims brought by the plaintiffs listed on Schedule A.

4.      This stipulation may be executed in counterparts and the executed counterparts may be exchanged electronically or by facsimile, but all such counterparts taken together shall constitute but one and the same stipulation.

5.      This stipulation constitutes the entire agreement of the parties.

IT IS SO STIPULATED.

Dated:  December 17, 2008                    TRABER & VOORHEES


                                             _____/s/_____
                                             THERESA M. TRABER

                                             128 No. Fair Oaks Avenue, Suite 204
                                             Pasadena, CA 91103
                                             Telephone: (626) 585-9611
                                             Fax: (626) 577-7079

Dated:  December 17, 2008                    SQUIRE, SANDERS & DEMPSEY L.L.P.


                                             _____/s/_____
                                             JOSEPH A. MECKES

                                             One Maritime Plaza, Third Floor
                                             San Francisco, CA 94111-3482
                                             Telephone: (415) 954-0200
                                             Fax: (415) 393-9887

                                             Attorneys for Defendants


                              *  *  *
                              **ORDER**


Based upon the stipulation of the parties and for good cause shown, the Court orders that the plaintiffs listed on Schedule A hereto shall not be entitled to any relief on any of the Released

1   Claims for periods preceding June 2, 2002.  The court further orders that the parties shall bear

2   their own costs, fees and expenses with respect to any such claims.

3         IT IS SO ORDERED.

4   Dated:  December  17 , 2008         _____

5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SCHEDULE A

2

1.   Karim S. Abdella
2.   Ron Ballesteros
3.   James L. Barefield II
4.   Joel A. Christison
5.   Billy K. Forsythe
6.   Thomas G. Orgill
7.   Miguel Perez, Jr.
8.   Mark T. Pynchon
9.   Victor Ramirez
10. Gilbert Rodriguez
11. Warren R. Runyan, Jr.
12. Jose Tarango
13. Jesus Viramontes

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28