**\*E-FILED 12/30/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAUL VELIZ, et al.,

    Plaintiffs,

  v.

CINTAS CORPORATION, et al.,

    Defendants.

NO. C 03-1180 RS

**ORDER DENYING OBJECTION TO NONDISPOSITIVE PRETRIAL DECISION**

Defendants object to two orders from Judge James for allegedly deviating from her permitted jurisdiction by permitting discovery after the discovery cut off date. Pursuant to Civil Local Rule 72-2, defendants filed a motion to sustain its objections to the referral Magistrate Judge's orders compelling discovery.[1] The Court may modify or set aside any part of a Magistrate Judge's order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

At the heart of this dispute is this Court's scheduling order declaring that:

> 2. The deadline for filing any motion to compel fact discovery is hereby extended to 20 days after the date of the filing of this order. This deadline is imposed in lieu of that set forth in Civil Local Rule 26-2. As such, it does not foreclose the possibility that a motion to compel could be timely made at an even later date, should

---

[1] Concurrently filed with its motion, defendants filed a motion for *de novo* review under Civil Local Rule 72-3. The Court previously determined in its December 24, 2008 Scheduling Order that defendants' objections would proceed under Civil Local Rule 72-2 as an objection to a non-dispositive pretrial decision.

1  additional discovery be produced by virtue of a court order or otherwise after that
2  deadline.  Thus, for example, if a further deposition of a fact witness were held on
   some date later than 20 days from the date of this order, any motion to compel arising
3  from disputes at such deposition would be timely if filed within seven court days
   from the date of the deposition.

4 *Veliz v. Cintas Corp.*, No. C 03-01180 RS, 2008 WL 2397464, at *2 (N.D. Cal. June 11, 2008).

5 Subsequent to this order, Judge James' August 28, 2008 Order required defendants to serve

6 supplemental answers to interrogatories and to produce documents, with which they complied on

7 October 16, 2008.  Over a month later, plaintiffs moved to compel further responses to defendants'

8 supplemental production.

9       On December 2, 2008, Judge James issued an order granting plaintiffs' request for additional

10 briefing and ordered the parties to submit a joint letter brief regarding the remaining issues in

11 dispute.  In response, defendants submitted a letter to the Judge asking her to determine whether she

12 had jurisdiction to rule on plaintiffs' motion given the paragraph quoted above from this Court's June

13 11, 2008 Scheduling Order.  On December 3, 2008, Judge James ordered that because this Court's

14 June 11, 2008 Scheduling Order did not preclude further briefing on issues already pending before

15 it, jurisdiction was not an issue.

16       Defendants argue that this Court's June 11, 2008 Scheduling Order held that the deadline for

17 making any motion as to the sufficiency of court-ordered supplemental discovery responses was

18 seven court days after the October 16, 2008 supplemental responses were submitted.  Consequently,

19 defendants maintain that Judge James' orders were clearly erroneous because they converted a

20 discovery issue into a case management matter outside her jurisdiction.  That interpretation is

21 incorrect.

22       Civil Local Civil Rule 26-2 permits motions to compel as to outstanding discovery requests

23 to be filed up to seven days after the discovery cut off.  As noted above, the Court's June 11, 2008

24 Scheduling Order modified that rule and held that a motion to compel could be made at a later date

25 should additional discovery be produced by virtue of a *court order* after that deadline.  Judge James

26 rightly held that the June 11, 2008 order did not preclude further briefing on issues already pending

27 before her as plaintiffs sought additional responses that were produced by virtue of her August 28,

28 2008 Order.  In other words, this Court's scheduling order did not divest Judge James of jurisdiction

1   to hear any outstanding discovery requests or any other matters pending before her.

2       Even accepting defendants' arguments as to timeliness, nothing in Civil Local Rule 26-2 or
3   this Court's June 11, 2008 Scheduling Order precludes a court from granting a motion to compel
4   after the expiration of a discovery cut off.  *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No.
5   C 03-5340 JF (RS), 2006 WL 2578277, at *1 (N.D. Cal. Sept. 1, 2006).  While such an instance of
6   seeking additional discovery should be characterized more properly as "leave to conduct additional
7   discovery outside the scope of the presiding judge's order notwithstanding the original cut off," the
8   fact remains that Judge James was not outside her jurisdiction by entertaining plaintiffs' request for
9   supplemental discovery responses.  *Id.*  Accordingly, Judge James' orders were not clearly erroneous
10  and she retains jurisdiction to address this discovery dispute.

11      IT IS SO ORDERED.

13  Dated: December 30, 2008

    RICHARD SEEBORG
14      United States Magistrate Judge

ORDER DENYING OBJECTION TO NONDISPOSITIVE PRETRIAL DECISION
C 03-1180 RS

3