United States District Court
For the Northern District of California

*E-FILED 2/19/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL VELIZ, et. al., | NO. C 03-1180 RS |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT PLAINTIFFS' EXPERT REPORT AND TO COMPEL PRODUCTION OF USABLE PAYROLL RECORDS** |
| v. | |
| CINTAS CORPORATION, et. al., | |
| Defendants. | |

Pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, plaintiffs move to: (1) supplement the report of their damages expert; (2) compel the production of proper and readable payroll records; and (3) extend the expert discovery deadline. Cintas Corporation ("Cintas") opposes the motion. For the reasons stated below, plaintiffs' motion will be granted in part and denied in part.

A.   Expert Report Supplement

On March 22, 2007, Cintas produced its first set of payroll records up to March 2006, from their old payroll vendor. Beginning in April 2006, Cintas switched payroll vendors to Hewitt Associates ("Hewitt") and produced subsequent payroll information on a rolling basis every six to eight months. The most recent production in October 2008, contained complete pay information for thirty of the litigating plaintiffs. On September 17, 2007, plaintiffs' damages expert, Dr. Richard Drogin ("Drogin"), submitted his report of Cintas' pay practices based on information provided before September 2007.

1

Plaintiffs contend that the production of new payroll records since September 2007, and the reduction in the number of litigants necessitates supplementation of Drogin's report. Cintas argues that plaintiffs are barred from submitting what amounts essentially to a new expert report that fixes previous errors, because the new material comes from payroll records already in plaintiffs' possession for several months. Under Rule 26(e)(1)(A), a party must supplement an expert report if it learns that the disclosure or response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). A party may not rely on Rule 26(e)(1) as a way to remedy a deficient expert report or as a means of producing a new report. *See Talbert v. City of Chicago*, 236 F.R.D. 415, 424 (N.D. Ill. 2006) (stating that supplemental reports offering completely new expert opinions are excluded); *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (determining that supplementation does not cover an expert's inadequate or incomplete preparation); *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998) (rejecting supplemental report when expert did not examine, test, or review information for the original report).

Despite Cintas' arguments to the contrary, it has not pointed to any specific prejudice it would suffer if plaintiffs are permitted to supplement Drogin's report. New payroll records not included in the original September 2007 report came in on a rolling basis through October 2008. This new data is relevant to update plaintiffs' damages calculations. Moreover, based on the disposition of substantive motions and stipulations of dismissals, the number of plaintiffs has decreased dramatically since Drogin's initial report. This reduction in the number of litigating plaintiffs should be reflected in a new supplement. Accordingly, Drogin shall file his supplemental report within twelve days of the date of this order. Within ten days of the filing of Drogin's supplement, Cintas may conduct a further deposition to address any substantive or procedural differences from the original report.

B. <u>Payroll Records</u>

As noted above, plaintiffs allege that because Cintas' records are unusably formatted, they are unable, without a great amount of difficulty, to gather intelligible payroll records from the data as it is presented currently. Plaintiffs seek an order compelling Cintas to produce an intelligible set of payroll records for the period after April 2006 when Hewitt began producing records. A party

2

must produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(2)(E)(i). Here, from April 2006 through September 2007, Drogin included Hewitt's payroll data in his expert report that plaintiffs now claim are unusable and not kept in Cintas' ordinary course of business. Cintas represents that the material was produced as it was kept in the usual course of business, and plaintiffs present no reason to doubt Cintas' representation in that regard.[1] This portion of plaintiffs' motion, therefore, is denied.

IT IS SO ORDERED.

Dated: February 19, 2009

RICHARD SEEBORG
United States Magistrate Judge

---

[1] Cintas further argues that plaintiffs should have raised discovery issues before the discovery judge when the payroll records first were produced. In light of the ruling above, this argument is moot.

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Angela N. O'Rourke    aorourke@ssd.com, sfr_docket@ssd.com

Anna L. Endter    aendter@ssd.com, sfr_docket@ssd.com

Diane L. Gibson    digibson@ssd.com, jaguilar@ssd.com

Eileen Goldsmith    egoldsmith@altshulerberzon.com, byamate@altshulerberzon.com

Erinn Mae Contreras    econtreras@ssd.com, sfr_docket@ssd.com, tdanowski@ssd.com

James Albert Caputo    jimc@csgrr.com

Joseph Anthony Meckes    jmeckes@ssd.com, llanglois@ssd.com, sfr_docket@ssd.com

Laboni Amena Hoq    lhoq@tvlegal.com, cs@tvlegal.com

Mark C. Dosker    mdosker@ssd.com, aorourke@ssd.com, jmeckes@ssd.com, mfull@ssd.com, mkelly@ssd.com, mmendoza@ssd.com, sfr_docket@ssd.com

Mary Lynne Calkins    mcalkins@csgrr.com

Michael Rubin    mrubin@altshulerberzon.com, byamate@altshulerberzon.com

Michael W. Kelly    mkelly@ssd.com, achang@ssd.com, mfull@ssd.com, rarroyo@ssd.com

Michelle Mei-Lin Full    mfull@ssd.com, llanglois@ssd.com, njosephgoteiner@ssd.com, sfr_docket@ssd.com, ymannion@ssd.com

Scott Alan Kronland    skronland@altshulerberzon.com, jperley@altshulerberzon.com

Stefanie Kim Gluckman    invalidaddress@myrealbox.com

Steven Wayne Pepich    stevep@csgrr.com, e_file_sd@lerachlaw.com, e_file_sf@lerachlaw.com

Theodore J. Pintar    TedP@csgrr.com, e_file_sd@csgrr.com

Theresa M. Traber , Esq    tmt@tvlegal.com, cs@tvlegal.com

Vanessa H. Eisemann    veisemann@nclrights.org

William S. Lerach    e_file_sd@lerachlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 2/19/09**                              **Richard W. Wieking, Clerk**

                                                **By:        Chambers**

4