*E-Filed 4/23/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAUL VELIZ, et al.,

      Plaintiffs,

  v.

CINTAS CORPORATION, et al.,

      Defendants.

NO. C 03-1180 RS

**ORDER REGARDING MOTIONS TO STRIKE**

Both parties filed numerous motions to strike various declarations and exhibits in connection with the outstanding motions. Those evidentiary objections are addressed below as they relate to each separate motion.

A.  <u>Plaintiffs' Motion to Substitute Spouses and Cintas' Motion for Summary Judgment</u>

Cintas objects to various paragraphs in the declarations of Mrs. Michelfelder and Mrs. Lauvrak on the grounds that each contains legal conclusions. In light of the disposition in that order, the Court need not reach the question of whether these declarations contain inadmissible material.

B.  <u>Crossing State Lines Motion</u>

Cintas filed a motion to strike paragraph four of Sims' declaration claiming that it is inconsistent with his prior interrogatory responses. No such inconsistency is evident. While Sims does not expressly disclaim interstate travel post mid-2003, his discovery responses taken together

1  are consistent with the inference that after that period his route changed to one entirely within
2  Indiana.
3  C.     Vehicle Weight Motion
4         1.     Plaintiffs' Motion to Strike the Declarations of Sosnowski, Santa Cruz, Andrews,
5                Mercurio, Wolschon, Barber, and Edwards

Plaintiffs argue that portions of the seven declarations from Cintas management level employees (George Sosnowski, Sonia Santa Cruz, Greg Andrews, Dave Mercurio, Bob Wolschon, Kristy Barber, and Mike Edwards) should be stricken because they contain hearsay statements, and because the declarants lack personal knowledge. These objections are overruled for the reason that the managers either personally observed the individual plaintiffs driving their trucks on a daily basis in the course of their duties or were in a position that afforded them knowledge of the business practices at Cintas which are the subject of their testimony. *See United States v. Thompson*, 559 F.2d 552, 553-54 (9th Cir. 1977) (concluding that a witness had sufficient personal knowledge to testify about a restaurant's normal procedures for issuing receipts to customers as the restaurant manager); *see also Stuart v. Unum Life Ins. Co. of Am.*, 217 F.3d 1145, 1155 (9th Cir. 2000). Plaintiffs further argue that the declarations and various exhibits violate the best evidence rule, and as to the exhibits, lack proper authentication. These objections are overruled; the exhibits qualify as Cintas business records or public records, and the declarants properly summarized the voluminous data attached to their respective declarations.

         2.     Cintas' Motion to Strike the Hoq Declaration

Cintas moves to strike the declaration of Laboni Hoq, filed in support of plaintiffs' Rule 56(f) request, as being argumentative, speculative, and conclusory. Rule 56(f) authorizes the requesting party to submit an affidavit that presents specific reasons explaining the need for additional discovery. Fed. R. Civ. P. 56(f). This declaration states, as the predicate for plaintiffs' request for Rule 56(f) relief, that there is a pending discovery dispute before Judge James, and that plaintiffs are seeking complete discovery for all remaining plaintiffs, not just the twenty designated by Judge James' August 28, 2008 Order. The motion, therefore, is denied to the extent the declaration is

limited to a request for relief under Rule 56(f). To the extent the declaration is being submitted for any other purpose, the motion is granted.

### 3. Plaintiffs' Motion to Strike the Full Declaration

Plaintiffs object to the Full declaration, and rely on their original objections filed with the 2006 interrogatory questions and responses. Those objections claimed the questions and answers were privileged, work product, irrelevant, broad and burdensome, and vague and ambiguous. Those objections are overruled as plaintiffs answered the questions and identified what vehicles they drove and their weight.

### 4. Cintas' Motion to Strike the Gamble Declaration

Cintas objects to the Gamble declaration as ambiguous. In that declaration, Gamble stated that he drove a vehicle that weighed "10,00 [sic]" pounds. The motion is granted as there is no way to determine what actual number Gamble intended to present.

### 5. Cintas' Motion to Strike the Declarations of Andrzejewski, Ankenbruck, Crane, and Pilon

Cintas objects to the declarations of plaintiffs Andrzejewski, Ankenbruck, Crane, and Pilon, submitted to counter the declarations of Cintas' managers. Cintas moves to strike various paragraphs of plaintiffs' declarations on the basis that they have no bearing on the weight of an individual truck or contain improper opinion testimony. The declarations lack the proper foundation for stating truck weight at less than 10,001 pounds. For example, Ankenbruck states that it is his understanding his vehicle weighs less than 10,000 pounds, but does not explain how he reached this "understanding." Ankenbruck Decl., ¶ 9. The other declarations contain similar statements going to truck weight that lack proper foundation. By contrast, the declarations submitted by Cintas' managers provide the foundation for the truck weight conclusions reflected therein.

### D. Non-SSRs Motion

#### 1. Plaintiffs' Motion to Strike the Abramovich Declaration

Plaintiffs move to strike numerous paragraphs and exhibits of the Abramovich declaration for lack of foundation reflecting personal knowledge, and for improperly summarizing information. These objections are overruled because Abramovich presents a proper foundation for her personal

knowledge as the director of employment practices for Cintas, the attached exhibits are relevant as they reflect that plaintiffs were paid hourly rather than non-hourly, and Abramovich is permitted to summarize voluminous materials otherwise admissible.

### 2. Cintas' Motion to Strike the Pepich Declaration

Cintas moves to strike paragraph three and exhibit five of the Pepich declaration. This paragraph and exhibit pertain to Cervantes' declaration filed in opposition to this motion. Plaintiffs filed the Cervantes declaration on January 22, 2009, without a signature. The Pepich declaration announces that Cervantes agreed to sign it and return it later. At the February 4, 2009 hearing, plaintiffs acknowledged that they have not been able to contact Cervantes to receive a signed declaration. As of the date of this order, plaintiffs still have not submitted a signed declaration. As a result, Cintas' motion to strike is granted because the declaration remains unauthenticated.

### 3. Cintas' Motion to Strike the Declarations of Wendt and Wright

Cintas moves to strike the declarations of plaintiffs Wendt and Wright as irrelevant and ambiguous. The motion as it pertains to relevance is overruled in light of the fact that plaintiffs contend their jobs were similar to those held by SSRs. The motion as it relates to a portion of paragraph four of the Wendt declaration is granted because it is ambiguous as to time frame. In a motion where the period of time a plaintiff worked or did not work as an SSR is the central issue, generally stating a time without specificity is not adequate.

### E. Uniform SSR Motion

#### 1. Plaintiffs' Motion to Strike the Declarations of Hill, Chang, and Eaton

Plaintiffs object to the declaration of Hill at paragraphs two, twelve, thirteen, and sixteen describing the specific job duties of SSRs in the Rental Division and the ordering and delivery practices at Cintas locations. The objections are sustained as lacking foundation establishing Hill's knowledge of the business practices at various Cintas locations. Plaintiffs object to the entire Eaton declaration as irrelevant and lacking foundation. Eaton testifies to Cintas' computer system for tracking order shipments and plaintiffs' deliveries. The objection is overruled because Eaton, a project leader in the Information Technology Department, has established a proper foundation and the information is relevant. Plaintiffs object to paragraphs thirty-seven through forty of the Chang

4

declaration as irrelevant and lacking foundation.  Chang summarizes data from Cintas' Order Management System regarding new uniforms obtained for customers on the routes of six named plaintiffs.  The objection is overruled because the information is relevant to Cintas' argument regarding application of the MCA exemption and Chang establishes where he obtained the data.

### 2. Cintas' Motion to Strike the Declarations Rubin, Nam, and Goldsmith

Cintas objects to exhibits filed with the Rubin declaration as irrelevant including deposition testimony of Jason Hill, Charles Lollar, Randy Verboon, Shaun Kelley, and Rhonda Fox.  The testimony relates to items loaded onto plaintiffs' trucks and whether invoices or load sheets relate to actual deliveries by plaintiffs.  Cintas objects to the Nam declaration in its entirety, which discusses the percentage of goods in interstate commerce on plaintiffs' vehicles.  The objections are overruled because the information is relevant to plaintiffs' contention that a *de minimis* exception applies to the MCA exemption.  Cintas also objects to deposition testimony filed with the Goldsmith declaration from Michael Clayton, Dennis Fedor, Drew Fuehring, Wilfredo Huertas, Daniel Peterson, and Kelly Smith.  The testimony relates to whether plaintiffs crossed state lines as part of their job duties and the overtime hours they worked.  Cintas' objection on the basis of relevance is overruled because the testimony is relevant to plaintiffs' interstate activity and FLSA claims.

### F. Uniform/Facility SSR Motion

#### 1. Plaintiffs' Motion to Strike the Declarations of Shuster, Clarke, and Travis

Plaintiffs move to strike the declarations of Ron Shuster, Patricia Clarke, and Mary Ellen Travis in their entirety, arguing that these witnesses were not named in Cintas' Rule 26 disclosures.  These objections are overruled because Travis was identified and Clarke and Shuster are employees of third parties identified by Cintas as having relevant information.  Plaintiffs also move to strike specific portions of these declarations.  The objection based on hearsay to paragraph four and exhibit A of the Shuster declaration discussing shipments from a soap supplier to Cintas is overruled.  As an employee of the soap supplier, Shuster's testimony is based on personal knowledge.  Plaintiffs' objection to paragraph six, stating that the soap supplier understood products sold to Cintas were to be transported by SSRs, is sustained as hearsay.  Plaintiffs object to paragraph four and exhibit A of the Clarke declaration discussing air freshener orders received by Cintas.  The objection to

5

1 paragraph four is overruled, while exhibit A is excluded as lacking foundation.  The objection to
2 paragraphs five and seven of the Clarke declaration stating that her company understood air
3 freshener products were intended for further transport is sustained as hearsay.  The objection based
4 on relevance to Clarke paragraph six discussing electronic records of sales to Cintas is overruled.
5 Plaintiffs object to the Travis declaration, paragraphs five through eight, twelve, thirteen, and fifteen
6 through seventeen, as lacking foundation.  This testimony describes Travis' role with Cintas as a
7 purchasing manager and the processes used to supply buyers with soap and air freshener.  The
8 objections are overruled as Travis established a proper foundation for personal knowledge.

        2.      <u>Plaintiffs' Motion to Strike the Chang Declaration</u>

10         The Chang declaration includes information related to, among other things, plaintiffs' duties
11 and routes, evidence regarding truck weights, warehouse locations of third party suppliers, and data
12 on soap and air freshener service provided to plaintiffs' customers.  Plaintiffs move to strike
13 paragraphs four through thirteen and exhibits A and B as hearsay, lacking personal knowledge,
14 irrelevant, argumentative, and/or not proper summary evidence.  Except for paragraphs ten and
15 twelve, the objections are overruled, as Chang may summarize information where he identifies the
16 source of the materials.  The objection to paragraph ten stating that plaintiffs failed to respond to
17 certain interrogatories is sustained as argumentative.  The objection to paragraph twelve
18 summarizing the statements of another declarant is sustained, as there is no evidentiary basis for
19 Chang to summarize the testimony of other witnesses.

20         Plaintiffs also object to paragraph sixteen, summarizing records of locations from which
21 uniforms were shipped.  The objection is overruled because Chang sets forth where he obtained the
22 information.  At paragraph thirty-four, Chang makes a brief statement attempting to confirm the
23 accuracy of a table setting forth, for five named plaintiffs, the percentage of plaintiffs' customers
24 who received soap or air freshener service and the percentage of days plaintiffs visited at least one of
25 these customers.  The table is similar to that presented in paragraph thirteen involving data for ten
26 plaintiffs, which may be admitted.  The Chang statement in paragraph thirty-four, however, does not
27 describe how he obtained the information and therefore the motion to strike is granted.
28 G.     <u>Facility SSR Motion</u>

1. Plaintiffs' Motion to Strike the Chang Declaration

The Chang declaration in support of Cintas' facility SSR motion is similar to the declaration submitted in support of the uniform/facility SSR motion discussed above, but contrary to that declaration, contains a summary for specific plaintiffs targeted by each motion. Plaintiffs move to strike paragraphs four through thirteen and exhibits A and B for the same reasons as in the related declaration. As before, plaintiffs' objections are overruled, except those for paragraphs ten and twelve, which are sustained.

2. Cintas' Motion to Strike the Declarations of Vergara, Wittersheim, Olson, Abdella, and Davis

Cintas moves to strike portions of the declarations of Jesus Vergara, Timothy Wittersheim, Andrew Olson, Jarim Abdella, and Kenneth Davis. Dkt. 1448. Cintas objects to paragraphs five and six of the Vergara declaration as not relevant, speculative, and argumentative. The objections are overruled as plaintiff's testimony on the goods he delivered and hours worked is relevant. Cintas' objection to paragraph six of the Wittersheim declaration is sustained because his testimony on the difficulty of tracking mats is speculative. The objection to paragraph four of the Olson declaration stating that few customers rented logo mats from Cintas is similarly sustained as speculative. Cintas objects to paragraphs two, four, six, and nine of the Abdella declaration as irrelevant, argumentative, and speculative. In paragraph four, Abdella states he has never been an SSR, contradicting his interrogatory response. Cintas' objection is sustained. The remaining objections are overruled, because Abdella establishes the foundation for, and discusses relevant work with, Cintas. Cintas' objections to paragraphs four and seven of the Davis declaration are overruled because his statements on logo mats and direct sale items are relevant.

H. Safety SSR Motion

1. Plaintiffs' Motion to Strike the Declarations of Summe and Harper

Plaintiffs object to paragraphs four through seven of David Summe's declaration as lacking foundation establishing personal knowledge. Summe provides testimony on the practices of Cintas' First Aid and Safety Division facilities around the country, including sales, delivery, inventory, and location of vendors for defibrillators. Because Summe does not demonstrate that he has personal

7

1  knowledge of these facts, the objection is sustained. Patrice Harper's declaration at paragraphs
2  seven and nine through sixteen summarizes information including plaintiffs' routes and invoices for
3  logo items and defibrillators generated for customers on those routes. The objection is overruled
4  because Harper establishes a proper foundation and may summarize this information.

5        2.    <u>Cintas' Motion to Strike the Declarations of Lay and Atencio</u>

6  Cintas moves to strike paragraphs three, six, and nine through eleven of Sherry Lay's
7  declaration as lacking foundation and as being argumentative. It also objects to paragraphs three,
8  four, and seven through nine of Claudio Atencio's declaration as lacking foundation and as
9  speculative. In both declarations, plaintiffs discuss first aid items that they carried in their vans and
10 sold as safety SSRs. Lay discusses deliveries of defibrillators at paragraphs ten and eleven and
11 Atencio discusses delivery of defibrillators and logo items at paragraphs seven through nine. Cintas'
12 objections are overruled because plaintiffs adequately established personal knowledge to testify on
13 the subjects.

14 I.    <u>Pay Practices Motion</u>

15 Plaintiffs move to strike portions of the declarations from four Cintas managers (Gaona,
16 Griffeth, Stamey, and Wallace) alleging facts about the weight of trucks that particular plaintiffs
17 drove. Plaintiffs also move to strike paragraphs of the declarations of Rhonda Fox, Dennis Gregory,
18 Howard Look, Jr., and Karim Abdella. Because the pay practices motion is being denied, the Court
19 need not reach the question of whether these declarations contain inadmissible material.

20     IT IS SO ORDERED.

22 Dated: 4/23/09

                  RICHARD SEEBORG
23                   United States Magistrate Judge