1   SQUIRE, SANDERS & DEMPSEY L.L.P.
    Mark C. Dosker (CA Bar # 114789)
2   Diane L. Gibson (CA Bar # 114825)
    Michael W. Kelly (CA Bar # 214038)
3   Joseph A. Meckes (CA Bar # 190279)
    Angela N. O'Rourke (CA Bar #211912)
4   Andrew L. Chang (CA Bar #222309)
    Michelle M. Full (CA Bar # 240973)
5   One Maritime Plaza, Third Floor
    San Francisco, CA  94111-3492
6   Telephone:    +1.415.954.0200
    Facsimile:    +1.415.393.9887
7
    Attorneys for Defendants
8   CINTAS CORPORATION and
    PLAN ADMINISTRATOR FOR
9   THE CINTAS PARTNERS' PLAN

10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15  PAUL VELIZ, et al, On behalf of      Case No. C-03-01180 RS (MEJ)
    Themselves and All Others Similarly
16  Situated,                            **[E-FILING]**

17              Plaintiffs,              CLASS ACTION

18        vs.                            **DECLARATION OF MICHAEL W. KELLY
                                         IN SUPPORT OF CINTAS
19  CINTAS CORPORATION, an Ohio          CORPORATION'S RESPONSE TO
    corporation; PLAN ADMINISTRATOR for  PLAINTIFFS' OBJECTIONS TO
20  the Cintas Partners' Plan; and DOES 1-25, MAGISTRATE JUDGE JAMES' JULY 6,
    inclusive,                           2009 ORDER (DKT 1587)**
21
                Defendants.
22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

DECLARATION OF MICHAEL W. KELLY, CASE NO. C-03-01180 (RS)

1   I, MICHAEL W. KELLY, declare as follows:

2       I am an attorney licensed to practice before all state and federal courts located in the State

3   of California, and before various other federal appeals courts and federal district courts, and I am

4   a partner in the law firm of Squire, Sanders & Dempsey L.L.P.  I represent Cintas Corporation

5   ("Cintas") and the Plan Administrator For Cintas Partners' Plan in this action.  The matters set

6   forth below are within my personal knowledge, and if called upon as a witness, I could and would

7   testify competently thereto.

8       1.      Magistrate Judge James' July 6, 2009 Order resolved Plaintiffs' motion to compel,

9   which was filed in a joint letter brief on February 20, 2008.  The section of that joint letter brief

10  entitled "Plaintiffs' Statement" asserts that Plaintiffs "move to compel Cintas Corporation to

11  respond to discovery into the factual basis for Cintas' affirmative defense that plaintiffs are

12  exempt employees (and thus not entitled to premium pay for overtime hours worked) under the

13  Motor Carrier Act ("MCA"), 49 U.S.C. §31502."  In the February 20, 2008 joint letter brief,

14  Plaintiffs did not ask Magistrate Judge James to compel Cintas to produce any information or

15  discovery regarding the outside salesperson or administrative exemptions to the Fair Labor

16  Standards Act.  Attached hereto as Exhibit A is a true and correct copy of the public, redacted

17  version of the February 20, 2008 joint letter brief, as filed at Docket 736.

18      2.      In support of the February 20, 2008 letter brief, Plaintiffs' counsel Michael Rubin

19  submitted a declaration in which Mr. Rubin stated that Exhibit A thereto was "a true and correct

20  copy of the discovery requests at issue in this motion."  Dkt 737 at ¶ 2.  In this declaration, Mr.

21  Rubin specifically identified 40 interrogatories and 11 document requests to which Plaintiffs were

22  seeking to compel further responses (the "Original Discovery").  In a joint letter brief on April 11,

23  2008, Plaintiffs again identified the Original Discovery as "40 interrogatories and 11 RPDs."

24  Attached hereto as Exhibit B is a true and correct copy of the February 20, 2008 Declaration of

25  Michael Rubin, including only Exhibits A and B thereto, which Mr. Rubin describes as true and

26  correct copies of the Original Discovery and Cintas' responses, respectively, as filed at Docket

27  737.  Attached hereto as Exhibit C is a true and correct copy of the public, redacted version of the

28  April 11, 2008 joint letter brief, as filed at Docket 756.

3.      In responding to the Original Discovery, Cintas objected to most of it as overly broad, unduly burdensome, and/or already in Plaintiffs' possession.  Cintas further responded that much of the information Plaintiffs sought could be found in certain document repositories maintained and/or already produced by Cintas, including FileNet, COMS and CORE.  The FileNet document repository contains an exhaustive record of invoices issued to every retail customer of Cintas' Rental and First Aid & Safety divisions.  The COMS and CORE databases contain exhaustive transactional histories between Cintas' Distribution Centers and Cintas Rental locations.  Plaintiffs have never contested that both parties would be subject to the same burden in obtaining information from these documents and databases.

4.      Before Plaintiffs filed the February 20, 2008 motion to compel, as part of the parties' efforts to resolve this dispute informally, Cintas again offered Plaintiffs access to its document repositories and also offered "to provide assistance to plaintiffs in terms of learning how to search the FileNet application, to the extent plaintiffs are interested in doing so." Attached hereto as Exhibit D is a true and correct copy of the portion of the transcript of the February 6, 2008 meet-and-confer session reflecting Cintas' offer of assistance.

5.      Plaintiffs objected to Cintas' Rule 33(d) offer in its responses to the Original Discovery, contending that the FileNet archive was too difficult to use and search in its native format.  To support this position Plaintiffs have repeatedly claimed that this position was supported by the report of Cintas' expert Lee Curtis.  This, however, was not true.  Mr. Curtis' report only suggested that using the system architecture for invoices from hundreds of routes over a period of many weeks or years would be difficult.  There was no suggestion that querying for individual invoice records would present any difficulty at all – and this was precisely what Plaintiffs seemed to be demanding that Cintas do to answer the disputed interrogatories that were part of the Original Discovery.

6.      As suggested in Mr. Curtis' report, to enable the parties to query and search the entire invoice archive, Cintas converted the information contained in FileNet into a machine-searchable database and produced it to Plaintiffs.  Also, Cintas had previously produced searchable databases from the COMS and CORE systems.  Cintas initially produced to Plaintiffs

1   machine-searchable databases of information from COMS and CORE in November 2007.  Cintas

2   produced the machine-searchable database of information from FileNet in August 2008.  Later,

3   after the FileNet system had been replaced by Cintas by the so-called "OCI" system, Cintas

4   produce a similar searchable database for OCI in November 2008.

5       7.      In an effort to resolve this dispute informally, Cintas had repeatedly offered to

6   provide Plaintiffs with assistance on how to use FileNet, its successor OCI, COMS and CORE.

7   Attached hereto as Exhibit C is a true and correct copy of the public, redacted version of the April

8   11, 2008 joint letter brief, as filed at Docket 756, reflecting Cintas' offer of assistance.  Attached

9   hereto as Exhibit E is a true and correct copy of the portion of the transcript of the April 23, 2008

10  meet-and-confer session reflecting Cintas' offer of assistance.

11      8.      In September 2008, Cintas agreed to make its technology consultant available for a

12  conference call with Plaintiffs' counsel and Plaintiffs' technology consultants to discuss the

13  organization and use of the various databases that Cintas had produced.  In advance of a

14  scheduled conference call, Cintas' counsel provided Plaintiffs' counsel the database "schemas,"

15  which explain many attributes of the databases, such as the captured fields, character types used

16  and the length of the fields.  Prior to the conference call, Plaintiffs cancelled it.  Cintas offered to

17  reschedule the call, but Plaintiffs' counsel never responded nor sought to schedule any further

18  conference call.  Attached hereto as Exhibit F are true and correct copies of e-mail strings

19  reflecting communications between Plaintiffs' counsel and Cintas' counsel in September 2008, as

20  described above.

21      9.      On March 3, 2008, after reviewing Plaintiffs' February 20, 2008 motion to

22  compel, Magistrate Judge James ruled "that Plaintiffs' request is relevant yet overbroad" and

23  ordered the parties to limit the scope of the discovery and "agree upon production for twenty

24  Plaintiffs."  Attached hereto as Exhibit G is a true and correct copy of Magistrate Judge James

25  March 3, 2008 Order, as filed at Docket 742.

26      10.     Without meeting and conferring with Cintas, Plaintiffs proposed new sets of what

27  they characterized as "compromise" discovery, which actually expanded the scope of discovery

28  that Plaintiffs had moved to compel, rather than narrow it, as Magistrate Judge James had

ordered. The parties met and conferred on April 23, 2008, but Plaintiffs insisted that Cintas respond to the so-called "compromise discovery." Because Plaintiffs were unwilling to narrow the scope of discovery as ordered by Magistrate Judge James and, instead, insisted on expanding it, the parties came to an impasse. Accordingly, in July 2008, the parties submitted a 51-page joint letter brief in which Cintas explained in detail how Plaintiffs' mis-named "compromise discovery" had not narrowed, but in fact had expanded, the scope of the Original Discovery. Attached hereto as Exhibit H is a true and correct copy of the parties' July 2008 letter brief, without exhibits, as filed at Docket 878.

11.     After a hearing on August 28, 2008, Magistrate Judge James attempted to resolve the discovery dispute by ordering Cintas to provide Cintas' version of responses to the interrogatories in the Original Discovery for 20 agreed Plaintiffs and to respond to Plaintiffs' newly-proposed "compromise" discovery, excepting the Requests for Admissions, as to one of those Plaintiffs. Attached hereto as Exhibit I is a true and correct copy of the transcript of the August 28, 2008 hearing before Magistrate Judge James.

12.     On October 16, 2008, Cintas timely complied with Magistrate Judge James' August 28, 2008 Order, spending over 600 attorney hours preparing detailed responses, as to only the 20 Plaintiffs that the parties had jointly identified, covering hundreds of thousands of individual transactions. In those responses regarding the percentage of time spent by Plaintiffs in performing their job duties, Cintas noted this information is within each Plaintiff's possession, custody, and control, and stated, in pertinent part, "that the various responsibilities of SSRs . . . often overlap or vary by time, such that it is not reasonably practical to attribute specific time periods to specific job duties." Further, in response to Plaintiffs' "compromise" document requests, Cintas produced thousands of exemplars of various documents that Plaintiffs had requested.

13.     Plaintiffs then claimed that Cintas had failed to comply with Magistrate Judge James' August 28, 2008 Order, in part by claiming that Cintas had failed to respond appropriately. Specifically, in a November 3, 2008 e-mail, Plaintiffs' counsel claimed that Cintas was obligated to respond to 50 interrogatories and 16 document requests, which included 10

1   interrogatories and five document requests that were not part of the 40 interrogatories and 11

2   document requests comprising the Original Discovery as to which they had previously moved to

3   compel.  Attached hereto as Exhibit J is a true and correct copy of Plaintiffs' counsel's November

4   3, 2008 e-mail to Cintas' counsel.

5        14.    When Cintas pointed out that Plaintiffs were again attempting to expand the scope

6   of the discovery that was the subject of this dispute, Plaintiffs claimed that they had properly

7   expanded the scope of the discovery dispute by mentioning those requests as a basis of their

8   "compromise discovery" in the parties July 2008 joint letter.  Contrary to Plaintiffs' stated

9   position, seven of the ten interrogatories Plaintiffs were alleging Cintas had not answered were

10  neither part of the Original Discovery nor even mentioned in the July 2008 letter brief.  Attached

11  hereto as Exhibit K is a true and correct copy of certain portions of the transcript of the November

12  4, 2008 meet-and-confer session reflecting Cintas' discussion of Plaintiffs' newly-added

13  discovery requests.

14       15.    On December 12, 2008, the parties submitted a joint letter brief to Magistrate

15  Judge James.   See Dkt 1088.  Although Plaintiffs told Magistrate Judge James that this motion

16  was nothing more than a "motion to compel compliance" with the August 2008 Order (Dkt 1065),

17  they demanded that Magistrate Judge James order Cintas to answer untimely, new Requests for

18  Admission, and to provide responses as to all Plaintiffs, not just the 20 Plaintiffs that Magistrate

19  Judge James had ordered on March 3, 2008.  Plaintiffs also continued to assert that Cintas had

20  failed to respond to many discovery requests that were not part of the Original Discovery.  These

21  include Wendt Interrogatory Nos. 7, 8, and 14 and Request Nos. 8-11, 19 and 20 from Plaintiffs'

22  fourth set of document requests.  Attached hereto as Exhibit L is a true and correct copy of the

23  public, redacted version of the December 12, 2008 joint letter, without exhibits, as filed at Docket

24  1088.  Attached hereto as Exhibit M is a true and correct copy of Plaintiffs' November 26, 2008

25  letter brief, as filed at Docket 1065.

26       16.    During a January 22, 2009 hearing, Magistrate Judge James ordered the parties to

27  meet and confer to determine whether they could stipulate to any facts that would resolve the

28  pending discovery dispute.  Attached hereto as Exhibit N is a true and correct copy of the

1    transcript of the January 22, 2009 hearing.  Plaintiffs and Cintas each exchanged proposed

2    stipulations, which were rejected by the other.

3           17.    On February 10, 2009, the Court ordered the parties to meet and confer in

4    Magistrate Judge James' courtroom regarding the proposed stipulations.  The parties were not

5    able to agree on proposed stipulations during that March 31, 2009 meet-and-confer session and on

6    April 6, 2009, the parties submitted their respective positions on these proposed stipulations to

7    Magistrate Judge James.  During the meet-and-confer session, Plaintiffs informed Cintas that the

8    only way for Cintas to resolve this dispute was for Cintas to stipulate not to assert its defenses.

9    Attached hereto as Exhibit O is a true and correct copy of portions of the transcript of the March

10   31, 2009 meet-and-confer session, which provides an example of Plaintiffs' position regarding

11   their proposed stipulations.

12          18.    After this Court entered its April 23, 2009 rulings on various summary judgment

13   motions, Plaintiffs unilaterally submitted a letter brief to Magistrate Judge James setting forth

14   Plaintiffs' arguments arising from this Court's orders and their purported effect on Magistrate

15   Judge James' possible rulings on the discovery dispute.  Dkt 1568.  The next day, Cintas filed its

16   response to Plaintiff's letter brief.  Dkt 1569.  On April 28, 2009, Magistrate Judge James rejected

17   the parties' submissions for non-compliance with Magistrate Judge James' standing discovery

18   order as to format of submissions, and ordered the parties to meet and confer regarding the effect

19   of this Court's April 23, 2009 rulings on the parties' proposed stipulations and any revised

20   stipulations.  Dkt 1570.

21          19.    The "stipulations" Plaintiffs proposed after Magistrate Judge James' April 28,

22   2009 Order essentially would have required Cintas to abandon completely the MCA defense or to

23   identify by names those Plaintiffs as to whom Cintas would not assert the MCA defense or as to

24   whom Cintas did not have certain types of documentary evidence.  Attached hereto as Exhibit P is

25   a true and correct copy of the parties' June 29, 2009 joint letter brief informing Magistrate Judge

26   James that the parties had been unable to agree on any stipulations to resolve this discovery

27   dispute, as filed at Docket 1583, which reflects Plaintiffs' proposed "stipulations."

28

20.     On July 6, 2009, Magistrate Judge James entered the Order that is the subject of Plaintiffs' objections.  Attached hereto as Exhibit Q is a true and correct copy of the July 6, 2009 Order, as filed at Docket 1587.  Cintas timely complied with the July 6, 2009 Order by serving a 41-page detailed set of instructions and examples, with accompanying detailed attachments, on July 27, 2009.

21.     In March 2009, Plaintiffs' designated alleged expert, Richard Drogin, submitted a revised declaration estimating, among other things, Plaintiffs' alleged damages pursuant to Plaintiffs' FLSA claim, ranging from approximately $1.1 to $1.3 million.  Attached hereto as Exhibit R is a true and correct copy of Richard Drogin's March 2009 declaration and estimate of damages, excluding appendices.

22.     Cintas has consistently objected that the burden imposed by responding to the Original Discovery in the manner demanded by Plaintiffs outweighed its probative value in this matter.   For example, Plaintiffs insist Cintas must undertake to prove individually tens or hundreds of millions of individual transactions.  Given Cintas' experience in providing this information for 20 Plaintiffs, it appears that responding in the manner requested by Plaintiffs could only be done at a cost that would exceed Plaintiffs' own estimate of damages in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at San Francisco, California on August 5, 2009.


                                    _____/s/_____
                                    MICHAEL W. KELLY