*E-Filed 12/8/10*

1  MICHAEL RUBIN (SBN 80618)
   EILEEN B. GOLDSMITH (SBN 218029)
2  Altshuler Berzon LLP
   177 Post Street, Suite 300
3  San Francisco, CA 94108
   Telephone: (415) 421-7151
4  Facsimile: (415) 362-8064
   mrubin@altshulerberzon.com
5  egoldsmith@altshulerberzon.com

6  Theodor J. Pintar (S.B. No. 131372)      Theresa M. Traber (S.B. No. 116305)
   Steven W. Pepich (S.B. No. 116086)       Laboni Hoq (S.B. No. 224140)
7  James A. Caputo (S.B. No. 120485)        TRABER & VOORHEES
   Lawrence A. Abel (S.B. No. 129596)       128 N. Fair Oaks Avenue
8  ROBBINS GELLER RUDMAN & DOWD LLP         Pasadena, California 91103
   655 West Broadway, Suite 1900            (626) 585-9611 – Office
9  San Diego, CA 92101                      (626) 585-1400 – Fax
   (619) 231-1058 – Office                  tmt@tvlegal.com
10 (619) 231-7423 – Fax                     lhoq@tvlegal.com
   tedp@rgrdlaw.com
11 stevep@rgrdlaw.com
   jimc@rgrdlaw.com
12 larrya@rgrdlaw.com

13 (Additional counsel on following page)

14 Attorneys for Plaintiffs PAUL VELIZ, et al.

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17 ┌─────────────────────────────────────┐
   PAUL VELIZ, et al.,                   )  Case No.: C:03-cv-1180 RS
18                                       )
                 Plaintiffs,             )  RS
19                                       )  [PROPOSED] ORDER: (1)
         vs.                             )  PROVISIONALLY CERTIFYING
20                                       )  CLASS AND COLLECTIVE ACTION;
                                         )  (2) GRANTING PRELIMINARY
   CINTAS CORPORATION, et al.,           )  APPROVAL OF CLASS ACTION
21           Defendants.                 )  SETTLEMENT; (3) APPROVING
                                         )  CLASS NOTICE AND MANNER OF
22                                       )  DISTRIBUTION; AND (4) SETTING
                                         )  FINAL SETTLEMENT HEARING
23                                       )
                                         )
24                                       )  Date : December 8, 2010
                                            Time : 1:30 P.M.
25                                          Courtroom 3, 17th Floor

26 └─────────────────────────────────────┘

27

28

| | |
|---|---|
| 1 | Nancy Juda, Esq.<br>ROBBINS GELLER RUDMAN & DOWD LLP |
| 2 | 1100 Connecticut Ave., N.W., Suite 730<br>Washington, D.C. 20036 |
| 3 | (202) 822-2024 – Office<br>(202) 828-8528 – Fax |
| 4 | nancyj@rgrdlaw.com |
| 5 | Attorneys for Plaintiffs PAUL VELIZ, *et al.* |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**INTRODUCTION**

Plaintiffs have made an unopposed application pursuant to Fed. R. Civ. P. 23(e) for an order preliminarily approving the settlement of this action pursuant to the Settlement Agreement dated *November 3*, 2010 (the "Agreement"), which, together with the exhibits appended thereto, sets forth the proposed terms and conditions for settlement of the action. The Court has read and carefully considered the Agreement and the exhibits appended thereto, which are attached hereto as Exhibit A. Accordingly, IT IS HEREBY ORDERED:

**DEFINITIONS**

1. This Order incorporates by reference the Definitions contained in the Agreement, and all terms used in this Order shall have the same meaning as set forth in the Agreement.

2. "Days" as used herein shall refer to calendar days unless otherwise specified.

3. "Preliminary Approval" as used herein shall refer to the date of this Order or to the date of the Order Granting Preliminary Approval of the Settlement in the *Veliz* Arbitration, whichever is later.

**CONDITIONAL CERTIFICATION OF CLASSES AND COLLECTIVE ACTION**

4. Plaintiffs' Motion for Conditional Class and Collective Action Certification is GRANTED.

5. Pursuant to 29 U.S.C. §216(b), a collective action may be maintained by an employee or employees on behalf of others who are "similarly situated." The Court finds and concludes that named plaintiffs are "similarly situated" to the other FLSA Plaintiffs, and on that basis conditionally certifies the FLSA collective action for purposes of settlement only.

6. Pursuant to Fed. R. Civ. P. 23, the Court conditionally certifies the following classes for purposes of settlement only:

   a. A nationwide ERISA settlement class consisting of all persons employed by Cintas as Route Drivers at any time from March 19, 2000 through and including August 22, 2010, who were participants in or who were entitled to participate in the Cintas Partners' Plan.

   b. An FLSA settlement class consisting of all plaintiffs who filed FLSA Consent-to-Sue forms in the FLSA collective action, and (a) whose claims are currently pending in the *Veliz*

Litigation; (b) who were dismissed from the *Veliz* litigation by reason of certain orders of the Court that remain subject to appeal; or (c) who filed FLSA Consent-to-Sue forms and whose FLSA claims were determined by the Court to be arbitrable.

c.  State Law Subclasses consisting of all persons employed by Cintas as Route Drivers in the following states from and through and including the dates shown, to the extent such persons in the following states were not, or arguably were not, a party to a binding arbitration agreement with Cintas:

| State | State Law Class Period |
|---|---|
| California | from March 19, 1999 through August 22, 2010 |
| Colorado | from May 26, 2000 through August 22, 2010 |
| Connecticut | from May 26, 2001 through August 22, 2010 |
| Illinois | from March 19, 2000 through August 22, 2010 |
| Indiana | from May 26, 2000 through August 22, 2010 |
| Kansas | from May 4, 2001 through August 22, 2010 |
| Kentucky | from May 4, 1999 through August 22, 2010 |
| Maine | from May 4, 1998 through August 22, 2010 |
| Maryland | from April 20, 2001 through August 22, 2010 |
| Massachusetts | from May 4, 2002 through August 22, 2010 |
| Minnesota | from May 4, 2001 through August 22, 2010 |
| Missouri | from May 26, 2001 through August 22, 2010 |
| New Jersey | from March 19, 2001 through August 22, 2010 |
| New Mexico | from May 4, 2003 through August 22, 2010 |
| New York | from May 26, 1997 through August 22, 2010 |
| Ohio | from May 4, 2002 through August 22, 2010 |
| Oregon | from May 4, 2002 through August 22, 2010 |
| Pennsylvania | from May 4, 2001 through August 22, 2010 |

| State | State Law Class Period |
|---|---|
| Washington | from May 4, 2001 through August 22, 2010 |
| West Virginia | from August 23, 2000 through August 22, 2010 |
| Wisconsin | from May 4, 2002 through August 22, 2010 |

7. In so certifying the ERISA Class, FLSA Class, and State Law Subclasses in the *Veliz* Litigation, the Court finds and concludes as follows. Each of the settlement classes is sufficiently numerous (estimated from 40 persons to 15,000-20,000 persons) that joinder would be impractical. The members of the settlement classes share common questions of law and fact, including: (1) whether Cintas has had a policy of improperly classifying class members as exempt employees for purposes of the FLSA and/or state wage and hour laws of the State Law Subclasses; (2) whether, if Cintas improperly classified class members as exempt, it did so knowingly, recklessly, or willfully; (3) whether Cintas' policies and conduct in classifying class members as exempt from overtime pay and its failure to compensate class members for overtime pay for which they are entitled violated the FLSA, the state wage and hour laws applicable to the State Law Subclasses and/or ERISA; (4) whether Cintas failed to credit Route Drivers for all overtime hours worked in connection with their participation in the Cintas Partners' Plan; (5) whether Cintas regularly failed to pay all overtime compensation due to Route Drivers who worked more than 40 hours in a week; and (6) whether Cintas failed to provide paid meal and rest periods within the meaning of the laws applicable to certain of the State Law Subclasses. Plaintiffs and their counsel will fairly and adequately represent the interests of absent class members. A class action is superior to other methods of adjudicating the present controversy.

8. Because certification of the classes is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

9. The following named plaintiffs are hereby appointed as Class Representatives of the ERISA Class and Collective Action Representatives of FLSA Plaintiffs in the *Veliz* Litigation:

Michael Brown, Michael Clayton, Dennis Fedor, Drew Fuehring, Wilfredo Huertas, Daniel Peterson, Derrick Samuels, and Kelly Smith. The following are hereby appointed as Class Representatives of their respective State Law Subclasses: Paul Veliz (California), Carl Russell (California), David Anderson (California), Tom Jaramillo (Colorado), Barbara Cowles (Connecticut), Tade Wasmer (Illinois), Mark Anthony Feagin (Kansas), William Hehr II (Kentucky), R. Patrick Durkin (Massachusetts), Aaron Collins (Maryland), Randall Bowles (Maine), Jason Koste (Minnesota), Drew Fuehring (Missouri), Fred Migdol (New Jersey), Edward P. Garcia (New Mexico), Ronald Gardner (New York), Anthony Edwards (Ohio), Colby Jackson (Oregon), Brian Gilbert (Pennsylvania), Doug Choate (Washington), Paul Kushner (West Virginia), Robert DeGroot (Wisconsin), John Cruz (Indiana), Edward Evans (Kansas), Timothy Coleman (Maryland), Thomas Dollhopf (Wisconsin), Sean Eaton (Wisconsin), and Brian Gamble (Indiana). The Court finds and concludes that there is a commonality of interest between the named plaintiffs and the members of their respective settlement classes; and that the named plaintiffs' claims are typical of the claims of absent members of their respective settlement classes.

10.     Pursuant to Fed. R. Civ. P. 23(g), the Court finds and concludes that plaintiffs' law firms of Robbins Geller Rudman & Dowd LLP, Altshuler Berzon LLP, and Traber & Voorhees, separately and collectively, have extensive experience and expertise in litigating complex employment class and collective actions. Because these law firms and each of them meet all of the standards set forth in Rule 23(g)(1)(A), these law firms are hereby appointed settlement class counsel. Plaintiffs' law firms are also appointed counsel for the FLSA plaintiffs in the collective action.

11.     The Court hereby conditionally certifies, for purposes of settlement, the ERISA class pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(2). The Court hereby conditionally certifies, for purposes of settlement, the State Law Subclasses pursuant to Fed. R. Civ. P. 23(b)(3) and the FLSA Class pursuant to 29 U.S.C. §216(b) and Fed. R. Civ. P. 23(b)(3).

**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

12. This Court has reviewed the Settlement, finds that the proposed Settlement is within the range of possible settlement approval, and hereby GRANTS plaintiffs' Motion for Preliminary Approval of the Settlement.

13. No later than 10 business days after Preliminary Approval, Cintas shall deposit the Settlement Amount ($22,750,000.00) into an interest-bearing escrow account established by the Claims Administrator.

**DATE AND TIME SET FOR FINAL SETTLEMENT APPROVAL HEARING**

14. The Court hereby sets a hearing ("Final Settlement Hearing") to take place on June 3, 2011, at 2:30 a.m., in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Division, to be held at the same time as the Final Settlement Hearing to be held by Arbitrator Meyerson in the *Veliz* Arbitration.

15. At the Final Settlement Hearing, the Court will consider whether to give final approval to the settlement as fair, reasonable, and adequate to Settling Plaintiffs; whether to enter final judgment in this case that adjudicates the rights of all Settling Plaintiffs; whether to approve enhancement payments as set forth in the Agreement; whether to award attorneys' fees and costs to Plaintiffs' Attorneys, and if so, in what amount (not to exceed $6,000,000.00 in fees and $720,000.00 in costs); and any other such matters as the Court should deem necessary.

16. The Final Settlement Hearing may be postponed, adjourned, or continued by order of this Court without further notice to the class beyond that which is provided for below.

**APPOINTMENT OF THE CLAIMS ADMINISTRATOR**

17. Dahl, Inc. is appointed as the Claims Administrator subject to the terms and conditions of the parties' Agreement, and shall perform all duties and responsibilities of the Claims Administrator as set forth in that Agreement.

**APPROVAL OF CLASS NOTICE AND SETTING OF DEADLINES**

18. The Court finds that the proposed Original Notice, attached as Exhibit C to the Agreement, fairly and adequately describes the terms of the Agreement to class members.

19. The Court approves the Original Notice. Specifically, the Court is satisfied that the Original Notice describes: the nature of the litigation; the scope of the settlement classes; the terms of the proposed settlement; the claims procedure; the scope and effect of the release of claims; the enhancement payments; Plaintiffs' Attorneys' proposed fee and cost application; the process by which Settling Plaintiffs may opt out of and/or object to the Settlement, if any of them so choose; and the date, time and location of the Final Settlement Hearing.

20. The Court finds that the Original Notice fulfills the class action notice requirements of neutrality, completeness, and fairness.

21. The Court finds that the Class Notice and proposed distribution of such Notice by first-class U.S. mail to the most recent mailing address of each Settling Plaintiff in Cintas' payroll databases, or any more recent address obtained by Plaintiffs' Attorneys or the Claim Administrator, satisfies the requirements of Fed. R. Civ. P. 23(e)(1) and due process. The Court also finds that this method of Notice distribution provides the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to such Notice.

22. No later than 10 business days after Preliminary Approval, Cintas shall provide to the Claims Administrator a list of all Settling Plaintiffs, including each plaintiff's name, last known address, social security number, the first date during the Relevant Limitations Period, if any, that the person was a Route Driver, and the last date, if any, during the Relevant Limitations Period, if any, that the person was a Route Driver, and the state or states where the person was so employed, all as reflected in Cintas' payroll databases. Cintas shall also provide a verified statement that the information was gathered by persons in the employ of Cintas or designated by Cintas to act on its behalf and that the information provided correctly reflects what is in Cintas' payroll databases.

23. At the same time that Cintas provides the list of Settling Plaintiffs to the Claims Administrator, Cintas shall also provide a list of Settling Plaintiffs and their last known mailing addresses to Steve Pepich of Robbins Geller Rudman & Dowd LLP. This list shall be identical to the list provided to the Claims Administrator, except that it shall omit the Settling Plaintiffs' social security numbers. Cintas may, at its option, provide this information in a secure, copy-

protected format. Regardless of the format in which this information is provided, Mr. Pepich and Robbins Geller Rudman & Dowd LLP will treat such information as Highly Confidential – Attorneys' Eyes Only Information under the Stipulated Protective Order re Confidentiality entered in the *Veliz* Litigation. Mr. Pepich and Robbins Geller Rudman & Dowd LLP shall not disclose this information to anyone outside of Robbins Geller Rudman & Dowd LLP or anyone within that law firm who does not have a legitimate need for it in performing the terms of the Settlement Agreement, and will take all necessary steps to ensure that the information is kept secure. Any person other than Mr. Pepich who gains access to such information shall comply with the Stipulated Protective Order re Confidentiality entered in the *Veliz* Litigation.

24. No later than 10 business days after Preliminary Approval, the Parties shall provide the Claims Administrator with electronic tables replicating those Exhibits to the Agreement that contain lists of individuals which will be used by the Claims Administrator in carrying out its duties. Plaintiffs' Attorneys shall provide to the Claims Administrator any Settling Plaintiffs' addresses known to them.

25. No later than 30 days after Preliminary Approval, the Claims Administrator shall mail the Original Notice, Proof of Claim Form (Ex. D to the Settlement Agreement), and Request to Opt Out Form (Ex. E to the Settlement Agreement) (hereinafter referred to collectively as the "Notice Packet") to each Settling Plaintiff according to the procedures as set forth in paragraphs 87-91 of the Agreement. The Claims Administrator shall forward any Notice Packet returned as undeliverable to the Settling Plaintiff addressee if the Claims Administrator obtains further address information for that class member, pursuant to paragraph 90 of the Agreement. Any Notice Packet that has been mailed and is not returned to the Claims Administrator as undeliverable shall be deemed mailed and received by the Settling Plaintiff to whom it was addressed.

26. Any person may request a Proof of Claim, even if he or she is not on the list of Settling Plaintiffs provided by Cintas. The Claims Administrator shall send any such person a Notice Packet by first class mail. The Claims Administrator shall process any unsolicited Proofs of Claim in accordance with paragraph 101 of the Agreement.

1  27.  Settling Plaintiffs shall have 90 days from the date of mailing of the Original Notice as set forth in paragraph 26 this Order to submit an executed Proof of Claim Form or Request to Opt-Out Form to the Claims Administrator. The Claims Administrator shall provide the Parties' counsel with copies of any validly executed Request to Opt Out forms within 10 days of the Claims Administrator's receipt of such forms. No later than 7 days after the close of the Claims Period, the Claims Administrator shall provide the Parties' counsel with a complete and accurate list of all Settling Plaintiffs who have timely requested to opt out of the Settlement.

28.  Pursuant to Fed. R. Civ. P. 23(c)(2)(B), any class member may exclude himself from the Settlement. The Court finds that a 90-day period for submitting an executed Request to Opt Out Form following the mailing of the Original Notice pursuant to paragraph 26 of this Order fulfills due process requirements and the requirements of Rule 23(c)(2)(B). Any class member who timely submits a validly executed Request to Opt Out Form shall be barred from participating in the Settlement and shall not receive any payment. Any class member who does not timely submit a validly executed Request to Opt Out Form shall be bound by all terms of the Settlement and any Judgment entered in this Litigation if the Settlement is approved by the Court, regardless of whether he or she objected to the Settlement.

29.  The Court finds that a 90-day period for filing and service of any written objections to the settlement following the initial mailing of the Notice fulfills due process requirements and the requirements of Fed. R. Civ. P. 23(e)(5). Any class member may appear and be heard at the Final Settlement Hearing as to any reason why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered approving such settlement, or why Plaintiffs' Attorneys should not be awarded the requested attorneys' fees and costs, or why the enhancement payments should not be awarded as set forth in the Agreement. However, no Settling Plaintiff shall be entitled to object to the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered approving the Settlement, unless that Settling Plaintiff has filed written objections with the Clerk of the United States District Court for the Northern District of California, no later than APRIL 7, 2011 [90 days after the Notice mailing]. Any such written objections also must be

served on the following counsel for the Parties postmarked no later than April 7, 2011 [90 days after the Notice mailing]: Steven Pepich, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, and Mark C. Dosker, Squire, Sanders & Dempsey L.L.P., 275 Battery Street, Suite 2600, San Francisco, CA 94111. Any Settling Plaintiff who does not make his or her objection in the manner provided shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of the proposed settlement or to the judgment approving the settlement.

30. In accordance with the foregoing, the Court now adopts the following dates and deadlines for Notice, the Final Settlement Hearing, and related matters:

| | |
|---|---|
| Notice Packet mailed to Settling Plaintiffs | January 7, 2011 [30 days after Preliminary Approval] |
| Proof of Claim/Opt Out/Objection Deadline: Last day for Class Members to submit a Proof of Claim Form, Request to Opt Out Form, or object to the Settlement | April 7, 2011 [90 days after the Notice mailing] |
| Date by which to file papers in support of final settlement approval and attorneys' fees and costs | April 29, 2011 [35 days before the Final Settlement Hearing] |
| Final Settlement Hearing | June 3, 2011 at 2:30 p.m. [45 days after Proof of Claim/Opt Out/Objection Deadline] |

**RELEASE OF CLAIMS**

31. If, at the Final Approval Hearing, this Court grants final approval to the Settlement, Settling Plaintiffs and every class member who has not submitted a valid and timely Request to Opt Out Form shall, pursuant to the Settlement, be adjudicated to have granted the release of claims as set forth in the Settlement, regardless of whether he or she has submitted a Proof of Claim Form or received any Settlement Payment or objected to the Settlement.

32. If, at the Final Approval Hearing, this Court grants final approval to the Settlement, Defendants shall, pursuant to the Settlement, be adjudicated to have granted the release of claims against Plaintiffs as set forth in the Settlement.

**STATEMENT OF CONTINUING JURISDICTION**

33. The Court retains jurisdiction to consider any and all further applications arising out of or connected to the proposed Settlement. If appropriate, the Court may approve the Settlement with such modifications as may be agreed to by the Parties without further notice to the Settling Plaintiffs.

**EFFECTIVE DATE IN CONJUNCTION WITH PARALLEL PROCEEDINGS**

34. This Order is effective on the later of the date it is issued or the date that Arbitrator Bruce Meyerson issues the order in the *Veliz* Arbitration provisionally certifying class and collective action, granting preliminary approval of class action settlement, approving class notice and manner of distribution, and setting final settlement hearing.

IT IS SO ORDERED.

Dated: 12/8/ , 2010

The Honorable Richard Seeborg
United States District Judge